CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/25/2021
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| WALTER SCOTT LAMB | )<br>)   Case No. 6:21CV00055 |
| Plaintiff, | ) |
| v. | )<br>) |
| LIBERTY UNIVERSITY, INC.,<br>a Virginia corporation, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

Walter Scott Lamb, through his attorneys, Thomas H. Roberts & Associates, P.C., alleges:

### PRELIMINARY STATEMENT

1. Plaintiff, Walter Scott Lamb, sues Liberty University, Inc. ("Defendant" or the "University") for violating Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, which prohibits educational discrimination on the basis of sex, including retaliation for engaging in protected opposition to Title IX discrimination or participating in a Title IX proceeding.

2. Defendant hired Walter Scott Lamb on or around January 2, 2018 as Vice President of Special Literary Projects. During his employment at Liberty University, Walter Scott Lamb performed his duties as Vice President of Special Literary Projects and, later, as Senior Vice President of Communications & Public Engagement with exemplary integrity and diligence. Despite Plaintiff's achievements in his role, Defendant terminated his employment in retaliation for his opposition to the University's mishandling of Title IX sexual misconduct accusations, including many allegations of sexual assaults by current and former male staff and students against

current and former female students and employees of the University, and his participation in an internal investigation conducted by outside counsel of the same.

3. On October 6, 2021, after approximately three years and nine months of service to Liberty University, Defendant summarily fired Plaintiff at the direction of the University President.

## JURISDICTION

4. This action arises under, *inter alia*, 20 U.S.C. § 1681, which prohibits educational discrimination and retaliation on the basis of sex and thus this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (relating to federal question jurisdiction) and 28 U.S.C. § 1333(a)(3) (relating to equal rights actions).

## VENUE

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the University is a Virginia corporation subject to personal jurisdiction in this District.

6. Venue is proper in the Lynchburg Division of the United States District Court for the Western District of Virginia because the conduct supporting this action occurred in this Division.

## PARTIES

7. Plaintiff is an adult man and citizen of the Commonwealth of Virginia.

8. Defendant employed Plaintiff from January 2, 2018 to October 6, 2021, during which time he served as Vice President of Special Literary Projects before being promoted to Senior Vice President of Communications & Public Engagement.

9. Upon information and belief, Defendant is a Virginia nonstock corporation.

10. Upon information and belief, Defendant's registered agent is David M. Corry. Upon information and belief, Defendant's registered agent's office is located at 1971 University Blvd., Liberty University, Lynchburg, Virginia 24515-0002.

11. Upon information and belief, Defendant receives federal financial assistance, including, but not limited to, accepting students who pay tuition, in part, with federal financial aid directly distributed to the students.

12. Defendant is a private institution of higher education, offering undergraduate degrees as well as a full slate of graduate programs.

13. Defendant is accredited by the Southern Association of Colleges and Schools Commission on Colleges.

14. Defendant is authorized to confer degrees by the Commonwealth of Virginia.

**FACTS**

15. Plaintiff was hired as Vice President of Special Literary Projects on or about January 2, 2018.

16. In or around March or April 2019, Plaintiff was promoted to Senior Vice President of Communications & Public Engagement in the newly created Office of Communications and Public Engagement.

17. Throughout his employment at Liberty University, Plaintiff reported directly to the Office of the President.

18. As Senior Vice President of Communications & Public Engagement, Plaintiff oversaw three communications outlets for the University: Liberty University News, The Standing for Freedom Center, and the student newspaper, "The Champion".

19. Plaintiff's job responsibilities included serving as spokesperson and media liaison for the University.

20. Plaintiff was also tasked with special projects on behalf of the University President such as speechwriting, ghostwriting for publications, and networking with alumni, donors, parents of students, and representatives of various nonprofit organizations.

21. As Senior Vice President of Communications & Public Engagement, Plaintiff was a member of Defendant's Senior Leadership team.

22. Plaintiff's employment was terminated on October 6, 2021.

23. Upon information and belief, at the time of Plaintiff's termination, Defendant's Executive Leadership team was composed of President Jerry Prevo, General Counsel David M. Corry, Provost, and Chief Academic Officer Dr. Scott Hicks, Online Provost Shawn D. Akers, Executive Vice President for Human Resources Laura Wallace, Executive Vice President of Strategic Partnerships and Alliances Glenn Clary, Campus Pastor Jonathan Falwell, Executive Vice President of Enrollment Management & Marketing Ron Kennedy, Director of Athletics Ian McCaw, Executive Vice President of Inclusion, Diversity, and Equity Shon Muldrow, and Chief Financial Officer Robert Ritz.

24. Upon information and belief, Jerry Falwell Jr. was President of the University at the time of Plaintiff's hire until Mr. Falwell's resignation in August 2020, following reports of sexual impropriety.

25. In the wake of Mr. Falwell's resignation, in or around August 2020, the University's Board of Trustees launched an independent investigation into various facets of University operations by engaging outside counsel.

26. According to a University press release dated August 31, 2020, Jerry Prevo had "the full range of his presidential authority to implement any changes necessary to improve the ongoing operations of the University and to enrich the spiritual mission of Liberty University, not only for

its students but also for every executive, administrator, faculty member, and the entire staff, and for a prospective new president, as well."

27. Upon information and belief, members of the University's Executive Leadership have the authority to take corrective measures on the school's behalf, including related to the implementation, execution, and enforcement of Title IX sexual harassment (including sexual violence) and sex-based discrimination policies and procedures.

28. On or about January 28, 2021, Plaintiff was contacted by Stephen Wesley Burrill, a University staff member in the Department of Strategic Analysis via his University email account to participate in an interview with the outside counsel conducting the independent investigation. University Vice President of Finance and Administration Cindy Gaebe, a member of Senior Leadership, was copied on the email.

29. In the email, Mr. Burrill stated, "The Liberty University Board of Trustees has engaged Baker Tilly to conduct a forensic investigation, and they have the carte blanche to interview employees they select."

30. Plaintiff participated in about 20-25 hours of interviews with outside counsel as part of the independent investigation over eight months.

31. Upon information and belief, members of the Executive and Senior Leadership teams knew that Plaintiff had been interviewed by outside counsel as part of the investigation.

32. On or around Monday, October 4, 2021, Plaintiff and three members of University leadership, including President Prevo, Chief Financial Officer Ritz, Vice President of Finance and Administration Gaebe, and Executive Vice President of Strategic Partnerships and Alliances Clary held a meeting.

33. President Prevo called General Counsel Corry into the meeting to provide legal counsel after a period of intense discussion.

34. During the October 4 meeting, Plaintiff expressed dismay over the direction of the University and concern that the University had strayed so far from its original mission.

35. The discussion became heated. University President Prevo threatened to terminate his employment and demanded Plaintiff's resignation.

36. Plaintiff repeatedly stated that he would not be silenced or participate in a cover up of activities within the University that Plaintiff believes contradicted the law, including, but not limited to, the University's mishandling of many well-publicized reports of sexual assault, harassment, and discrimination on campus committed by current and former male students and staff against current and former female students and staff.[1]

37. During the October 4 meeting, University President Jerry Prevo called Plaintiff a "liar." Upon information and belief, this epithet reacted to Plaintiff's vocal opposition to the University's handling of what Plaintiff believed to be corrupt practices, which included the University's failure to address Title IX violations, by the highest levels of University leadership and the Board of Trustees.

38. Plaintiff again asserted that the University needed to address the Title IX violations or, he believed, it would face a wave of allegations centered around Title IX.

39. The October 4, 2021, meeting was not the first time that Plaintiff had challenged the University's handling of sexual assault complaints on campus. Throughout his brief tenure,

---

[1] In July 2021, twelve Jane Does filed a lawsuit under Title IX against Liberty University in the U.S. District Court for the Eastern District of New York, alleging *inter alia* the University "intentionally created a campus environment where sexual assaults and rapes are foreseeably more likely to occur than they would in the absence of Liberty's policies." *Does 1-12 v. Liberty University, Inc.*, Case No. 2:21-cv-03964-JMA-ARL (E.D.N.Y. July 20, 2021) ¶ 29.

Plaintiff raised Title IX violations to many members of the Executive Leadership team, including, but not limited to, President Prevo, his predecessor Jerry Falwell, Jr., and General Counsel Corry.

40. Plaintiff was also outspoken in opposition to certain perceived violations of the University's 501(c)(3) status mandate, among other issues that caused Plaintiff to believe the University and its leadership had deviated from its religious mission.

41. The day after the Executive Leadership meeting, October 5, 2021, University General Counsel David Corry met with Plaintiff, ostensibly, to negotiate a separation agreement.

42. Upon information and belief, University President Jerry Prevo had instructed Mr. Corry to meet with Plaintiff and come to terms on his separation from employment.

43. Plaintiff believes the severance offered by the General Counsel, acting on the authority of the President, was an attempt to buy his silence.

44. Plaintiff refused the proposed terms of the separation because he would be required to resign immediately and to sign a non-disclosure agreement.

45. The next day, Plaintiff was contacted by Executive Vice President of Human Resources Laura Wallace and instructed to call.

46. Plaintiff telephoned that day Ms. Wallace and she informed him of his immediate termination.

## COUNT I

### RETALIATION IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681.

47. Plaintiff incorporates by reference paragraphs 1 through 46 as fully set forth here.

48. Title IX prohibits sex discrimination in any education program or activity receiving federal financial assistance.

49. Defendant is an educational institution subject to the prohibitions in Title IX.

50. Upon information and belief, Defendant is a private institution of higher education, operating an education program or activity.

51. Defendant is a recipient under Title IX because it receives tuition from students funded with federal financial aid directly distributed to the students.

52. Plaintiff engaged in protected activity by opposing Title IX discrimination in the form of mishandling of sexual assault and harassment complaints.

53. Plaintiff also engaged in protected activity by participating in an independent investigation by outside counsel into the University's operations and which purported to include its Title IX practices.

54. The University knew of Plaintiff's protected activity.

55. Upon information and belief, the University's Executive and Senior Leadership have authority to take corrective measures on the school's behalf for violating Title IX.

56. University officials, including, but not limited to, President Prevo and General Counsel Corry had actual notice of and were deliberately indifferent to the misconduct.

57. Plaintiff suffered an adverse employment action when the University, at the direction of President Prevo, terminated his employment.

58. Plaintiff's termination was immediately after his vocal opposition to the University's mishandling of sexual assault and harassment complaints in violation of Title IX and following his eight months of participation in the independent investigation into University practices.

59. Plaintiff was terminated for engaging in activity protected under Title IX.

60. Plaintiff has sustained damages as a result of Defendant's conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgement as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages and benefits, plus pre- and post-judgment interest;

C. Award to Plaintiff all costs and reasonable attorneys fees incurred in connection with this action;

D. Award to Plaintiff compensatory damages;

E. Award to Plaintiff punitive damages; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by jury.

Respectfully submitted,

WALTER SCOTT LAMB

By: _/s/ Thomas H. Roberts_
Counsel

Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
**THOMAS H. ROBERTS & ASSOCIATES, P.C.**
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
*Counsel for Plaintiff*