CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/17/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WALTER SCOTT LAMB,<br><br>    *Plaintiff,*<br><br>v.<br><br>LIBERTY UNIVERSITY, INC.,<br><br>    *Defendant.* | CASE NO. 6:21-CV-00055<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

   This matter is before the Court on Defendant Liberty University's motion for a preliminary injunction, Dkt. 11. The motion will be granted in part and denied in part. After hearing the evidence, the Court finds that Liberty has made the requisite showing to justify an order requiring Scott Lamb, a former Liberty University administrator, to turn over all material belonging to Liberty that is currently in his possession.

I

   On October 6, 2021, Scott Lamb was dismissed from his position as Vice President of Communications at Liberty. While employed, Lamb utilized an application that allowed for easy download of documents from Liberty servers onto his personal devices. Lamb still has access to those documents. Additionally, Lamb retains email exchanges between himself and other Liberty officials that were forwarded (by an automated process) to his personal account; recorded audio of high-level Liberty meetings; and unspecified printed documents. Liberty claims ownership over all non-public communications and iterative work product arising from Lamb's employment (hereinafter "Liberty Documents") and asks the Court to order their return.

II

   Preliminary injunctive relief is an extraordinary remedy that should "be granted only

sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal quotation marks omitted). A party seeking preliminary injunctive relief must meet a demanding standard, independently satisfying four requirements. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (clarifying that "all four requirements must be satisfied" by the party seeking a preliminary injunction). To succeed, Liberty must establish that: (1) it is likely to succeed on the merits of its legal claims; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities favors the grant of preliminary relief; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Court takes each factor in turn.

<u>Likelihood of Success on the Merits</u>

Counts IV and VI of Liberty's counterclaim state actions for conversion and detinue. Likelihood of success on the merits was conceded at the evidentiary hearing held on December 17, 2021. Both parties agree that Lamb is currently in possession of materials not belonging to him, and that the materials should be returned to Liberty.

<u>Irreparable Harm</u>

Lamb has admitted to sharing Liberty Documents with members of the media. Liberty has also offered evidence that Lamb disclosed Liberty Documents to opposing counsel in ongoing litigation against Liberty. "[G]enerally irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." *MultiChannel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994). Liberty cannot unring the bell if Lamb chooses to disseminate Liberty Documents.

<u>Balance of Equities and Public Interest</u>

If it is true that Lamb possesses documents that do not belong to him—and he admits that it is—he loses nothing by being required to turn them over. Public interest favors the protection of internal communications and iterative work-product. Universities cannot function without confidence that their internal communications, especially on sensitive issues, will be kept in confidence.

### III.

Liberty's has also asked the Court to prohibit Lamb from speaking publicly about the internal workings at Liberty. But Liberty has failed to identify a likelihood of success on the merits of any claim that would entitle it to prevent Lamb from speaking. Liberty's appeal to trade secret law and common law fiduciary duties are in effect requests for an extension of Virginia law into a new area. These causes of action relate to a particular category of confidential business information. This category contains things like customer and supplier lists and proprietary technical information and is simply not implicated here. Though Liberty offered some evidence that Lamb has in his possession certain of Liberty's trade secrets, it has not offered any evidence that Lamb is likely to disclose those documents. The Court declines, in this preliminary injunction posture, to extend Virginia law into a new context.

### IV.

Liberty's motion for a preliminary injunction, Dkt. 11, is **GRANTED in part and DENIED in part**. Lamb is hereby **ORDERED** to return all Liberty Documents to Liberty and to refrain from sharing those documents with anyone. The parties are instructed to confer on a plan to identify, separate, and return Liberty's information from Lamb's possession and are **ORDERED** to report to the Court by close of business on Monday, December 20, 2021.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 17th day of December, 2021.