## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| WALTER SCOTT LAMB, ) | |
| ) | Case No. 6:21-cv-00055 |
| Plaintiff, ) | |
| v. ) | Hon. Norman K. Moon |
| ) | |
| LIBERTY UNIVERSITY, INC., ) | |
| a Virginia corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO SUBMIT INITIAL EXPERT DISCLOSURES

Plaintiff, Walter Scott Lamb, by and through his attorneys Rhoades McKee P.C. and Thomas H. Roberts & Associates P.C., respectfully request this Court deny Defendant Liberty University's ("Liberty") baseless eleventh-hour motion for a 60-day extension of time to identify its experts.

**Background**

On November 5, 2021, this Court entered a Pretrial Order establishing the discovery schedule. (ECF No. 13.) As such, Liberty has known since that date that it was to disclose any expert it desired to retain under Federal Rule of Civil Procedure 26(a)(2)(B) 90 days from November 5 (i.e., February 3, 2022). Despite this knowledge, Liberty's counsel waited until 1:18 p.m. on Thursday, February 3, 2022, the day they were required to make their disclosures and the last day to move for an extension without a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

On that date, Liberty **demanded** the undersigned counsel respond (and consent) by 4:00 p.m. to allow Liberty an additional 60 days on top of the 90 days it already had to identify an expert. Counsel's email also threatened that the failure to respond within the 2 hour and 42 minute

window would result in Liberty misrepresenting to the Court that Lamb had no opposition to the motion. He does.

Lamb's counsel responded in the time permitted by their schedules at 5:02 p.m., stating that Lamb opposed the motion for extension of time for Liberty to disclose its experts as there was no basis for the request.

**Argument**

Rule 6(b) permits extension of time only for good cause. Fed. R. Civ. P. 6(b). Likewise, Rule 16(b)(4) states that a pretrial "schedule may be modified *only* for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Ball v. Takeda Pharms. Am., Inc.*, 963 F. Supp. 2d 497, 509 (E.D. Va. 2013) (quoting *Cook v. Howard,* 484 Fed. Appx. 805, 815 (4th Cir. 2012)); 6A Charles Alan Wright, et al., *Federal Practice and Procedure* Civ.3d § 1522.2 (3d ed.2010)).

There is no good cause here. Liberty shifts blame to Lamb, claiming that Lamb electing not to retain an expert somehow prevented Liberty from identifying its own. Not only is this claim baseless, but it is absurd. A party is not *required* to identify an expert. Plainly, Rule 26(b) only requires the disclosure of experts a party may use at trial. Fed. R. Civ. P. 26(a)(1). Lamb was free not to identify an expert. His decision has no impact on Liberty. And there were *fifteen* days between Lamb's deadline to disclose an expert (if he chose to use one) and Liberty's deadline. Yet, Liberty provides no explanation for its failure to inquire about Lamb's intention until the afternoon of its deadline, if it considered Lamb's lack of an expert an impediment.

Liberty also points to the parties' extended negotiations regarding the ESI protocol as the source of its delay.[1] But this, too, has no bearing on Liberty's ability to timely identify an expert. Indeed, Liberty has done nothing to explain the relevance of the protocol to its expert designation. Nor has Liberty suggested why the protocol would be relevant to *all experts*, even if they argued (they did not) that it is relevant to some. Liberty also seemed to have two experts waiting in the wings six weeks before the deadline. At the evidentiary hearing on December 16, Liberty called forensic evidence expert Christopher Racich of Vestigant LLC to testify. Liberty also identified Leslie Haley of Park Haley LLP as a potential witness in advance of the evidentiary hearing, ostensibly as "legal expert." Liberty never said for what purpose they intended to call her and did not identify her as any expert under Federal Rule of Evidence 702. At any rate, calling an attorney as a witness to testify as to legal standards or conclusions or other opinions is improper and invades the exclusive domain of the court, whose duty it is to interpret the law. *See e.g., Adalman v. Baker, Watts & Co.,* 807 F.2d 359, 366 (4th Cir. 1986) (finding inadmissible proffered expert opinion concerning whether, under securities laws, disclosure of a particular fact was required in the course of negotiating a transaction); *Burkhart v. Washington Metro. Area Transit Auth.,* 112 F.3d 1207, 1212–14 (D.C. Cir. 1997) (reversible error to allow an expert in police practices to opine on whether police officers' efforts in communicating with a deaf plaintiff were enough to satisfy federal disability statutes).

If Liberty was able to identify not one, but two experts in the weeks before its motion for temporary restraining order could be heard, surely it could manage to do so within the 90 day deadline set by the Court. Liberty has not shown that it acted "diligently" or that the deadlines

---

[1] It should be noted that Liberty did not provide Lamb with its keyword search terms until February 4. Also, in the time since the evidentiary hearing, Lamb has suffered the loss of his father and endured two automobile accidents. He is one individual, unlike Liberty which is a large corporate entity—undoubtedly with more than one point of contact for counsel.

3353343_2.docx

could not "reasonably be met despite the party's diligence." *Ball,* 963 F. Supp. 2d at 509 (rejecting a party's explanation for delaying expert disclosures when counsel knew about the alleged causes of the delay "but remained silent about the issues until the very day expert disclosures were due. Such silence is the antithesis of diligence.")

**Conclusion**

Liberty fails to show good cause for the extension it seeks. Instead of accepting responsibility for tracking its own deadlines, Liberty shifts blame in another example of its go-to bully tactics. If allowed, Liberty will have had ***five months*** since the Court set its deadline to disclose its experts. There is no reason for such delay. The Court should deny Liberty's baseless motion.

Dated: February 16, 2022                    Respectfully Submitted,

RHOADES MCKEE PC
By:/s/ *Ian A. Northon*
Ian A. Northon, Esq.
*Admitted Only Pro Hac Vice*
Michigan—P65082
Pennsylvania—207733
Florida—101544
55 Campau Ave., N.W., Ste. 300
Grand Rapids, MI 49503
Telephone: (616) 233-5125
ian@rhoadescmkee.com
jjolliffe@rhoadesmckee.com
mclayton@rhoadesmckee.com

and

                                      THOMAS H. ROBERTS & ASSOCIATES, P.C.
                                      By: _Andrew T. Bodoh, Esq._
                                      Thomas H. Roberts, Esq. (VSB 26014)
                                      tom.roberts@robertslaw.org
                                      Andrew T. Bodoh, Esq. (VSB 80143)
                                      andrew.bodoh@robertslaw.org
                                      105 South 1st Street
                                      Richmond, Virginia 23219
                                      Tel: 804-783-2000
                                      Fax: 804-783-2105
                                      ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2022, I presented the foregoing document(s) to the Clerk of the Court for filing and uploading to the CM/ECF system, which will provide electronic notice and copies of such filing(s) to counsel of record.

                                      /s/_Ian A. Northon_