**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| WALTER SCOTT LAMB, ) | |
| ) | Case No. 6:21-cv-00055 |
| Plaintiff, ) | |
| v. ) | Hon. Norman K. Moon |
| ) | |
| LIBERTY UNIVERSITY, INC., ) | |
| a Virginia corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF LAMB'S BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Comes now the Plaintiff Walter Scott Lamb, by counsel, and files this brief in support of his motion for leave to file a second amended complaint.

**I.      Procedural Background**

Scott Lamb filed this Title IX retaliation claim on October 25, 2021, less than five months ago. ECF Doc. 1. On November 4 and 5, 2021, Liberty University filed responsive pleadings and counterclaim. ECF Docs. 8-10. Mr. Lamb responded with an amended complaint filed on November 18, 2021. ECF Doc. 17. Liberty University filed another Rule 12(b)(6) motion, which Mr. Lamb opposed. ECF Docs 27-28, 51. Following a hearing, the Court granted the motion to dismiss the amended complaint on March 10, 2022, finding that the amended complaint fails to identify what Liberty University was doing in violation of Title IX. Trial in this matter is set in December 2022.

Mr. Lamb now moves for leave to file a second amended complaint, to address the deficiencies identified by the Court. A copy of the proposed second amended complaint is attached hereto as an exhibit. A proposed order is attached as an exhibit

1

II. **Law**

Federal Rule of Civil Procedure 15(a)(2) authorizes this Court to grant leave to amend a complaint and provides, "The court should freely give leave when justice so requires." The U.S. Supreme Court "mandates a liberal reading of the rule's direction for 'free' allowance." *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (discussing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Fourth Circuit directs the court to consider whether "the amendment would be prejudicial to the opposing party, there has been bad faith on the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *accord Z.G. v. Pamlico Cty. Pub. Sch. Bd. of Educ.*, 744 F. App'x 769, 782 (4th Cir. 2018); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Prejudice, futility, and bad faith are the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

A lack of prejudice would alone ordinarily warrant granting leave to amend. *Ward Elecs. Serv., Inc.*, 819 F.2d at 497; *Davis*, 615 F.2d at 613. Adding specificity to previous allegations generally does not cause prejudice to the opposing party. *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 195 (4th Cir. 2009); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial. *Ward Elecs. Serv., Inc.*, 819 F.2d at 497; *Davis*, 615 F.2d at 613.For this reason, a district court may not deny such a motion simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits. *Laber v. Harvey*, 438 F.3d at 426-27 (citing *Foman*, 371 U.S. at 182)

The futility analysis may consider both substantive and procedural issues, but conjecture about the merits of the litigation should not enter into the decision whether to allow amendment. *Davis*, 615 F.2d at 613 (4th Cir. 1980). Instead, the Court merely considers whether the additional information might "change[] the analysis conducted by the district court in the context." *See Steinburg*, 527 F.3d at 390-91.

### III.    Analysis

The Court dismissed the second amended complaint on the grounds that it lacked specificity concerning the Title IX violations that Mr. Lamb opposed. This deficiency would be remedied by the attached, second amended complaint. The complaint details specific ways in which Mr. Lamb believed the University was not in compliance with Title IX, practices that he advocated to change. Instead of dismissing this claim on the merits more than eight months prior to the scheduled trial, based on the perceived deficiencies of the first amended complaint, justice would require that the Court allow this second amended complaint so that the matter can be adjudicated on its merits.

There is no material prejudice to Liberty University in granting this amendment. Delay alone is not prejudice. If Liberty University will need additional time to investigate and prepare its defense, the Court can accommodate that by adjusting the schedules. Adding specifics to the amended complaint also does not prejudice Liberty University, especially when Liberty University complained of the lack of specificity.

This amendment would not be futile, because it addresses the specific concern that motivated the Court to dismiss the first amended complaint—lack of specificity concerning the perceived Title IX violations. Though Liberty University will no doubt still claim this complaint

3

is deficient, it would not be futile to allow the amendment. The additional information will change the Court's legal analysis.

There is no bad faith by Mr. Lamb in submitting this second amended complaint. He has tried to plead his claim in a manner that is both adequate and respectful Liberty University's legitimate interest. While the parties may disagree about the scope and protections Liberty University would be entitled to in connection with the allegations, Mr. Lamb has not demonstrated bad faith.

Wherefore, the Plaintiff respectfully requests this Court to grant him leave to file the attached, second amended complaint, and all such further and additional relief as may be appropriate.

        Respectfully Submitted,

        Dated: March 22, 2022

        THOMAS H. ROBERTS & ASSOCIATES, P.C.
        By: /s/ Andrew T. Bodoh, Esq.
        Thomas H. Roberts, Esq. (VSB 26014)
        tom.roberts@robertslaw.org
        Andrew T. Bodoh, Esq. (VSB 80143)
        andrew.bodoh@robertslaw.org
        105 South 1st Street
        Richmond, Virginia 23219
        Tel: 804-783-2000
        Fax: 804-783-2105

        Ian A. Northon, Esq.
        Michigan—P65082
        Pennsylvania—207733
        Florida—101544
        Admitted Only Pro Hac Vice
        E. Meaghan Clayton
        Admitted Only Pro Hac Vice
        Michigan Bar No. P85409
        Rhoades McKee PC

        55 Campau Ave., N.W., Ste. 300
        Grand Rapids, MI 49503
        Telephone: (616) 233-5125
        ian@rhoadescmkee.com
        jjolliffe@rhoadesmckee.com
        mclayton@rhoadesmckee.com
        Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, I electronically filed the foregoing document using the CM/ECF system, which will provide electronic notice and copies of such filing(s) to counsel of record.

        THOMAS H. ROBERTS & ASSOCIATES, P.C.
        By: /s/ Andrew T. Bodoh, Esq.
        Thomas H. Roberts, Esq. (VSB 26014)
        tom.roberts@robertslaw.org
        Andrew T. Bodoh, Esq. (VSB 80143)
        andrew.bodoh@robertslaw.org
        105 South 1st Street
        Richmond, Virginia 23219
        Tel: 804-783-2000 / Fax: 804-783-2105
        ATTORNEYS FOR PLAINTIFF