UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

WALTER SCOTT LAMB,
    Plaintiff/Counterclaim Defendant,

v.    Case No. 6:21-cv-00055

LIBERTY UNIVERSITY, INC.,
    Defendant/Counterclaim Plaintiff.

JOINT STATEMENT OF DISCOVERY ISSUES

    This dispute concerning discovery issues in the above case arises from Mr. Lamb's discovery request, served on April 1, 2022. Liberty University's served responses and objections on May 2, 2022. Mr. Lamb's counsel objected to the insufficiency of the responses and the objections by email letter on May 5. Liberty University responded by email letter on June 2. The parties met and conferred by teleconference on June 3. A copy of the requests and the relevant responses are attached, as are the parties' respective meet and confer letters.

    The four-day trial in this case is scheduled to begin December 5, 2022. Discovery is to conclude by September 6.

    I.    Issue 1 – Privilege Log

    Liberty has asserted attorney-client and/or work-product privileged in response to Requests for Production 2, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 19, 23 and 24, and Interrogatories 1, 2, 5, 6, 8, 9, 10, 11, and 14. Liberty declines to produce a privilege log under Rule 26(b)(5) prior to the completion of its document production, even though it has agreed to produce records on a rolling basis. It expects document production to conclude by July 15, 2022. Lamb objects to withholding the privilege log until July 15, as the privilege issues are likely to require court rulings in advance of depositions, which will likely delay the close of discovery and trial. Lamb proposes production of the privilege log on a rolling basis. In re Stubhub Refund Litig., No. 20-md-02951-HSG (TSH), 2022 U.S. Dist. LEXIS 95647, at *15 (N.D. Cal. May 24, 2022); Liberty believes that producing one production log at the conclusion of its rolling production will make the production process more efficient and will potentially narrow the privilege-related issues to be litigated, as in Liberty's experience, some documents initially flagged as privileged may be downgraded after further review. *E.g.*, *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2017 WL 4399198, at *6 (N.D. Fla. Sept. 29, 2017) ("While production of privilege logs on a rolling basis would expedite Plaintiffs' review of privilege challenges, requiring Defendants to submit a privilege log in conjunction with each set of documents produced on a rolling basis would negatively impact the efficiency of Defendant's review process which in turn would delay the production of documents on a rolling basis. . . . To avoid the submission of a privilege log after substantial completion the Court determines that Defendants' proposal of providing an initial privilege log on December 1, 2017 [approximately 90 days after service of written

Exhibit 1

responses], makes sense and would enable Plaintiffs to begin its [sic] privilege review for challenges much sooner.");

## II. Title IX Materials/Baker-Tilly Materials

In Requests for Production 5, 6, 7, 10, 11, 19, and 24, and Interrogatory 18, Liberty has objected to the production of Title IX related materials and an internal investigation referred to as the Baker-Tilly investigation on the grounds that the requests were overbroad, irrelevant, and an undue burden. Among other things, Liberty views these requests as overbroad because Lamb has requested all documents related to all Title IX complaints (from any student or other source) since 2018, regardless of whether Lamb had any knowledge of or involvement in those complaints. Liberty also objects to these requests as overbroad because Lamb currently has no claims pending against Liberty. Liberty has invited Lamb to identify the complaints he believes are relevant to Liberty's defamation claim in an effort to narrow these requests, and Lamb has declined to do so.

Lamb opposes these objections, as Liberty has sued Lamb for defamation for stating, "The Title IX accusations, they have not been looked into," and "The thing is, I've been discussing that [i.e., Title IX issues] all spring." The requested materials are relevant to his defense of the defamation claims, both on the issues of liability and damages. This is separate from any privilege issues, addressed above. Liberty maintains that, as to the Baker Tilly investigation (conducted at the direction and control of law firm Gentry Locke), privilege is a central concern. Liberty also objects that this investigation concerned Jerry Falwell Jr., and had nothing to do with Title IX. Lamb disputes this assertion, and personally raised Title IX issues in the interviews.

## III. FERPA Objections

Liberty objected to Requests for Production 5 and 10, related to Title IX materials, on the basis of FERPA. The parties agree that FERPA may cover some of the documents. Lamb requests a log of the documents covered by FERPA, to address any disputes and to seek a production order under 20 U.S.C. § 1232g(b)(2)(B), if necessary. Liberty objects that the relevancy of the documents are so remote that logging the FERPA-covered documents would be unduly burdensome. Lamb alleges these Title IX materials are relevant to the defamation claim, as discussed above.

## IV. Convocation Speech Materials

Liberty objects to Request for Production 12, related to emails concerning a draft convocation speech, on the grounds that it is overbroad and not relevant. Lamb contends that his comments on the draft speech related to Title IX issue factored into his termination the following week, and he is requesting a narrow set of documents. As noted in Liberty's meet and confer letter, the Court has already ruled that (1) Lamb's complaints about the draft speech had nothing to do with Title IX, and (2) based on *in camera* review of the subject documents, communications with Liberty's in-house counsel about the draft speech are privileged. Lamb

disputes these representations, and the issues addressed in this sections are separate from any privilege objections, addressed above. Liberty has not identified this on a privilege log.

V.   Risk Assessment Survey

Lamb requested copies of his risk assessment survey completed in 2020 and 2021. Liberty objects that the request is overbroad, not relevant, and not proportionate to the needs of the case. Lamb's position is that these surveys will support his contention, as a defense to the defamation claim, that he was "discussing that [i.e., Title IX issues] all spring," and the request is very narrow. Liberty has agreed to look into this Request further and report back to Lamb.

VI.   Maina Mwaura

Liberty objected to Request for Production 22, concerning correspondences with journalist Maina Mwaura. Liberty claims that it is not relevant to the defamation claim. Lamb's position is that Mwaura corresponded with Liberty University about specific Title IX issues, which are relevant to the defense of the defamation claim based on the statement, "The Title IX accusations, they have not been looked into." On the parties' meet and confer call, Liberty's counsel invited Lamb's counsel to identify with more specificity what "issues" Mr. Mwaura allegedly corresponded with Liberty about and how those issues pertain to Lamb's claims. Lamb declined to provide any further specificity or otherwise narrow this request.

VII.   Interrogatory 1

Interrogatory 1 asked Liberty to "Identify each person answering or assisting in the answering of this discovery, and state which portions of the information each person provided, and whether the person has personal knowledge of the information provided or not." Liberty's objected that the request was overly broad, not relevant to any claim or defense, and not proportionate to the needs of the case. Its response was "[Liberty] prepared these responses with the assistance of counsel." Liberty contends it has fully answered the interrogatory, especially as it subsequently identified individuals that may have discoverable information. Lamb contents the failure to specify who provided information, and what information they provided, and whether the information was based on personal knowledge is not a full response to an appropriate interrogatory.

THOMAS H. ROBERTS & ASSOCIATES, P.C.
By: /s/ Andrew T. Bodoh, Esq.
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000 / Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB

    /s/ Scott C. Oostdyk
Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

4