**andrew.bodoh@robertslaw.org**

| | |
|---|---|
| **From:** | Siegmund, Heidi E. <HSiegmund@mcguirewoods.com> |
| **Sent:** | Friday, September 9, 2022 4:51 PM |
| **To:** | andrew.bodoh@robertslaw.org |
| **Cc:** | Oostdyk, Scott C.; tom.roberts@robertslaw.org; 'Ian A. Northon, Esq.' |
| **Subject:** | RE: Lamb v. Liberty -- Response to Discovery Letter |

Andrew, please see our responses below in red.  We are happy to discuss further on a call, particularly if you would like to elaborate on why you believe your requests for production are relevant, and hopefully we can narrow down the issues for the Court to have to address on the 29th.

Thanks,
Heidi

**Heidi E. Siegmund**
Associate
McGuireWoods LLP
T: +1 804 775 1049 | M: +1 540 847 9531
hsiegmund@mcguirewoods.com

**From:** andrew.bodoh@robertslaw.org <andrew.bodoh@robertslaw.org>
**Sent:** Thursday, August 25, 2022 1:38 PM
**To:** Siegmund, Heidi E. <HSiegmund@mcguirewoods.com>
**Cc:** tom.roberts@robertslaw.org; 'Ian Northon' <inorthon@rhoadesmckee.com>; 'E. Meaghan Clayton' <mclayton@rhoadesmckee.com>; Oostdyk, Scott C. <soostdyk@mcguirewoods.com>; Betts, E. Windsor <EBetts@mcguirewoods.com>
**Subject:** RE: Lamb v. Liberty -- Response to Discovery Letter

**EXTERNAL EMAIL; use caution with links and attachments**

Heidi –

In the letter attached to your email below, you asserted "I anticipate that Liberty will complete its production no later than July 15, 2022." We received a document dump today, some 41 days after the promised date. Please advise whether this represents the completion of your production as to the first requests for production, the second requests for production, neither, or both.  The production we made consists largely of a first (but not last) production of the documents Mr. Lamb wrongfully retained in Evernote.  We are continuing to work our way through the many thousands of documents in the Evernote set and will continue to make those productions on a rolling basis.

Despite promises that we would have your privilege log by now, we have only received the limited privilege log as to convocation materials. Please advise when you will produce the privilege log of other materials you are withholding. Additionally, we also await a privilege log as to the materials withheld in your 8/15 responses to discovery requests. Please advise when we will receive those. We expect to have the privilege log to you within 21 days of completion of our production.

I have not had the opportunity to review the 2000+ pages of documents delivered today. Does it include the materials that were allegedly, formally privileged or protected materials responsive to the discovery request, as referenced in my

email of 8/19/2022, where the privileged or protection (if any) was waived by your discovery requests to Lamb? If not, please advise when we will receive those. We expect to receive them promptly. No.  We disagree with your assertion that our requests to Mr. Lamb constitute a waiver of privilege.  And, even imagining any such waiver occurred as to Mr. Lamb's responses to our requests, that is not a subject matter waiver that permits discovery into other privileged communications.  If you have any authority to the contrary, we will certainly consider it.

As to your objections and responses to the most recent discovery, I would like to confer:

RFP 26: You advise that "employee or agent of Lamb" is vague and ambiguous. That appears to be a typo. We can resolve this objection by rephrasing that portion as "employee or agent of Liberty University, Inc." Thank you.  Your update resolves the ambiguity but creates relevance and overbreadth issues.  What do you see as the relevance of these communications?

RFP 27: You assert that the request for communications in with Liberty University asserted that it has been slandered, defamed, libeled, or suffered reputational damages is "not relevant." But your counterclaim Paragraph 58 claims that Lamb "defame[d] and diminish[ed] the reputation of Liberty." Your initial disclosures claim "compensatory damages in excess of $75,000, including lost profits and damages to Liberty's reputation and goodwill." You made similar assertions in your discovery responses. Other assertions by Liberty that Liberty has suffered reputational damages from others is clearly relevant in gauging the alleged damages caused by Lamb. The complaint to promise to produce is insufficient for this purpose. We stand on our objections and responses to this request.

RFP 28: Your assertion that we are requesting information "in the possession, custody, or control of third parties," is inconsistent with the request, which only seeks materials archived by Liberty University or someone acting on Liberty's behalf. This request for statements and stories mentioning Liberty in Liberty's possession is not unduly burdensome, given your assertions in your discovery responses that you will make "use of Cision, a media monitoring software, to assess the impact
and advertising value of press stories generated as a result of Lamb's actions; and a research based assessment of the quantifiable damage to Liberty based on other objective, subjective, and Liberty based tools." We disagree that the use of Cision is equivalent to what you have requested in this Request.  Also, we fail to see how this request is relevant.  Can you please explain why you believe it is?

RFP 30: You have elected to inject the frequently asked questions page into this litigation by asserting, "the Investigation had nothing to do with Title IX. Indeed, a Frequently Asked Questions document created as part of the Investigation explicitly states that the Investigation "is not to be used to report…(vii) Title IX concerns and violations." ECF Doc. 100 at 6. You filed a copy of this FAQ page with the Court at ECF Doc 100-3. Communications to or from the employees about this FAQ page will be relevant to addressing your assertions about this page. We have produced the FAQ and fail to see how underlying communications are relevant.  Can you please elaborate?

RFP 32: You assert, "Lamb was subject to multiple legal holds, which required him to preserve text messages." We require you to produce these documents, as any testimony about them would be violative of the best evidence rule, and likely hearsay. We intend to produce evidence that Mr. Lamb received these legal holds.  The holds will be produced but will be redacted to avoid production of privileged information that is not relevant.

Interrogatory 24-25: You object that because of the "compound nature" of the interrogatories, we have exceeded the number of allowable requests. But the commentary on the rules state clearly, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." These were not compound questions and do not constitute separate interrogatories. Additionally, the nature of your suit, claiming damages for loss of this information, thee requests are clearly not "unduly burdensome." As to Interrogatory 25, you are refusing to identify even "by category" any documents that you assert were destroyed. This is not

acceptable. I do not see any interrogatories in this set that ask about communications and I do not see these interrogatories as equivalent to the scenario contemplated under the rule.  That said, with regard to Interrogatory No. 24, you have access to the same metadata that we do under the protocol, which should give you most of the information you've requested.  With regard to Interrogatory No. 25, obviously the whole problem here is that we do not, and cannot, know with specificity what Mr. Lamb destroyed; however, both Mr. Racich and Mr. Gauger have provided sworn testimony about what we do know, so we would refer to and rely on that testimony.

Please provide an attentive response to this by COB on Monday. time is of the essence.


Andrew T. Bodoh, Esq.
**Thomas H. Roberts & Associates, P.C.**
105 S. 1st Street
Richmond, VA 23219-3718
804-783-2000
804-991-4260 (Direct)
804-783-2105 (Fax)


CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may be protected by legal privilege.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this e-mail or any attachment is prohibited.  If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.



**From:** Siegmund, Heidi E. <HSiegmund@mcguirewoods.com>
**Sent:** Thursday, June 2, 2022 3:00 PM
**To:** andrew.bodoh@robertslaw.org
**Cc:** tom.roberts@robertslaw.org; Ian Northon <inorthon@rhoadesmckee.com>; E. Meaghan Clayton <mclayton@rhoadesmckee.com>; Oostdyk, Scott C. <soostdyk@mcguirewoods.com>; Betts, E. Windsor <EBetts@mcguirewoods.com>
**Subject:** Lamb v. Liberty -- Response to Discovery Letter

Andrew, et al., please see attached.

Thanks,
Heidi

**Heidi E. Siegmund**
Associate
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T:  +1 804 775 1049
M: +1 540 847 9531
F:  +1 804 698 2315
hsiegmund@mcguirewoods.com

Bio | VCard | www.mcguirewoods.com

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*