**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Lynchburg Division

| | |
|---|---|
| **WALTER SCOTT LAMB,** | ) |
|     **Counterclaim Defendant,** | ) ) ) ) |
| v. | )     Civil Action No. 6:21-cv-55 |
| **LIBERTY UNIVERSITY, INC.,** | ) ) ) |
|     **Counterclaim Plaintiff.** | ) |

**LIBERTY UNIVERSITY, INC.'S SECOND SET OF INTERROGATORIES TO WALTER SCOTT LAMB**

Counterclaim Plaintiff Liberty University, Inc. ("Liberty"), by counsel, and pursuant to Federal Rule of Civil Procedure 33, submits the following as its Second Set of Interrogatories to Counterclaim Defendant Walter Scott Lamb.

**GENERAL INSTRUCTIONS**

1. If you object to all or any part of these Interrogatories on the basis of a claim of privilege or work-product protection, or if you withhold all or any part of any answer on the basis of such claim, for each such objection or claim provide the following information: the subject matter of the information withheld, the identity of each Person possessing such information or to whom such information was communicated, the means by which such information was communicated, the date of the communication, and the nature of privilege or protection asserted.

2. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

3. These Interrogatories are deemed continuing to the fullest extent permissible. These Interrogatories therefore require not only that you provide all information known to you up to the

Exhibit 3

date of response, but also that if you subsequently acquire responsive information, you should promptly furnish it in writing and under oath to undersigned counsel.

4. If you object to all or any part of these Interrogatories as vague, confusing, hard to understand, or you otherwise want to talk through some issues relating to these requests, please have your attorneys contact Liberty's attorneys at the phone numbers in the signature block to resolve the issue. Please do not wait and object instead of attempting to resolve with a phone call.

**DEFINITIONS**

1. "You," "your," and "Counterclaim Defendant" or any variant thereof, shall refer to Counterclaim Defendant Walter Scott Lamb.

2. "Counsel" or "attorney" or any variant thereof, shall refer to counsel in this matter for Counterclaim Defendant Walter Scott Lamb, including Thomas H. Roberts & Associates, PC, and Northon Law, PLLC.

3. "Document," "documents," or any variant therefor, shall be defined to the broadest extent possible and includes, whenever applicable and without limitation, both "documents" and "electronically stored information," and further includes to the extent that same are within the possession, custody, or control of Plaintiff, the originals (absent any original, a copy) of any recording of any intelligence or information, whether handwritten, typed, printed or otherwise magnetically, optically, visually or aurally stored or reproduced, including but not limited to email, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records

including films, video and sound reproductions, printout sheets, electronic records such as text messages, email, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical, magnetic, optic, or photographic reproductions or recordings thereof in the possession, custody or control of Counterclaim Defendant or known to Counterclaim Defendant whether or not prepared by Counterclaim Defendant.

4. "Related to," "relating to," and "related," or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

5. "Communication," or any variant thereof, includes any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, and shall include, without limitation, written contact by means such as emails, letters, memoranda, telegrams, telecopies, telexes, emails, text messages, or any other document, and oral contact, such as face-to-face meetings or telephone conversations and any written confirmation thereof.

6. "Identify," with respect to documents or things, means to give, to the extent known, the (a) type of document; (b) subject line (if an e-mail) or general subject matter (for other types of documents); (c) author(s), addressees(s), and recipient(s); and (d) date of creation of the document.

7. "Person," "Persons," or any variant thereof, means any natural person, as well as any juristic person (e.g., corporation) or any business entity (e.g., partnership or joint venture) and his or her, its or their officers, agents and employees.

8. "Complaint" shall refer to the Complaint, First Amended Complaint, and/or Proposed Second Amended Complaint filed by Walter Scott Lamb in the above-captioned action.

## INTERROGATORIES

**Interrogatory No. 5:** Describe in detail all efforts made by you to obtain employment since your separation from Liberty, including the name and address for each employer with whom you have applied for employment, the position applied for, the dates you applied, the person to whom you applied, and the results of your application, including, if applicable, the start and end dates of this employment and the compensation you received from this employment.

**Answer:**

**Interrogatory No. 6:** Identify any other sources of income since your separation from Liberty, including, without limitation, unemployment compensation, disability benefits, investment income, rental income, child support or alimony.

**Answer:**

**Interrogatory No. 7:** State each item of damage that you intend to claim if you are permitted leave to amend your Complaint, and include in your answer the count to which the item of damage relates, the factual basis for each item of damage, an explanation of how each item of damage was computed, including any mathematical formula used, and identify any document that supports, refutes, or relates in any way to the calculation of any damage amount claimed.

**Answer:**

**Interrogatory No. 8:** Describe in detail all communications you have had with any current or former Liberty employees or agents, members of the Liberty Board of Trustees, or members of the Liberty Executive Committee since your separation from employment with Liberty, and in your description identify anyone else who was present during these interactions.

**Answer:**

**Interrogatory No. 9:** Identify all persons with whom you have discussed the allegations contained in the Complaint and/or Liberty's Counterclaim, including but not limited to current or former Liberty employees, friends, acquaintances, relatives, persons listed in your Initial Disclosures and all supplements and amendments thereto, your Interrogatory answers and all supplements and amendments thereto, and individuals whose names appear in documents you produce in this action. For each person identified, state the date and substance of your discussions.

**Answer:**

**Interrogatory No. 10:** Identify and describe with particularity each and every time you communicated, either orally or in writing, with any current or former employee, agent, or representative of Liberty, or any third party, about your concern or belief that you were terminated "in retaliation for [your] opposition to the University's mishandling of Title IX sexual misconduct accusations," and in your answer state the name of any individual with whom you spoke and what you contend was communicated or stated by you and any other individual to whom you allegedly complained.

**Answer:**

**Interrogatory No. 11:** Identify and describe with particularity each and every time you communicated, either orally or in writing, with any current or former employee, agent, or

5

representative of Liberty about your concern or belief that Liberty was "mishandling" Title IX sexual misconduct allegations, and in your answer state the name of any individual with whom you spoke and what you contend was communicated or stated by you and any other individual to whom you allegedly complained.

**Answer:**

**Interrogatory No. 12:** State all facts concerning your allegation, during an October 27, 2021 interview with WSET, that "[t]he Title IX accusations, they have not been looked into," including in your answer (1) each and every alleged Title IX accusation you were referring to; (2) the identity of the alleged complainant for each alleged Title IX accusation; (3) the specific Title IX allegations made by each complainant; (4) the manner in which you learned about each of the Title IX accusations; and (5) all facts forming the basis for your belief that the alleged Title IX accusation had "not been looked into;" and (6) who at Liberty you believe to have knowledge about each alleged Title IX allegation.

**Answer:**

**Interrogatory No. 13:** State all facts concerning your allegation, during an October 29, 2021 podcast with Julie Roys, that "I've been discussing that [the Title IX mishandling] all spring," and in your answer (1) identify with specificity each instance you allegedly discussed the "Title IX mishandling" in the spring of 2021; (2) identify each and every person with whom you allegedly discussed the "Title IX mishandling;" (3) identify the date on which you had each discussion; (4) for each discussion, identify the method by which you had the discussion, whether in person, by telephone, via email or text message, or any other means; and (5) identify all witnesses present during each such discussion.

6

**Answer:**

**Interrogatory No. 14:** State whether you contend that your alleged opposition to Liberty's handling of Title IX matters is the sole reason your employment with Liberty was terminated. If not, identify and describe with particularity all other reasons you contend led to your termination.

**Answer:**

**Interrogatory No. 15:** Identify and describe with particularity each and every statement related to Liberty's handling of Title IX matters that you made that you believe caused or contributed to your termination from Liberty, including in your answer (1) the exact statements you communicated; (2) the identity of the person(s) to whom you made the statement; and (3) the date that you made each statement.

**Answer:**

Respectfully submitted,

LIBERTY UNIVERSITY, INC.
BY COUNSEL:

  /s/ Scott C. Oostdyk
Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July 2022, I electronically served the foregoing on all counsel of record via electronic mail.

 

                                                                           /s/
                                      Heidi E. Siegmund (VSB No. 89569)
                                      MCGUIREWOODS LLP
                                      Gateway Plaza
                                      800 East Canal Street
                                      Richmond, VA 23219
                                      (804) 775-1000
                                      (804) 775-1061 (facsimile)
                                      hsiegmund@mcguirewoods.com

                                      *Counsel for Defendant/Counterclaim Plaintiff*