UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

WALTER SCOTT LAMB,
       Counterclaim Defendant,

v.                               Case No. 6:21-cv-00055

LIBERTY UNIVERSITY, INC.,
       Counterclaim Plaintiff.


## LIBERTY UNIVERSITY, INC.'S OBJECTIONS AND RESPONSES TO LAMB'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Counterclaim Plaintiff LIBERTY UNIVERSITY, INC. ("Liberty"), by counsel and pursuant to Federal Rule of Civil Procedure 34, submits the following Objections and Responses to Counterclaim Defendant Walter Scott Lamb's ("Lamb") Second Set of Requests for Production of Documents.

## PRELIMINARY STATEMENT

Liberty has not fully completed its investigation, discovery, analysis, legal research and preparation for trial.  The responses and objections contained herein are based only upon the information and documentation presently available and known to Liberty.  Liberty has provided information that is true and correct to the best of its knowledge as of the date of service of these Responses, but it is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses and objections.  Accordingly, Liberty reserves the right to modify these responses and objections based on subsequently ascertained or developed information, documentation, facts and/or contentions.  Subject to the objections asserted below, Liberty's responses are made in a good faith effort to reasonably respond to these Requests based

Exhibit 4

on presently available information and documentation.  These responses and/or objections should not be construed to prejudice Liberty's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Liberty's right to use any additional evidence that may be developed.

Liberty submits these objections and responses to the Requests without conceding the relevance or materiality of the subject matter of any Request, or any document produced pursuant thereto, and without prejudice to its rights to object to the admissibility at trial or in any other proceeding in this action of any particular document or category of documents.  The production of any document in response to a Request to which objection is made shall not constitute a waiver of such objection as to other documents or categories of documents.  Each of these responses or objections is based on Liberty's understanding of each individual request.  To the extent Lamb asserts an interpretation of any request that is inconsistent with Liberty's understanding, Liberty reserves the right to supplement or amend these responses and/or objections as appropriate. Liberty is not knowingly withholding responsive non-privileged documents in its possession, custody, or control except to the extent indicated below.

These responses and objections are made without waiving:  (1) the right to raise in any subsequent proceeding or in the trial of this or any other action all questions of relevance, materiality, privilege, and evidentiary admissibility of any response herein or document produced pursuant hereto; (2) the right to object on any grounds to the use or introduction into evidence of such responses or documents in any subsequent proceeding or in the trial of this or any other action; (3) the right to object on any grounds at any time to these requests; or (4) the right to seek entry of an additional appropriate protective order.

2

## REQUESTS FOR PRODUCTION

25.     Produce a copy of the software data that depict or contain the information requested in Interrogatory 21.

**RESPONSE**:  Subject to and without waiving the objections in Liberty's response to Interrogatory No. 21, which Liberty incorporates by reference, Liberty will produce responsive, non-privileged documents within its possession, custody or control sufficient to identify the information requested in Interrogatory 21.

26.     Produce all documents, materials, and things, including electronically stored information, in which Lamb communicated with any other employee or agent of Lamb about the existence of voice recorders for Liberty, or the policies for or practice of recording conversations while he was an employee of Liberty.

**RESPONSE**:  Liberty objects to this Request on the ground that "employee or agent of Lamb" is vague and ambiguous.  Liberty submits that it does not know who Lamb's "employee[s]" or "agent[s]" are as referenced in this Request.  As phrased, Liberty is not aware of any documents responsive to this Request.

27.     Produce copies of all communications (including but not limited to cease and desist letters, press statements, legal pleadings, or discovery responses) created since January 1, 2018, in which Liberty University, or someone acting on behalf of Liberty University, asserted that Liberty University or its then-current officers or employees had been slandered, defamed, or libeled, or had suffered reputational damages.

**RESPONSE**:  Liberty objects to this Request as overbroad, not relevant to any claim or defense, and unduly burdensome.  Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Liberty further objects to this Request because it seeks information that is entirely irrelevant to both parties' claims and defenses.

Subject to and without waiving the foregoing objections, Liberty submits that on July 15, 2020, it filed a defamation suit against the New York Times, its reporter, and a photographer, and

Liberty will produce the complaint from this lawsuit.  Liberty has not filed any other claims since July 1, 2018 in which it alleged slander, defamation, or libel.

28.     Produce copies of all written or recorded statements or stories published by a third party to a public audience since January 1, 2018, mentioning Liberty University which Liberty University, Inc. or someone working on its behalf, has archived.

**RESPONSE**:  Liberty objects to this Request as vastly overbroad, unduly burdensome, not relevant to any claim or defense, and not proportionate to the needs of the case.  Liberty further objects to this Request on the ground that it seeks information in the possession, custody, or control of third parties.  Liberty further objects to this Request on the ground that it is vague and ambiguous, including with respect to terms such as "archived," "public audience," and "recorded statements."  Liberty is not producing documents based on its objections to this Request.

29.     Produce a copy of Liberty University's October 20, 2020 press release concerning Baker Tilly US, including all published variant of the same, and any document, materials, or things, including electronically stored information, that indicate alterations to the published version of the press release.

**RESPONSE**:  Liberty objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Liberty further objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Subject to and without waiving the foregoing objections, Liberty submits that there are no published variants of the requested statement other than the version that is currently available on Liberty's website, which Liberty will produce.

30.     Produce a copy of all communications to or from employees of Liberty University concerning the text or content of the FAQ (frequently asked questions) page of https://lu.integrityline.org/.

**RESPONSE**:  Liberty objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case.  Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Liberty

further objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Liberty stands on its objections to this Request.

31.    Produce a copy the text or content of the FAQ (frequently asked questions) page of https://lu.integrityline.org/, including all published variant of the same since the page was created, and any document, materials, or things, including electronically stored information, that indicate alterations to the published version of the press release.

**RESPONSE**:  Liberty objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case.  Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Liberty further objects to this Request because it seeks information that is not relevant to any party's claim or defense.  Subject to and without waiving the foregoing objections, Liberty submits that there are no published variants of the requested FAQs other than the version that is currently available on Liberty's website, which Liberty will produce.

32.    Produce a copy of all communications or policies by or on behalf of Liberty University instructing Lamb how to preserve text messages sent or received through his personal cellular device.

**RESPONSE**:  Liberty objects to this Request on the ground that it seeks information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing objections, Liberty directs Lamb to Sections 2.7 and 7.15 of the Liberty Employee Handbook.  Liberty also directs Lamb to Liberty's IT Security Policies, previously produced at Bates Nos. LU000961-LU000974, and LU001010-LU001018 of its production of documents in response to Lamb's First Set of Requests for Production of Documents. Additionally, Lamb was subject to multiple legal holds, which required him to preserve text messages.

32.    Produce a copy of all communications or policies by or on behalf of Liberty University instructing Lamb to preserve text messages sent or received through his personal cellular device.

5

**RESPONSE**:  Liberty objects to this Request on the grounds that it is duplicative of the prior Request.  Subject to and without waiving the foregoing objections, see response above.

33.     Produce a copy of the "technology security policy" referenced in Paragraph 81 of the Counterclaim, along with any documents, materials, or things, including electronically stored information, showing all versions of the policy that existed during Lamb's employment, and all documents, materials, or things, including electronically stored information, showing the policy and any changes thereto were communicated to Lamb.

**RESPONSE**:  Liberty refers Lamb to the technology security policies previously produced in this case, including the documents produced at Bates Nos. LU000958-LU001025 of Liberty's production of documents in response to Lamb's First Set of Requests for Production of Documents.

34.     Produce a copy of the bylaws and articles of incorporation referenced in Paragraph 83 of the Counterclaim, along with any versions that existed during Lamb's employment.

**RESPONSE**:  Liberty will produce a copy of the Liberty Bylaws and Articles of Incorporation.

35.     Produce a copy of the Liberty Way referenced in Paragraph 83 of the Counterclaim, along with any versions that existed during Lamb's employment.

**RESPONSE**:  Liberty will produce a copy of the Liberty Way.

36.     Produce a copy of the "Legal Holds" referenced in Paragraph 84 of the Counterclaim, along with all documents, materials, or things, including electronically stored information, showing they were communicated to Lamb.

**RESPONSE**:  Liberty objects to this Request on the ground that it seeks information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing, Liberty will produce documents sufficient to identify the preservation obligations communicated to Lamb via legal hold.

Dated: August 15, 2022

Respectfully submitted,

LIBERTY UNIVERSITY, INC.

/s/ Scott Oostdyk
Scott C. Oostdyk (VSB #28512)
Heidi Siegmund (VSB #89569)
McGUIREWOODS LLP
800 East Canal Street
Richmond, VA  23219
(804) 775-1000
(804) 775-10-61 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of August, 2022, I served the foregoing on all counsel of record via electronic mail.

/s/ Scott Oostdyk
Scott C. Oostdyk (VSB #28512)
Heidi Siegmund (VSB #89569)
McGUIREWOODS LLP
800 East Canal Street
Richmond, VA  23219
(804) 775-1000
(804) 775-10-61 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Defendant/Counterclaim Plaintiff*