# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

**WALTER SCOTT LAMB,**
       **Counterclaim Defendant,**

v.                                                                                          Case No. 6:21-cv-00055

**LIBERTY UNIVERSITY, INC.,**
       **Counterclaim Plaintiff.**

## LIBERTY UNIVERSITY, INC.'S OBJECTIONS AND RESPONSES TO LAMB'S SECOND SET OF INTERROGATORIES

Counterclaim Plaintiff LIBERTY UNIVERSITY, INC. ("Liberty"), by and through counsel and pursuant to Federal Rule of Civil Procedure 33, submits the following Objections and Responses to Counterclaim Defendant Walter Scott Lamb's ("Lamb") Second Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

Liberty has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses and objections contained herein are based only upon the information and documentation presently available and known to Liberty. Liberty has provided information that is true and correct to the best of its knowledge as of the date of service of these Responses, but it is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses and objections. Accordingly, Liberty reserves the right to modify these responses and objections based on subsequently ascertained or developed information, documentation, facts and/or contentions. Subject to the objections asserted below, Liberty's responses are made in a good faith effort to reasonably respond to these Interrogatories

based on presently available information and documentation. These responses and/or objections should not be construed to prejudice Liberty's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Liberty's right to use any additional evidence that may be developed.

Liberty submits these objections and responses to the Interrogatories without conceding the relevance or materiality of the subject matter of any Interrogatory, and without prejudice to its rights to object to the admissibility at trial or in any other proceeding in this action of any particular document or category of documents. Each of these responses or objections is based on Liberty's understanding of each individual request. To the extent Lamb asserts an interpretation of any request that is inconsistent with Liberty's understanding, Liberty reserves the right to supplement or amend these responses and/or objections as appropriate.

These responses and objections are made without waiving: (1) the right to raise in any subsequent proceeding or in the trial of this or any other action all questions of relevance, materiality, privilege, and evidentiary admissibility of any response herein or document produced pursuant hereto; (2) the right to object on any grounds to the use or introduction into evidence of such responses or documents in any subsequent proceeding or in the trial of this or any other action; (3) the right to object on any grounds at any time to these requests; or (4) the right to seek entry of an additional appropriate protective order.

## ANSWERS TO INTERROGATORIES

21. For the "redirection software" you reference in paragraph 40 of the Counterclaim, identify the language of the rule or rules or other coding directives that you allege Lamb used to transfer to his personal email account emails that he received on his Liberty University devices and systems, and the date the rule, rules, coding directives, or redirection software went into use.

**ANSWER**: Liberty objects to this Interrogatory as unduly compound. Liberty further objects to this Interrogatory because the phrase "language of the rule" as used in this Interrogatory

is vague and ambiguous. Subject to and without waiving the foregoing objections, Liberty submits that it is unable to tell from available data when each "rule" was put into effect. Pursuant to Federal Rule of Civil Procedure 33(d), Liberty will produce responsive, non-privileged documents sufficient to identify the "language of the rule," subject to the limitations and objections set forth in Liberty's Responses to Lamb's Second Set of Requests for Production of Documents, and to the extent Liberty understands that phrase.

22. Identify the number of audio recordings of in-person conversations or telephone calls created by Lamb that Liberty University has in its possession, and insofar as it is known, identify the date each was created, the subject matter of the discussion, the parties to the conversation, and whether or not the recording indicates that parties other than Lamb were aware of the recording.

**ANSWER**: Liberty objects to this Interrogatory as overbroad, compound, and unduly burdensome. Liberty further objects to this Interrogatory because it seeks information that is not relevant to any party's claim or defense. Subject to and without waiving the foregoing objections, Liberty submits that:

(1) It has approximately 345 audio and/or video recordings created by Lamb in its possession, all of which were recovered from the shadow copy of Evernote on Lamb's Liberty computer.

(2) Liberty is unable to determine the date that each recording was created because the recordings are not dated, most metadata was not recoverable from the Evernote shadow copy, and, to the extent Liberty has reviewed the recordings, the dates are not announced.

(3) Liberty's review of the recordings is ongoing; however, to date, Liberty's review of the recordings confirms that their subject matter includes the following:

- Liberty's Champion student newspaper;

3

- Radio and/or podcast segments concerning Jerry Falwell Jr.;
- Radio and/or podcast segments concerning Donald Trump;
- Jerry Falwell Jr.'s actual and/or requested speaking engagements, media appearances, and other communications- and publicity-related plans;
- Lamb's plans for writing book(s) for and/or about Jerry Falwell Jr.;
- Falwell's lawsuit against Liberty;
- Logistical planning for Liberty-sponsored events, including selection of potential speakers;
- Interviews for book and/or manuscript projects;
- Liberty's donation and giving campaigns;
- Liberty's enrollment and development plans;
- Liberty's remote learning programs;
- Sermons on various topics;
- Liberty's social media strategy;
- Liberty's curriculum and instructional strategy;
- Liberty's business plans concerning matters such as public relations, publishing, and marketing;
- Trips and social activities of Jerry Falwell Jr. and his family; and
- Former President Donald Trump's presidential campaign and related events.

(4) In the recordings Liberty has reviewed to date, most of the recordings do not contain any indication that parties other than Lamb were aware of the recording.

Liberty also submits that its investigation is ongoing and will supplement its answer to this Interrogatory as appropriate.

4

23. With respect to the so-called "shadow copy" of Lamb's Evernote file on the laptop he returned to Liberty University, Inc., state the total number of files within the shadow copy; state the cumulative size of those shadow copy files; and for each of those files that Liberty University, Inc. claims it owned prior to October 6, 2021, identify it by title or subject, date of creation, date of last modification, file type, file size in bytes, whether Liberty University claims it is privileged and the nature of the privilege, whether Liberty University claims it is confidential and the reasons, and whether Liberty University had access to a copy of the file by other means between October 7, 2021 and the time Lamb delivered the laptop to Liberty University.

**ANSWER**: Liberty objects to this Interrogatory on the grounds that it is compound, unduly burdensome, and disproportionate to the needs of the case. Liberty further objects to this Interrogatory because it seeks information that is irrelevant to any party's claim or defense.

Subject to and without waiving the foregoing objections, Liberty submits that:

(1) There are at least 14,698 files within the shadow copy. Because of the nature of the shadow copy and the limited availability of metadata, Liberty is unable to provide a complete inventory of the number of files.

(2) The total size of the most recent version of the shadow copy is approximately 2.5 gigabytes.

(3) Liberty's review of the shadow copy is ongoing; however, pursuant to Fed. R. Civ. P. 33(d) and consistent with Liberty's responses and objections to Lamb's Requests for Production of Documents, Liberty will produce non-privileged documents recovered from the shadow copy that belong to Liberty, and will log any privileged documents belonging to Liberty and recovered from the shadow copy.

24. With respect to the materials Liberty University asserts to own which Lamb delivered to Liberty University, Inc. under the forensic protocols, identify each document or file by title or subject, date of creation, date of last modification, file type, file size in bytes or pages, whether Liberty University claims it is privileged and the nature of the privilege, whether Liberty University claims it is confidential and the reasons, and whether Liberty University had access to a copy of the file by other means between October 7, 2021 and the time Lamb provided the materials to Liberty University pursuant to the protocols.

**ANSWER**: Liberty objects to this Interrogatory as compound, and unduly burdensome. Liberty also objects to this Interrogatory on the ground that, due to the compound nature of the preceding Interrogatories, Lamb has exceeded the number of Interrogatories allowed by Federal Rule of Civil Procedure 33(a)(1). Liberty further objects to this Interrogatory because it seeks information that is within Lamb's possession, custody, or control, as Lamb can request metadata from Vestigant, LLC under the terms of the forensic protocol. Liberty stands on its objections to this Interrogatory.

25. Identify by category or by specific file any documents, materials, or things, including electronically stored information, that Liberty University, Inc. asserts that it owned and Lamb destroyed, excluding those documents, materials, or things that Liberty University currently has copies of or access to by other means.

**ANSWER**: Liberty objects to this Interrogatory on the ground that, due to the compound nature of the preceding Interrogatories, Lamb has exceeded the number of Interrogatories allowed by Federal Rule of Civil Procedure 33(a)(1). Liberty further objects to this Interrogatory because it seeks information that is exclusively within Lamb's possession, custody, or control. As was explained at the recent hearing, Liberty has no way of knowing what information Lamb has destroyed because of Lamb's convoluted, elaborate, and extensive spoliation of evidence. Liberty stands on its objections to this Interrogatory.

Dated: August 15, 2022

                                        Respectfully submitted,

                                        LIBERTY UNIVERSITY, INC.

                                        /s/ Scott Oostdyk
                                        Scott C. Oostdyk (VSB #28512)
                                        Heidi Siegmund (VSB #89569)
                                        McGUIREWOODS LLP
                                        800 East Canal Street
                                        Richmond, VA  23219
                                        (804) 775-1000
                                        (804) 775-10-61 (facsimile)
                                        soostdyk@mcguirewoods.com
                                        hsiegmund@mcguirewoods.com

## VERIFICATION

I, John Gauger, declare and state:

I am fully authorized on behalf of Liberty University, Inc. ("Liberty") to verify the accompanying Responses to Counterclaim Defendant Scott Lamb's Second Set of Interrogatories (the "Responses"), and hereby do so. The facts and matters stated therein are not exclusively within my personal knowledge or within the personal knowledge of any single individual at Liberty; rather, the facts stated therein have been assembled on behalf of Liberty and with the assistance of authorized employees of Liberty with personal knowledge of the subject matter of the responses and/or information and belief as to the truth and/or accuracy thereof.

Subject to the terms of this verification, Liberty declares, under penalty of perjury, that the Responses are true and correct to the best of its knowledge and belief.

Executed on __August 15__, 2022.

_____
John Gauger (Aug 15, 2022 14:04 EDT)
Liberty University, Inc.
By: John Gauger

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2022, I served the foregoing on all counsel of record via electronic mail.

/s/ Scott Oostdyk
Scott C. Oostdyk (VSB #28512)
Heidi Siegmund (VSB #89569)
McGUIREWOODS LLP
800 East Canal Street
Richmond, VA  23219
(804) 775-1000
(804) 775-10-61 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

*Counsel for Defendant/Counterclaim Plaintiff*

162377707_1