IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| WALTER SCOTT LAMB,   )   <br>   )   <br>   Counterclaim Defendant,   )   <br>   )   <br>   )   <br> v.   )   <br>   )   <br> LIBERTY UNIVERSITY, INC.,   )   <br>   )   <br>   Counterclaim Plaintiff.   )   <br>   ) | Civil Action No. 6:21-cv-55 |

**LIBERTY UNIVERSITY, INC.'S FOLLOW-UP STATUS REPORT REGARDING ITS GOOD FAITH EFFORT TO ASSESS POTENTIAL RESTORATION OR REPLACEMENT OF MATERIAL SPOLIATED BY WALTER SCOTT LAMB**

Liberty University, Inc. ("Liberty"), by counsel, submits this follow-up status report to aide this Court in the determination of whether there can be restoration or replacement of the material spoliated in this case by Walter Scott Lamb ("Lamb"). Liberty has created this update to comply with the Memorandum and Order of this Court entered August 25, 2022. ("Order," ECF No. 110 at 15.)

**INTRODUCTION**

As ordered, on October 24, 2022, Liberty filed a Status Report to present its good-faith efforts to assess the potential restoration or replacement of material spoliated by Lamb. (*See* ECF No. 129.) Although Lamb controls and has seemingly destroyed the electronic and documentary evidence, this Court tasked Liberty with assessing the possibility of restoration. Liberty incorporates its October 24, 2022 Status Report, as if set forth fully herein. In the October 24, 2022 Status Report, Liberty outlined substantial progress but indicated that it needed additional time to probe several issues Lamb's actions left open. To close those loops, Liberty projected the

1

need for meet and confer discussions with Lamb's counsel after receipt of Lamb's responses to Liberty's latest set of discovery requests, and further discussion of the responses of the third-party vendors to whom Liberty issued subpoenas. Accordingly, Liberty indicated that it would file a follow-up status report on these issues by December 9, 2022. (*Id.* at 22.) Below is that summary of Liberty's progress and an update on the issues outlined in the October 24, 2022 Status Report.

## **SUMMARY OF CURRENT PROGRESS**

### I. Meet and Confer Discussions Regarding Lamb's Discovery Responses

On September 27, 2022, Liberty served interrogatories and requests for production on Lamb in an effort to ascertain the extent to which any of the devices and/or information that were spoliated by Lamb are recoverable. A copy of these discovery requests is attached hereto as **Exhibit A**. Among other things, Liberty sought in these discovery requests:

- Voicemails and text messages that Lamb created, sent, or received during the course of his employment, including those that were sent or stored in his Evernote account;

- The "approximately 2.61 gigabytes" that constitute the "discrepancy" of the Evernote "data" that was on Lamb's Liberty laptop when it was first imaged by Christopher Racich pursuant to the parties' Forensics Protocol on April 14, 2022 (*see* ECF No. 110 at 9), and the data that was in Lamb's Evernote account on October 10, 2021, as indicated by the shadow file he left behind on his Liberty laptop;

- All audio recordings created by Lamb that mention or discuss the topic of Title IX;

- All devices or storage accounts (that have not been previously provided for forensic review) that Lamb used to access Evernote, download documents from Evernote, or make audio recordings.

On October 27, 2022, Lamb served his responses and objections to Liberty's discovery requests. A copy of Lamb's responses is attached hereto as **Exhibit B**. In his response, knowing this Court is attempting to determine if lost evidence can be reconstructed, Lamb nonetheless produced to Liberty no new documents or devices. Instead, in his answers to nearly all of Liberty's requests for production, Lamb admits inability to unearth or replace the destroyed evidence, stating "Lamb cannot located [sic] any responsive records in his possession, apart from those produce [sic] to Lamb by Liberty in discovery in this case." Additionally, Lamb has not produced any of the following devices to Liberty, which he earlier identified as devices he once possessed:

- Lamb's "personal iPhones," as described in Lamb's response to Interrogatory No. 19;

- The "laptop of an unknown make, that [Lamb] disposed of in or around March 2022," as described in Lamb's response to Interrogatory No. 16;

- The "memory stick that Lamb destroyed with a hammer and disposed of," as described in Lamb's response to Interrogatory No. 17;

- The "digital voice recorder of an unknown make and model," as described in Lamb's response to Interrogatory No. 19; and

- The "five voice recorders" described in Lamb's response to Interrogatory No. 19.

In sum, Lamb—despite every opportunity—has been unable or unwilling to produce any of the spoliated documents that might still be in his possession, custody or control, is unwilling to admit that he possesses such evidence, or cannot produce the missing material because of spoliation.

On November 29, 2022, counsel for Liberty sent Lamb's counsel a meet and confer letter to confirm—once again—that Lamb no longer has control of or access to any of the relevant documents or devices. A copy of Liberty's meet and confer letter is attached hereto as **Exhibit C**.

In this meet and confer letter, Liberty primarily asked for two things.[1] First, counsel for Liberty communicated Liberty's deduction, based on Lamb's representations in his discovery responses, that Lamb does not have any of the spoliated documents or devices in his possession, custody, or control. Liberty's meet and confer letter asked Lamb to provide any evidence to the contrary by December 6, 2022. (Ex. C at 2-3.) Second, to close the loop on a third-party inquiry Liberty had undertaken, Liberty also asked Lamb to provide consent for Apple Inc. to release "the contents of electronic communications" in response to Liberty's subpoena (discussed in greater detail below). (Ex. C at 3.)

On December 5, 2022, counsel for Lamb sent Liberty's counsel a letter in response to Liberty's letter. A copy of Lamb's response letter is attached hereto as **Exhibit D**. In Lamb's response letter, Lamb's counsel confirmed that Lamb no longer has (or is unwilling to admit that he has) any of the spoliated documents, materials, or devices, stating:

> You assert, '[I]t is Liberty's conclusion based on your representation that, aside from the documents that Liberty has produced in this litigation, Lamb does not have any of the following in his possession, custody, or control,' and then you quote Requests for Production 1 and 3-19, and then various items mentioned in Interrogatories 16, 17, and 19. Lamb has responded fully to these requests, consistent with the Federal Rules, and subject to the objections stated in each response. What is more, he has already disclosed under oath that he dispossessed himself of all Liberty documents. Further requests for information can be addressed in a deposition or in interrogatories, if you choose.

(Ex. D at 4.) Accordingly, Lamb's discovery responses and his counsel's admissions during meet and confer efforts solidify that Liberty is unable to restore or replace the spoliated material through

---

[1] Liberty's letter also sought to meet and confer over the scope of one of Liberty's requests for production (Ex. C at 1), and asked Lamb to produce all communications with Jerry Falwell Jr. in connection with a lawsuit currently pending in Lynchburg Circuit Court: *Liberty University, Inc. v. Jerry L. Falwell Jr.*, Case No. CL21000354-00. (Ex. C at 3.)

4

Lamb. Liberty's several efforts to restore the spoliated material through third-party vendors have also been unavailing, as reported below.

II.     **Verizon Subpoena**

To foreclose the possibility of retrieval of Lamb's texts, call logs, and other phone data directly from third-party Verizon, Liberty issued a subpoena on September 26, 2022. (*See* ECF No. 129-5.) On October 24, 2022, Verizon responded to Liberty's subpoena. (*See* ECF No. 129-6.) Verizon's response indicated that it retained the contents of Lamb's text messages for only 3-5 days after transmission, and that Verizon does not maintain any voicemail messages. (*See id.*) Thus, there is no possibility Lamb's texts or voicemail can be reconstructed through his phone vendor, and Lamb himself has admitted that he no longer has any texts or voicemails. However, Verizon was able to provide call logs from Lamb's cell phone for a specified period. These logs, an excerpt from which is attached as **Exhibit E**, indicate that Lamb made very active use of his cellphone around the time he was terminated from Liberty, further confirming that Lamb has permanently destroyed relevant evidence that Liberty is unable to obtain.

III.    **Apple Subpoena**

To further exhaust the possibility of retrieving Lamb's iPhone content, Liberty also issued a subpoena to Apple Inc. ("Apple") on September 26, 2022. (*See* ECF No. 129-7.) On October 11, 2022, Apple sent a response letter to Liberty's counsel. A copy of Apple's response letter is attached hereto as **Exhibit F**. In its letter, Apple indicated that it does not store call logs or voicemail messages. (Ex. E at 2.) Furthermore, Apple informed Liberty that it is unable to provide "the contents of electronic communications…without subscriber consent." (*Id.*) In response to Liberty's meet and confer letter, Lamb provided his consent for Apple to comply with Liberty's

5

subpoena on December 5, 2022. (*See* Ex. D.)[2] On December 6, 2022, counsel for Liberty sent Lamb's consent to Apple via email. Liberty will await a response from Apple.

### IV. Evernote Subpoena

Finally, Liberty also served a subpoena on Evernote on September 26, 2022, seeking, *inter alia*, "[a] complete copy of all Evernote data," and "[a] complete copy of all metadata." (*See* ECF No. 129-2.) On October 24, 2022, Evernote sent a response letter to Liberty's counsel. A copy of Evernote's response letter is attached hereto as **Exhibit G**. In its response, Evernote indicated that a "full and complete search of its records" produced only the following information:

> A printout from the Evernote User Administration Tool showing the username, email address, incoming email address for the Evernote service, account creation date of the subject account, and whether the user is a Premium user.
>
> For Premium Users only: Name, billing address, and payment information, to the extent available.
>
> A spreadsheet showing the IP addresses and associated timestamps of any activity in the Evernote service account for the requested time period.
>
> A spreadsheet showing the account activity logs responsive to the legal process for the requested time period.

(Ex. G at 1.) Further, Evernote asserted that it is "prohibited from disclosing the contents of user accounts in response to civil process." (*Id.*) Liberty cannot reconstruct the Evernote material Lamb spoliated through the assistance of Evernote.

### V. Anticipated Next Steps

In sum, despite Liberty's extensive and good-faith efforts, Liberty concludes the evidence spoliated by Lamb is not recoverable or replaceable, although there is an Apple response

---

[2] The form upon which Lamb gave his consent to comply with the Apple subpoena is actually dated December 1, 2022 but was not provided to Liberty until December 5, 2022.

outstanding.  As detailed above, Liberty has issued discovery requests directly to Lamb, pursued meet and confer efforts with Lamb's counsel, and issued subpoenas to third-party vendors.  Liberty has not been able to replace the materials spoliated by Lamb through any of these efforts.  Liberty understands the Court requires as comprehensive a record as possible before it rules on Liberty's pending spoliation motion. At this stage, it appears impossible that Lamb will be able to undo the damage that his spoliation has done.  As explained above, Liberty is awaiting a response from Apple.  Once Liberty receives and addresses Apple's response, Liberty will contact the Court to schedule a status conference.

Dated:  December 9, 2022

Respectfully submitted,

LIBERTY UNIVERSITY, INC.
BY COUNSEL:

   /s/ Scott C. Oostdyk
Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send a true and correct copy to all counsel of record.

                                             /s/
Heidi E. Siegmund (VSB No. 89569)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
hsiegmund@mcguirewoods.com