# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| WALTER SCOTT LAMB, | ) |
| | ) |
| Counterclaim Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 6:21-cv-55 |
| | ) |
| LIBERTY UNIVERSITY, INC., | ) |
| | ) |
| Counterclaim Plaintiff. | ) |

**LIBERTY UNIVERSITY, INC.'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO SCOTT LAMB**

Counterclaim Plaintiff Liberty University, Inc., by counsel and pursuant to the Court's Memorandum Opinion and Order (ECF No. 110) and Federal Rule of Civil Procedure 34, calls on Scott Lamb ("Lamb," "you," or "your") to produce the following documents for inspection and copying at the offices of McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, Virginia 23219.

**INSTRUCTIONS**

1. In lieu of submitting original documents, you may serve true copies of the requested documents upon Liberty's counsel by delivering them within thirty days of service of these Requests.

2. These Requests are continuing in character, so as to require that supplemental responses and productions be made seasonably if further documents are obtained.

3. If, in responding to these Requests, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

1

4. Whenever in these Requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

5. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

7. If any requested document(s) has been destroyed or mislaid, **including, without limitation, any documents that were deleted or destroyed on or after October 4, 2021,** state the circumstances under which the document was destroyed or mislaid.

8. To the extent responsive documents or data are maintained in an electronic format, please produce the electronic version in a mutually agreed-upon format.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "You," "your," or "Lamb" means Scott Lamb and all of his agents, representatives, investigators or consultants.

2. "Document" or "documents" means anything within the scope of Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34, including, without limitation, all originals, drafts, revisions and non-identical copies of any written, typed, printed, recorded, magnetic, electronic (including, but not limited to emails, text messages, and social media activities), graphic or other form of memorialization or communication and also specifically including all of your internal memoranda and notes whether in the custody, control or possession of you or your counsel, regardless of the medium on which they are produced, reproduced or stored.

3. "Communication(s)" means the transmittal of information from any person or entity to another person or entity by any mode or medium, including but not limited to verbal transmission, written or electronic correspondence, face-to-face meetings and/or conveying information through third persons.

4. "Person" or "persons" means all entities, including without limitation individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies or governmental entities.

5. "Identify" with respect to a person means to state a person or entity's full name, address and telephone number, and with respect to a document, to identify its author, recipient, date and a description of its contents.

6. "Identify" with respect to documents or things means to give, to the extent known, the (a) type of document; (b) subject matter; (c) author(s), addressees(s), and recipient(s); and (d) date of the document.

7. "Concerning" means making reference to, mentioning, discussing, representing, embodying, illustrating, describing, reflecting, evidencing, and/or constituting.

8. "Counterclaim" means the operative Counterclaim filed in the above-captioned action.

## REQUESTS

1. Produce all text messages you have ever sent or received in the course of your employment at Liberty that were, at any point, saved or stored in your Evernote account.

   **Answer:**

2. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all credentials for and/or access to cloud accounts (iCloud or otherwise) that were, at any point, connected to any iPhones that you used between October 4, 2021 and April 17, 2022.

   **Answer:**

3. Produce all voicemails and text messages you created, sent, and/or received in the course of your employment as a Liberty employee.

   **Answer:**

4. Produce all voicemails and text messages between you and any other person concerning the meeting you attended on October 4, 2021, as described in your First Amended Complaint.

**Answer:**

5. Produce all voicemails and text messages between you and any other person concerning any allegations of sexual harassment, sexual assault, sex discrimination, or sexual misconduct made by or against any Liberty students, employees, officers, trustees, or agents.

**Answer:**

6. Produce all voicemails and text messages between you and any other person concerning any opinion you allegedly formed concerning Liberty's compliance with its obligations under Title IX.

**Answer:**

7. Produce all voicemails and text messages between you and any named or unnamed plaintiff in the case of *Jane Does 1-12 v. Liberty University, Inc.*, E.D.N.Y. Case No. 2:21-cv-3964.

**Answer:**

8. Produce all voicemails and text messages between you and any other person concerning your termination from Liberty.

**Answer:**

9. Produce all voicemails and text messages you created and/or received in the course of your employment as a Liberty employee.

**Answer:**

10. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all devices identified in your response to Interrogatory Number 16 that have not been previously provided for forensic review.

**Answer:**

11. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all devices or storage accounts identified in your response to Interrogatory Number 17 that have not been previously provided for forensic review.

**Answer:**

12. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all devices or storage accounts identified in your response to Interrogatory Number 19 that have not been previously provided for forensic review.

**Answer:**

13. Pursuant to Judge Moon's Memorandum Opinion and Order of August 25, 2022, (ECF No. 110), produce all data, documents and other information that was contained in "Lamb's Evernote account as it existed October 2021."

**Answer:**

14. Produce the "approximately 2.61 gigabytes" that constitutes the "discrepancy" of the "data" that was on your Liberty laptop when it was first imaged by Christopher Racich pursuant to the parties' Forensics Protocol on April 14, 2022 (*see* ECF No. 110 at 9), and the data that was in your Evernote account on October 10, 2021, as indicated by the shadow file you left behind on your Liberty laptop. (*Id.*)

**Answer:**

15. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all data and documents that you removed in whatever way and of whatever kind from Evernote in the period between April 14, 2022 and the present.

**Answer:**

16. Produce all audio recordings you made that in any way mention or discuss the topic of Title IX.

**Answer:**

17. Produce all your communications with podcaster Julie Roys from March 1, 2021 to the present related to the topic of Liberty University, sexual harassment, and Title IX.

**Answer:**

18. Produce all your communications with WSET ABC TV from March 1, 2021 to the present related to the topic of Liberty University, sexual harassment, and Title IX.

**Answer:**

19. Produce all your communications with Jerry Falwell Jr. related to the topic of Liberty University, sexual harassment, and Title IX.

**Answer:**

20. Produce all your communications to and from all "media outlets" identified by you in paragraph 49 of your proposed Second Amended Complaint.

**Answer:**

Dated:  September 27, 2022

                                      Respectfully submitted,

                                      LIBERTY UNIVERSITY, INC.
                                      BY COUNSEL:

      /s/ Scott C. Oostdyk
Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2022, I served the foregoing on all counsel of record via electronic mail.

_____/s/_____
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
hsiegmund@mcguirewoods.com

*Counsel for Counterclaim Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| WALTER SCOTT LAMB, | ) |
|     Counterclaim Defendant, | ) ) ) |
| v. | )   Civil Action No. 6:21-cv-55 |
| LIBERTY UNIVERSITY, INC., | ) ) ) |
|     Counterclaim Plaintiff. | ) |

**LIBERTY UNIVERSITY, INC.'S THIRD SET OF INTERROGATORIES TO WALTER SCOTT LAMB**

Counterclaim Plaintiff Liberty University, Inc. ("Liberty"), by counsel, and pursuant to the Court's Memorandum Opinion and Order (ECF No. 110) and Federal Rule of Civil Procedure 33, submits the following as its Third Set of Interrogatories to Counterclaim Defendant Walter Scott Lamb.

**GENERAL INSTRUCTIONS**

1. If you object to all or any part of these Interrogatories on the basis of a claim of privilege or work-product protection, or if you withhold all or any part of any answer on the basis of such claim, for each such objection or claim provide the following information: the subject matter of the information withheld, the identity of each Person possessing such information or to whom such information was communicated, the means by which such information was communicated, the date of the communication, and the nature of privilege or protection asserted.

2. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

3. These Interrogatories are deemed continuing to the fullest extent permissible. These

1

Interrogatories therefore require not only that you provide all information known to you up to the date of response, but also that if you subsequently acquire responsive information, you should promptly furnish it in writing and under oath to undersigned counsel.

4. If you object to all or any part of these Interrogatories as vague, confusing, hard to understand, or you otherwise want to talk through some issues relating to these requests, please have your attorneys contact Liberty's attorneys at the phone numbers in the signature block to resolve the issue. Please do not wait and object instead of attempting to resolve with a phone call.

## DEFINITIONS

1. "You," "your," and "Counterclaim Defendant" or any variant thereof, shall refer to Counterclaim Defendant Walter Scott Lamb.

2. "Counsel" or "attorney" or any variant thereof, shall refer to counsel in this matter for Counterclaim Defendant Walter Scott Lamb, including Thomas H. Roberts & Associates, PC, and Northon Law, PLLC.

3. "Document," "documents," or any variant therefor, shall be defined to the broadest extent possible and includes, whenever applicable and without limitation, both "documents" and "electronically stored information," and further includes to the extent that same are within the possession, custody, or control of Plaintiff, the originals (absent any original, a copy) of any recording of any intelligence or information, whether handwritten, typed, printed or otherwise magnetically, optically, visually or aurally stored or reproduced, including but not limited to email, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements,

minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video and sound reproductions, printout sheets, electronic records such as text messages, email, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical, magnetic, optic, or photographic reproductions or recordings thereof in the possession, custody or control of Counterclaim Defendant or known to Counterclaim Defendant whether or not prepared by Counterclaim Defendant.

4. "Related to," "relating to," and "related," or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

5. "Communication," or any variant thereof, includes any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, and shall include, without limitation, written contact by means such as emails, letters, memoranda, telegrams, telecopies, telexes, emails, text messages, or any other document, and oral contact, such as face-to-face meetings or telephone conversations and any written confirmation thereof.

6. "Identify," with respect to documents or things, means to give, to the extent known, the (a) type of document; (b) subject line (if an e-mail) or general subject matter (for other types of documents); (c) author(s), addressees(s), and recipient(s); and (d) date of creation of the document.

7. "Person," "Persons," or any variant thereof, means any natural person, as well as any juristic person (e.g., corporation) or any business entity (e.g., partnership or joint venture) and his

or her, its or their officers, agents and employees.

8. "Complaint" shall refer to the Complaint, First Amended Complaint, and/or Proposed Second Amended Complaint filed by Walter Scott Lamb in the above-captioned action.

## INTERROGATORIES

**Interrogatory No. 16:** Identify all devices (including devices belonging to any of your family members) from which you have ever accessed Evernote since January 1, 2021, including in your answer (1) the current location of each device; and (2) whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol.

**Answer:**

**Interrogatory No. 17:** Identify all devices or electronic storage accounts to which you have downloaded documents from Evernote (regardless of whether you consider such documents personal) since October 4, 2021, including in your answer (1) the current location of each device; and (2) whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol.

**Answer:**

**Interrogatory No. 18:** Identify all documents, materials, or things that have been deleted or removed from your Evernote account since October 4, 2021, including in your answer for each item (1) the type of document; (2) the subject of the document; (3) the date the document was deleted; (4) whether you retained any copies of the document; and (5) the current location, storage area, or space of each document.

**Answer:**

**Interrogatory No. 19:**  Identify all devices that you used to make audio recordings in the course of your Liberty employment, including in your answer (1) the current location of each device; and (2) whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol.

**Answer:**

**Interrogatory No. 20:**  Identify the content any documents, materials, and things you deleted from your Evernote account since December 17, 2021 that were not moved to storage in a different area, location, or space.

**Answer:**

Dated:  September 27, 2022

                                    Respectfully submitted,

                                    LIBERTY UNIVERSITY, INC.
                                    BY COUNSEL:

                                      /s/ Scott C. Oostdyk
                                    Scott C. Oostdyk (VSB No. 28512)
                                    Heidi E. Siegmund (VSB No. 89569)
                                    McGuireWoods LLP
                                    Gateway Plaza
                                    800 East Canal Street
                                    Richmond, VA 23219
                                    (804) 775-1000
                                    (804) 775-1061 (facsimile)
                                    soostdyk@mcguirewoods.com
                                    hsiegmund@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September 2022, I electronically served the foregoing on all counsel of record via electronic mail.

                                                       /s/
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
hsiegmund@mcguirewoods.com

*Counsel for Counterclaim Plaintiff*