# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

WALTER SCOTT LAMB,
      Plaintiff/Counterclaim Defendant,

v.                                              Case No. 6:21-cv-00055

LIBERTY UNIVERSITY, INC.,
      Defendant/Counterclaim Plaintiff.

## LAMB'S OBJECTIONS AND RESPONSES TO LIBERTY UNIVERSITY'S SECOND REQUESTS FOR PRODUCTION

Comes now counsel for Walter Scott Lamb, and states the following objections and responses to Liberty University's third interrogatories:

1. Produce all text messages you have ever sent or received in the course of your employment at Liberty that were, at any point, saved or stored in your Evernote account.

**Objection:** The term "you" and "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret these term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** After a reasonable search, Lamb cannot located any responsive records in his possession, apart from those produce to Lamb by Liberty in discovery in this case (e.g., LU-1126 to -1133, -1265, -1325 to -1335, -1358 to -1513, -1515 to -1520, -1528 to -1530, -1531 to -1543, -1548 to 1549, -1569, -1552 to -1553, -1571, -1577 to -1600, -1622 to -1625, -1633 to -1636, -1652 to -1670, -1676 to -1679, -1688 to -1695, -1698 to -

1701, -1707, -1726 to -1730, -1804 to -1818, -1847, -1849 to -1850, -1855 to -1878, -1899 to -

1903, -1924 to -1927,  -1938 to -1978, -1997, -2034 to -2043, -2054 to -2075, -2083 to -2096, -

2100 to -2126, -2133 to -2236, -2240 to -2241, -2254 to -2255, -2258, -2344 to -2346, -2394 to -

2400, -2445 to -2453, -2460, -2470 to -2475, -2484 to -2494, -2501 to -2502, -2506 to -2507, -

2510, -2541, -2549, -2554 to -2581, -2585 to -2590, -2600, -2610 to -2620, -2622 to -2814, -

2829 to -2830, -2833 to -2835, -2887 to -2912, -2927, -2931, -2936 to -2939, -2947 to -2952, -

2954 to -2960, -2978 to -3023, -3130 to -3132, -3157 to -3183, -3191 to -3205, -3210 to -3230, -

3238 to -3241, -3244 to -3248, -3252 to -3256, -3274 to -3280, -3297 to -3308, -3313 to -3315, -

3322, -3335, -3345 to -3353, -3393 to -3400, -3409 to -3411, -3416 to -3421, -3430 to -3435, -

3437 to -3438, -3442 to 3445, -3447, -3479 to -3480, and -3498).

Lamb believes he likely delivered additional responsive materials to Liberty on the

Liberty computer on or about October 22, 2021. Lamb may also have delivered additional

materials to Liberty pursuant to the forensic protocol. At Liberty's request, on September 15,

2022, Lamb made available to Liberty the credentials to the Evernote account that he used to

store Liberty materials, but to his knowledge no responsive materials are on that account. He is

not aware of having deleted or disposed of any other responsive materials after the termination of

his employment with Liberty.

2.  Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all credentials

for and/or access to cloud accounts (iCloud or otherwise) that were, at any point,

connected to any iPhones that you used between October 4, 2021 and April 17, 2022.

**Objection:** The term "you" in this request, as defined in Paragraph 1 of the Definitions,

is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to

Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those

imposed by the Federal Rules of Civil Procedure. The demand to produce this information "to Christopher Racich at Vestigant, LLC" is contrary to the instructions in the opening paragraph of the document and Paragraph 1 of the Instructions to produce the documents for inspection and copying at the offices of McGuireWoods LLP. Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** Christopher Racich can contact counsel for Mr. Lamb for this information.

3. Produce all voicemails and text messages you created, sent, and/or received in the course of your employment as a Liberty employee.

**Objection:** The term "you" and "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret these terms as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** After a reasonable search, Lamb cannot located any responsive records in his possession, apart from those produce to Lamb by Liberty in discovery in this case (e.g., LU-1037, -1046, -1058 to -1059, -1072, -1079 to -1080, -1095, -1098, -1126 to -1133, -1265, -1325 to -1335, -1358 to -1513, -1515 to -1520, -1528 to -1530, -1531 to -1543, -1548 to 1549, -1569, -1552 to -1553, -1571, -1577 to -1600, -1622 to -1625, -1633 to -1636, -1652 to -1670, -1676 to -1679, -1688 to -1695, -1698 to -1701, -1707, -1726 to -1730, -1804 to -1818, -1847, -1849 to -1850, -1855 to -1878, -1899 to -1903, -1924 to -1927, -

1938 to -1978, -1997, -2034 to -2043, -2054 to -2075, -2083 to -2096, -2100 to -2126, -2133 to -

2236, -2240 to -2241, -2254 to -2255, -2258, -2344 to -2346, -2394 to -2400, -2445 to -2453, -

2460, -2470 to -2475, -2484 to -2494, -2501 to -2502, -2506 to -2507, -2510, -2541, -2549, -

2554 to -2581, -2585 to -2590, -2600, -2610 to -2620, -2622 to -2814, -2829 to -2830, -2833 to -

2835, -2887 to -2912, -2927, -2931, -2936 to -2939, -2947 to -2952, -2954 to -2960, -2978 to -

3023, -3130 to -3132, -3157 to -3183, -3191 to -3205, -3210 to -3230, -3238 to -3241, -3244 to -

3248, -3252 to -3256, -3274 to -3280, -3297 to -3308, -3313 to -3315, -3322, -3335, -3345 to -

3353, -3393 to -3400, -3409 to -3411, -3416 to -3421, -3430 to -3435, -3437 to -3438, -3442 to

3445, -3447, -3479 to -3480, and -3498).

Lamb may have delivered additional responsive materials to Liberty on the Liberty

computer on or about October 22, 2021. Lamb may also have delivered additional materials to

Liberty pursuant to the forensic protocol. At Liberty's request, on September 15, 2022, Lamb

made available to Liberty the credentials to the Evernote account that he used to store Liberty

materials, but to his knowledge no responsive materials are on that account. Lamb was not in the

practice of routinely preserving voicemails made in the course of his employment with Liberty,

but rather typically deleted them in the ordinary course of his employment. Lamb did not set up

the voicemail on his personal cell phones that he used for business purposes. Lamb is not aware

of whether Liberty independently preserves voicemails to his office line, or what voicemails

Liberty may have in its possession from that source.

    4.   Produce all voicemails and text messages between you and any other person concerning the meeting you attended on October 4, 2021, as described in your First Amended Complaint.

**Objection:** The term "you" and "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret these terms as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. This request may implicate attorney-client privilege, spousal privilege, clergy-penitent privilege, and work product privilege. Lamb objects to Instructions 4 and 5 to the extent to imposes obligations greater than what is imposed by the Federal Rules of Civil Procedure. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** After a reasonable search, Lamb cannot locate any responsive records in his possession. He is not aware that any have ever existed.

5. Produce all voicemails and text messages between you and any other person concerning any allegations of sexual harassment, sexual assault, sex discrimination, or sexual misconduct made by or against any Liberty students, employees, officers, trustees, or agents.

**Objection:** The term "you" and "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret these terms as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. "Liberty students, employees, officers, trustees, or agents" is ambiguous. Lamb will interpret this to mean known present or former Liberty students, employees, officers, trustees, or agents. This request is not subject to reasonable

time constraints. This request may implicate attorney-client privilege, spousal privilege, clergy-penitent privilege, and work product privilege. Lamb objects to the extent to imposes obligations greater than what is imposed by the Federal Rules of Civil Procedure.  Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** After a reasonable search, Lamb cannot locate any responsive records in his possession, apart from those produced to Lamb by Liberty in discovery in this case (E.g. LU-1079, -2723, -2779).

Lamb likely delivered additional responsive materials to Liberty on the Liberty computer on or about October 22, 2021. Lamb may also have delivered additional materials to Liberty pursuant to the forensic protocol. At Liberty's request, on September 15, 2022, Lamb made available to Liberty the credentials to the Evernote account that he used to store Liberty materials, but to his knowledge no responsive materials are on that account. Lamb was not in the practice of routinely preserving voicemails made in the course of his employment with Liberty, but rather typically deleted them in the ordinary course of his employment.

6. Produce all voicemails and text messages between you and any other person concerning any opinion you allegedly formed concerning Liberty's compliance with its obligations under Title IX.

**Objection:** The term "you" and "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret these terms as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond

those imposed by the Federal Rules of Civil Procedure. This request is not subject to reasonable time constraints. This request may implicate attorney-client privilege, spousal privilege, clergy-penitent privilege, and work product privilege. Lamb objects to Instructions 4 and 5 to the extent to imposes obligations greater than what is imposed by the Federal Rules of Civil Procedure. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** After a reasonable search, Lamb cannot locate any responsive records in his possession. Lamb may have delivered responsive materials to Liberty on the Liberty computer on or about October 22, 2021. Lamb may also have delivered additional materials to Liberty pursuant to the forensic protocol. At Liberty's request, on September 15, 2022, Lamb made available to Liberty the credentials to the Evernote account that he used to store Liberty materials, but to his knowledge no responsive materials are on that account.

7. Produce all voicemails and text messages between you and any named or unnamed plaintiff in the case of *Jane Does 1-12 v. Liberty University, Inc.*, E.D.N.Y. Case No. 2:21-cv-3964.

**Objection:** The term "you" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. This request is not subject to reasonable time

constraints. Lamb is not aware of all the unnamed plaintiffs in the referenced case. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** Mr. Lamb is not aware, or does not recall, the identity of all the named or unnamed plaintiffs in the referenced case. Mr. Lamb has located none in his possession.

8. Produce all voicemails and text messages between you and any other person concerning your termination from Liberty.

**Objection:** The term "you" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. This request may implicate attorney-client privilege, spousal privilege, clergy-penitent privilege, and work product privilege. Lamb objects to Instructions 4 and 5 to the extent to imposes obligations greater than what is imposed by the Federal Rules of Civil Procedure.  Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** After a reasonable search, Lamb cannot locate any responsive records in his possession.

9.  Produce all voicemails and text messages you created and/or received in the course of your employment as a Liberty employee.

**Objection:** The term "you" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** See the response to Request for production 3, above.

10. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all devices identified in your response to Interrogatory Number 16 that have not been previously provided for forensic review.

**Objection:** The term "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb.  Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. The demand to produce this information "to Christopher Racich at Vestigant, LLC" is contrary to the

instructions in the opening paragraph of the document and Paragraph 1 of the Instructions to produce the documents for inspection and copying at the offices of McGuireWoods LLP.

**Response (without waiving objections):** None.

11. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all devices or storage accounts identified in your response to Interrogatory Number 17 that have not been previously provided for forensic review.

**Objection:** The term "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. The demand to produce this information "to Christopher Racich at Vestigant, LLC" is contrary to the instructions in the opening paragraph of the document and Paragraph 1 of the Instructions to produce the documents for inspection and copying at the offices of McGuireWoods LLP.

**Response (without waiving objections):** None.

12. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all devices or storage accounts identified in your response to Interrogatory Number 19 that have not been previously provided for forensic review.

**Objection:** The term "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. Lamb objects to Instruction 7 to the extent that

it requests information that is not appropriate for a request for production and imposes

obligations beyond those imposed by the Federal Rules of Civil Procedure. The demand to

produce this information "to Christopher Racich at Vestigant, LLC" is contrary to the

instructions in the opening paragraph of the document and Paragraph 1 of the Instructions to

produce the documents for inspection and copying at the offices of McGuireWoods LLP.

**Response (without waiving objections):** None

13. Pursuant to Judge Moon's Memorandum Opinion and Order of August 25, 2022, (ECF
No. 110), produce all data, documents and other information that was contained in
"Lamb's Evernote account as it existed October 2021."

**Objection:** The term "your" in this request, as defined in Paragraph 1 of the Definitions,

is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to

Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those

imposed by the Federal Rules of Civil Procedure. Lamb objects to Instruction 7 to the extent that

it requests information that is not appropriate for a request for production and imposes

obligations beyond those imposed by the Federal Rules of Civil Procedure. "'[A]s it existed

October 2021'" is ambiguous. Lamb will interpret this as meaning as it existed on October 6,

2021.

**Response (without waiving objections):** Lamb delivered responsive materials to Liberty

on the Liberty computer on or about October 22, 2021. Liberty has asserted that it received at

least 14,698 files at this time. ECF Doc. 113-5 at 5. Lamb also delivered additional or duplicative

materials to Liberty pursuant to the forensic protocol. Liberty acknowledges receipt of 2,156

electronic files at this time, in addition to paper files. At Liberty's request, on September 15,

2022, Lamb made available to Liberty the credentials to the Evernote account that he used to

Case 6:21-cv-00055-NKM-RSB   Document 137-2   Filed 12/09/22   Page 13 of 29   Pageid#: 3087

store Liberty materials, but to his knowledge no responsive materials are on that account. This contains 7,075 files responsive files. Mr. Lamb is unaware of any additional responsive information in his possession.

14. Produce the "approximately 2.61 gigabytes" that constitutes the "discrepancy" of the "data" that was on your Liberty laptop when it was first imaged by Christopher Racich pursuant to the parties' Forensics Protocol on April 14, 2022 (*see* ECF No. 110 at 9), and the data that was in your Evernote account on October 10, 2021, as indicated by the shadow file you left behind on your Liberty laptop. (*Id.*)

**Objection:** This request is disproportionate to the needs of the case. Liberty has unrestricted access to the 2.7 gigabytes of deleted Evernote data on the work laptop, and therefore possesses any the documents constituting the approximately 2.61 gigabytes discrepancy. ECF Doc. 110 at 9. Further, Lamb is without information as to the items contained in the 2.7 gigabytes of Evernote data on the work laptop, because Liberty refused to provide the information requested about those particular files in response to Interrogatory 23. See ECF Doc. 113-5 at 5. As such, Lamb lacks information necessary to respond to this request. ECF Doc. 113-5 at 5. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** Lamb delivered responsive materials to Liberty on the Liberty computer on or about October 22, 2021. Liberty has asserted that it received at least 14,698 files at this time. ECF Doc. 113-5 at 5. At Liberty's request, on September 15, 2022,

Lamb made available to Liberty the credentials to the Evernote account that he used to store Liberty materials, but to his knowledge no responsive materials are on that account. This contains 7,075 files responsive files. Mr. Lamb is unaware of any additional responsive information in his possession.

> 15. Produce for forensic inspection to Christopher Racich at Vestigant, LLC, all data and documents that you removed in whatever way and of whatever kind from Evernote in the period between April 14, 2022 and the present.

**Objection:** This request is disproportionate to the needs of this case, as Liberty performed a forensic collection of all documents in the Evernote account related to this case on April 14, 2022, and so has possession of these records already, insofar as they are relevant to this case. ECF Doc. 110 at 9. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. The demand to produce this information "to Christopher Racich at Vestigant, LLC" is contrary to the instructions in the opening paragraph of the document and Paragraph 1 of the Instructions to produce the documents for inspection and copying at the offices of McGuireWoods LLP. "[F]rom Evernote" is ambiguous. Lamb will assume this means from the Evernote account at issue in this lawsuit.

**Response (without waiving objections):** Lamb believes that he delivered some or all of the responsive materials to Liberty on the Liberty computer on or about October 22, 2021. Lamb delivered materials to Liberty pursuant to the forensic protocol. After reasonable inspection, Lamb cannot identify any additional materials he has in his possession.

16. Produce all audio recordings you made that in any way mention or discuss the topic of Title IX.

**Objection:** The term "you" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. This request is not subject to reasonable time constraints. This request may implicate attorney-client privilege, spousal privilege, clergy-penitent privilege, and work product privilege. Lamb objects to Instructions 4 and 5 to the extent to imposes obligations greater than what is imposed by the Federal Rules of Civil Procedure. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** After a reasonable search, Lamb cannot locate any responsive records in his possession, apart from those produce to Lamb by Liberty in discovery in this case (e.g., LU-1087). Lamb believes he likely delivered additional responsive materials to Liberty on the Liberty computer on or about October 22, 2021. Lamb may also have delivered additional materials to Liberty pursuant to the forensic protocol. At Liberty's request, on September 15, 2022, Lamb made available to Liberty the credentials to the Evernote account that he used to store Liberty materials, but to his knowledge no responsive materials are on that account. He is not aware of having deleted or disposed of any other responsive materials after the termination of his employment with Liberty.

14

17. Produce all your communications with podcaster Julie Roys from March 1, 2021 to the present related to the topic of Liberty University, sexual harassment, and Title IX.

**Objection:** The term "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** Lamb has not located any in his possession, apart from those already in the possession of Liberty (e.g., Transcript at ECF Doc. 36-20). Lamb may have delivered additional responsive materials to Liberty on the Liberty computer on or about October 22, 2021. Lamb may also have delivered additional materials to Liberty pursuant to the forensic protocol. At Liberty's request, on September 15, 2022, Lamb made available to Liberty the credentials to the Evernote account that he used to store Liberty materials, but to his knowledge no responsive materials are on that account. He is not aware of having deleted or disposed of any other responsive materials after the termination of his employment with Liberty.

18. Produce all your communications with WSET ABC TV from March 1, 2021 to the present related to the topic of Liberty University, sexual harassment, and Title IX.

**Objection:** The term "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those

imposed by the Federal Rules of Civil Procedure. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

**Response (without waiving objections):** Lamb has not located any in his possession, apart from those already in the possession of Liberty (e.g., Transcript at ECF Doc. 36-19). Lamb may have delivered additional responsive materials to Liberty on the Liberty computer on or about October 22, 2021. Lamb may also have delivered additional materials to Liberty pursuant to the forensic protocol. At Liberty's request, on September 15, 2022, Lamb made available to Liberty the credentials to the Evernote account that he used to store Liberty materials, but to his knowledge no responsive materials are on that account. He is not aware of having deleted or disposed of any other responsive materials after the termination of his employment with Liberty.

19. Produce all your communications with Jerry Falwell Jr. related to the topic of Liberty University, sexual harassment, and Title IX.

**Objection:** The term "your" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret this term as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. This request is not subject to reasonable time constraints. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). Lamb objects to Instruction 7 to the extent that it requests information that is not

appropriate for a request for production and imposes obligations beyond those imposed by the

Federal Rules of Civil Procedure.

**Response (without waiving objections):** See the Twitter post at

https://twitter.com/insidervthefirm/status/1456639673728749582. Lamb has not located any

other records in his possession, apart from those already in the possession of Liberty (e.g., LU-

1063, -2134 to -2231). Lamb may have delivered additional responsive materials to Liberty on

the Liberty computer on or about October 22, 2021. Lamb may also have delivered additional

materials to Liberty pursuant to the forensic protocol. At Liberty's request, on September 15,

2022, Lamb made available to Liberty the credentials to the Evernote account that he used to

store Liberty materials, but to his knowledge no responsive materials are on that account.

20. Produce all your communications to and from all "media outlets" identified by you in
    paragraph 49 of your proposed Second Amended Complaint.

**Objection:** The term "your" and "you" in this request, as defined in Paragraph 1 of the

Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret these terms as

referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond

those imposed by the Federal Rules of Civil Procedure. This request is not subject to reasonable

time constraints or subject matter constraints. Contrary to the opening paragraph of the

document, this request goes beyond the additional discovery authorized by the Court's

Memorandum Opinion and Order (ECF Doc. 110). This request does not subject to reasonable

time constraints, or subject matter constraints, and does not reasonably specify the records

requested as Lamb does not in fact "identif[y]" any "media outlets" in Paragraph 49 of the

amended complaint. Lamb objects to Instruction 7 to the extent that it requests information that

is not appropriate for a request for production and imposes obligations beyond those imposed by

the Federal Rules of Civil Procedure.

**Response (without waiving objections):** Lamb stands on his objections.


Respectfully Submitted,
By: /s/ Andrew T. Bodoh
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C. 105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB

Ian A. Northon, Esq.
Admitted Only Pro Hac Vice
RHOADES MCKEE PC
Michigan—P65082
Pennsylvania—207733
Florida—101544
55 Campau Ave., N.W., Ste. 300
Grand Rapids, MI 49503
Telephone: (616) 233-5125
ian@rhoadescmkee.com
jjolliffe@rhoadesmckee.com
mclayton@rhoadesmckee.com
ATTORNEYS FOR WALTER SCOTT LAMB


CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I serve the foregoing by email to the following:

Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com

18

hsiegmund@mcguirewoods.com
ATTORNEYS FOR LIBERTY UNIVERSITY, INC.

Respectfully Submitted,
By: /s/ Andrew T. Bodoh
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C. 105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

WALTER SCOTT LAMB,
      Plaintiff/Counterclaim Defendant,

v.                                        Case No. 6:21-cv-00055

LIBERTY UNIVERSITY, INC.,
      Defendant/Counterclaim Plaintiff.

### LAMB'S OBJECTIONS AND RESPONSES TO LIBERTY UNIVERSITY'S THIRD INTERROGATORIES

Comes now counsel for Walter Scott Lamb, and states the following objections and responses to Liberty University's third interrogatories:

**Interrogatory No. 16:**   Identify all devices (including devices belonging to any of your family members) from which you have ever accessed Evernote since January 1, 2021, including in your answer (1) the current location of each device; and (2) whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol.

**Objection:** The term "devices" is ambiguous, to the extent the term was defined uniquely and precisely in the Forensic Protocols. Lamb will use the ordinary meaning of the term instead. "Identify all devices or electronic storage accounts" is nonsensical given the definition of "Identify" in Paragraph 6, with respect to "documents and things." Lamb will use the ordinary meaning of the term "Identify" instead, to the best that he can. The request to "includ[e] in your answers . . . whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol" appears to assume that all devices responsive to this request were required to be produced for review pursuant to the protocol. But Paragraph 1(a)(i) defined the devices to be produced as "[a]ll personal computers, cell phones, and tables ***in Lamb's***

1

*possession, custody or control*, *or to which Lamb has access*, that *currently contain documents that Lamb created or obtained by virtue of his employment with Liberty*." This is materially different in its scope, as it is (1) limited to personal devices, (2) limited to those in Lamb's possession and control, (3) limited to those that currently contain responsive documents, and (4) did not concern accessing non-Liberty documents in or from the Evernote account.

**Answer (without waiving objections):**

Lamb accessed the Evernote account using his Liberty laptop, which was returned to Liberty in October 2021. It was not produced pursuant to the protocols because it was not in Lamb's possession at the time of the protocols.

Lamb has also accessed the Evernote account using the Lenovo laptop he produced pursuant to the forensic protocols. He is not aware that he accessed the Evernote account through any other laptop.

Lamb also accessed the Evernote account using a laptop of an unknown make, that he disposed of in or around March 2022. This was not produced for inspection pursuant to the protocols.

To his knowledge, Lamb has not accessed the Evernote account through any other devices, including any phones, since January 1, 2021.

**Interrogatory No. 17:**   Identify all devices or electronic storage accounts to which you have downloaded documents from Evernote (regardless of whether you consider such documents personal) since October 4, 2021, including in your answer (1) the current location of each device; and (2) whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol.

**Objection:** The term "devices" is ambiguous, to the extent the term was defined uniquely and precisely in the Forensic Protocols. Lamb will use the ordinary meaning of the term instead. "Identify all devices or electronic storage accounts" is nonsensical given the definition of "Identify" in Paragraph 6, with respect to "documents and things." Lamb will use the ordinary meaning of the term "Identify" instead, to the best that he can. The request to "includ[e] in your answers . . . whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol" appears to assume that all responsive devices were required to be produced for review pursuant to the protocol. But Paragraph 1(a)(i) and(iii) defined the devices to be produced as "[a]ll personal computers, cell phones, and tables *in Lamb's possession, custody or control*, *or to which Lamb has access*, that *currently contain documents that Lamb created or obtained by virtue of his employment with Liberty*"; "All external storage media *to which Lamb has access that Lamb*, to his knowledge, has ever connected to any device that ever contained information belonging to Liberty" This is materially different in its scope, as it is (1) limited to personal devices, (2) limited to those in Lamb's possession and control, (3) limited to those that currently contain responsive documents or which were connected to a device that contained responsive information, and (4) did not concern accessing non-Liberty documents or information.

**Answer (without waiving objections):**

1. The Lenova laptop produced for forensic inspection and now in Lamb's possession.

2. The hard drive produced for forensic inspection and now in Lamb's possession.

3. A memory stick that Lamb destroyed with a hammer and disposed of, which was not produced for forensic review.

4.  The laptop of unknown make that Lamb disposed of, which was not produced for

forensic review.


**Interrogatory No. 18:**   Identify all documents, materials, or things that have been deleted

or removed from your Evernote account since October 4, 2021, including in your answer for each

item (1) the type of document; (2) the subject of the document; (3) the date the document was

deleted; (4) whether you retained any copies of the document; and (5) the current location, storage

area, or space of each document.

**Answer:** Prior to approximately December 2021, Lamb would occasionally deleted items

from the Evernote account in the ordinary use of his account, without noting the type of

document, the subject, the date, or other incidents of the document or the deletion.

In or around January 2022, Lamb sorted the items in the Evernote account according to

the date created (i.e., date uploaded to the Evernote account), and deleted all items uploaded

prior to January 1, 2018. He believes that this included approximately 10,000 to 12,000 files. He

did not catalogue the documents, or type of documents, or the subject of the documents.

Generically, these included emails, Microsoft Word documents, Microsoft Excel documents,

PDFs, image files, video files, audio files, HTML files, of business interest or personal interest,

uploaded from approximately 2012 to 2017.

In or around January 2022 to February 2022, Lamb reviewed each of the remaining items

in the account individually, to determine if they were "Liberty" materials, according to the

protocol. He then ran the keyword searches for Liberty materials pursuant to the protocols. With

each Liberty document or document responsive to the Liberty keyword search, he downloaded it,

and promptly deleted it from the Evernote account. A full and complete collection of all these

approximately 2,000 downloaded documents were provided pursuant to the protocols He did not catalogue these documents, or type of documents, or the subject of the documents.

Lamb has not retained from the Evernote account any copies of files that he downloaded or deleted from the Evernote account. However, some of the documents that he uploaded to the Evernote account and subsequently deleted exist in independent form, either with Liberty, or in Lamb's possession, or in the possession of third parties. Lamb would not be able to reliably segregate or identify such items, though, and has produced pursuant to the protocols all Liberty materials he has in electronic or print form, apart from those obtained through discovery in this case.

**Interrogatory No. 19:**  Identify all devices that you used to make audio recordings in the course of your Liberty employment, including in your answer (1) the current location of each device; and (2) whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol.

**Objection:** The term "devices" is ambiguous, to the extent the term was defined uniquely and precisely in the Forensic Protocols. Lamb will use the ordinary meaning of the term instead. "Identify all devices" is nonsensical given the definition of "Identify" in Paragraph 6, with respect to "documents and things." Lamb will use the ordinary meaning of the term "Identify" instead, to the best that he can. The request to "includ[e] in your answers . . . whether the device has been produced for forensic review pursuant to the parties' agreed Forensic Protocol" appears to assume that all responsive devices were required to be produced for review pursuant to the protocol. But Paragraph 1(a)(iv) defined the devices to be produced as "[a]ll recording devices that contain recordings made by Lamb of communications with (i) any current or former

5

employee, trustee, agent, or representative of Liberty, or (ii) any third party with whom Lamb spoke in the course of his employment." This is materially different in its scope, as it is (1) implicitly limited to those in Lamb's possession and control, (2) limited to those that currently contained responsive recordings.

**Answer (without waiving objections):** Lamb has a voicemail account set up with his Liberty office telephone. That account has always been, and remains, in Liberty's custody and control, and so was not produced pursuant to the protocols.

Lamb believes he used his personal iPhones to make audio recordings during his employment with Liberty. Those files were then typically deleted, uploaded to the Evernote account, or otherwise moved to a more permanent location in the ordinary course of his employment. To his knowledge, he had no Liberty-related recordings on his iPhone at or after the termination of his employment. These devises were traded to Verizon with each phone upgrade. They were not produced pursuant to the protocols, as they were not in his possession and did not have Liberty documents.

In 2018, Lamb used a digital voice recorder of an unknown make and model to record conversations in the course of his employment with Liberty. This device malfunctioned during the continuation of his employment with Liberty, and he disposed of it prior to his termination from Liberty.

At the end of 2018 or beginning of 2019, Lamb used Liberty funds to purchase five voice recorders and to institute protocols for four of them to be used by or for President Jerry Falwell Jr. Each of these four was placed in a banker's bag with extra batteries and stored at a location for President Falwell to make easy use of them. One was kept with President Falwell's executive assistant, one in the President's Office conference room in Green Hall, one in President Falwell's

vehicle, and one in President Falwell's home. This was documented in a memo by Lamb at the time, and emailed to Falwell and others using Liberty email. Lamb would occasionally make use of one or another of these as the need arose in the ordinary course of his employment. Lamb has no knowledge as to the current location of these devices, and they were never in his possession after the termination of his employment with Liberty. The fifth device Lamb used in the course of his employment until it malfunctioned in or around the summer of 2021, and he disposed of it in the ordinary course of his employment.

**Interrogatory No. 20:** Identify the content any documents, materials, and things you deleted from your Evernote account since December 17, 2021 that were not moved to storage in a different area, location, or space.

**Answer:** See the response to Interrogatory 18.

VERIFICATION

I declare under penalty of perjury that the foregoing answers are true and correct.

Date: ____/____/_____

_____
Scott Lamb


Respectfully Submitted,
By: /s/ Andrew T. Bodoh
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C. 105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB

Ian A. Northon, Esq.
Admitted Only Pro Hac Vice
RHOADES MCKEE PC

vehicle, and one in President Falwell's home. This was documented in a memo by Lamb at the time, and emailed to Falwell and others using Liberty email. Lamb would occasionally make use of one or another of these as the need arose in the ordinary course of his employment. Lamb has no knowledge as to the current location of these devices, and they were never in his possession after the termination of his employment with Liberty. The fifth device Lamb used in the course of his employment until it malfunctioned in or around the summer of 2021, and he disposed of it in the ordinary course of his employment.

**Interrogatory No. 20:** Identify the content any documents, materials, and things you deleted from your Evernote account since December 17, 2021 that were not moved to storage in a different area, location, or space.

**Answer:** See the response to Interrogatory 18.

VERIFICATION

I declare under penalty of perjury that the foregoing answers are true and correct.

Date: 10 / 27 / 2022

Scott Lamb

Respectfully Submitted,
By: /s/ Andrew T. Bodoh
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C. 105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB

Ian A. Northon, Esq.
Admitted Only Pro Hac Vice
RHOADES MCKEE PC

7

Michigan—P65082
Pennsylvania—207733
Florida—101544
55 Campau Ave., N.W., Ste. 300
Grand Rapids, MI 49503
Telephone: (616) 233-5125
ian@rhoadescmkee.com
jjolliffe@rhoadesmckee.com
mclayton@rhoadesmckee.com
ATTORNEYS FOR WALTER SCOTT LAMB

CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I serve the foregoing by email to the following:

Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com
ATTORNEYS FOR LIBERTY UNIVERSITY, INC.

Respectfully Submitted,
By: /s/ Andrew T. Bodoh
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C. 105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB