# EXHIBIT C

**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

**Heidi Siegmund**
Direct: 804.775.1049

# McGuireWoods

hsiegmund@mcguirewoods.com

November 29, 2022

VIA EMAIL

Andrew T. Bodoh
Thomas H. Roberts & Associates, PC
105 S 1st Street
Richmond, VA 23219
804.783.2000
andrew.bodoh@robertslaw.org

**RE:** *Lamb v. Liberty University, Inc.*, Case No. 6:21-cv-00055

Dear Andrew:

I write to follow up regarding Liberty University, Inc.'s ("Liberty') October 24, 2022 Status Report regarding your client Walter Scott Lamb's ("Lamb") willful spoliation of evidence. As Liberty advised the Court in its Status Report, there are certain areas that Liberty is unable to fully explore as a result of Lamb's spoliation and his sole knowledge thereof. As explained more fully in Liberty's Status report, these areas include:

- The complete contents of the iPhone Lamb used while employed by Liberty;
- The complete contents of Lamb's Evernote;
- The metadata associated with Lamb's Evernote; and
- Audio recordings Lamb made while employed by Liberty

As you are aware, Liberty served the following discovery requests on September 27, 2022 in an effort to ascertain the extent to which any of the spoliated devices and/or information is discoverable:

- Liberty University, Inc.'s Second Requests for Production of Documents
- Liberty University, Inc.'s Third Set of Interrogatories

We have noted several deficiencies in Lamb's responses to these discovery requests.

First, in response to Request for Production No. 20 ("Produce all your communications to and from all 'media outlets' identified by you in paragraph 49 of your proposed Second Amended Complaint"), you raise a number of objections. Namely, you claim that the request is "not subject to reasonable time constraints, or subject matter constraints," and that "it requests information that is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure." However, this Request merely seeks documents directly relevant to an allegation *your client* has placed at issue in this litigation. Federal Rule of Civil Procedure 26(b) is clear that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense*…"

November 29, 2022
Page 2

(emphasis added).  By inserting this allegation into his proposed Second Amended Complaint, Lamb has made such communications directly relevant to his claim, and, therefore, discoverable.

Nevertheless, in an attempt at good-faith cooperation, Liberty will amend RFP No. 20 as follows: "Produce all your communications to and from all 'media outlets' identified by you in paragraph 49 of your proposed Second Amended Complaint from June 1, 2021 to the present."  Please produce all responsive documents or provide a response to this Request by **December 6, 2022**.

Furthermore, in response to nearly all of the other Requests for Production of Documents, you largely state that "Lamb cannot located [sic] any responsive records in his possession, apart from those produce [sic] to Lamb by Liberty in discovery in this case."  As such, it is Liberty's conclusion based on your representation that, aside from the documents that Liberty has produced in this litigation, Lamb does not have any of the following in his possession, custody, or control:

- "[T]ext messages you have ever sent or received in the course of your employment at Liberty that were, at any point, saved or stored in your Evernote account" (RFP No. 1);
- "[V]oicemails and text messages you created, sent, and/or received in the course of your employment as a Liberty employee" (RFP No. 3);
- "[V]oicemails and text messages between you and any other person concerning the meeting you attended on October 4, 2021, as described in your First Amended Complaint" (RFP No. 4);
- "[V]oicemails and text messages between you and any other person concerning any allegations of sexual harassment, sexual assault, sex discrimination, or sexual misconduct made by or against any Liberty students, employees, officers, trustees, or agents" (RFP No. 5);
- "[V]oicemails and text messages between you and any other person concerning any opinion you allegedly formed concerning Liberty's compliance with its obligations under Title IX" (RFP No. 6);
- "[V]oicemails and text messages between you and any named or unnamed plaintiff in the case of *Jane Does 1-12 v. Liberty University, Inc.*, E.D.N.Y. Case No. 2:21-cv-3964" (RFP No. 7);
- "[V]oicemails and text messages between you and any other person concerning your termination from Liberty" (RFP No. 8);
- "[V]oicemails and text messages you created and/or received in the course of your employment as a Liberty employee" (RFP No. 9);
- "all devices identified in your response to Interrogatory Number 16 that have not been previously provided for forensic review" (RFP No. 10);
- "all devices or storage accounts identified in your response to Interrogatory Number 17 that have not been previously provided for forensic review" (RFP No. 11);
- "all devices or storage accounts identified in your response to Interrogatory Number 19 that have not been previously provided for forensic review" (RFP No. 12);
- "[D]ata, documents and other information that was contained in 'Lamb's Evernote account as it existed October 2021" (RFP No. 13);
- "the 'approximately 2.61 gigabytes' that constitutes the 'discrepancy' of the 'data' that was on your Liberty laptop when it was first imaged by Christopher Racich pursuant to the parties' Forensics Protocol on April 14, 2022 (*see* ECF No. 110 at 9), and the data that was in your Evernote account on October 10, 2021, as indicated by the shadow file you left behind on your Liberty laptop" (RFP No. 14);

November 29, 2022
Page 3

- "[D]ata and documents that you removed in whatever way and of whatever kind from Evernote in the period between April 14, 2022 and the present" (RFP No. 15);
- "all audio recordings you made that in any way mention or discuss the topic of Title IX" (RFP No. 16);
- "[C]ommunications with podcaster Julie Roys from March 1, 2021 to the present related to the topic of Liberty University, sexual harassment, and Title IX" (RFP No. 17);
- "[C]ommunications with WSET ABC TV from March 1, 2021 to the present related to the topic of Liberty University, sexual harassment, and Title IX" (RFP No. 18);
- "[C]ommunications with Jerry Falwell Jr. related to the topic of Liberty University, sexual harassment, and Title IX" (RFP No. 19);

It is also Liberty's conclusion based on your representation that Lamb has no additional devices in his possession, custody, or control that have not been provided to Liberty, including but not limited to:

- Lamb's "personal iPhones," as described in Lamb's response to Interrogatory No. 19;
- The "laptop of an unknown make, that he disposed of in or around March 2022," as described in Lamb's response to Interrogatory No. 16;
- The "memory stick that Lamb destroyed with a hammer and disposed of," as described in Lamb's response to Interrogatory No. 17;
- The "digital voice recorder of an unknown make and model," as described in Lamb's response to Interrogatory No. 19
- The "five voice recorders" described in Lamb's response to Interrogatory No. 19

Accordingly, it is Liberty's conclusion that Lamb does not have any of the aforementioned documents or devices in his possession, custody, or control. If this is not true, or if you have further information to add, amendments to offer, or explanations to provide, please supply Liberty with such information and a written list of additional devices and documents immediately and produce such devices and/or documents for review by **December 6, 2022**.

Additionally, we have reason to believe Lamb has communicated with counsel for Jerry Falwell Jr. in connection with a lawsuit currently pending in Lynchburg Circuit Court: *Liberty University, Inc. v. Jerry L. Falwell Jr.*, Case No. CL21000354-00. All such communications are responsive to Liberty's Request for Production No. 19, which states: "Produce all your *communications with Jerry Falwell Jr. related to the topic of Liberty University*, sexual harassment, and Title IX." (Emphasis added.) As such, please produce all communications with Falwell Jr. by **December 6, 2022**.

Finally, as Liberty explained in its Status Report, on October 11, 2022, Liberty received a letter from Apple Inc. in response to its September 29, 2022 subpoena seeking the contents of Lamb's iPhone. A copy of the October 11, 2022 letter from Apple Inc. is attached hereto as **Exhibit 1**. In its letter, Apple Inc. informed Liberty that it could not provide "the contents of electronic communications…without subscriber consent." Accordingly, please have Lamb complete, sign, and return the attached consent form (attached as **Exhibit 2**) to us by **December 1, 2022**.

If you have any questions, please do not hesitate to contact me.

Thank you,

Heidi Siegmund

# EXHIBIT 1



*Via email Delivery*
October 11, 2022

Heidi Siegmund
McGuire Woods LLP
800 East Canal Street
Richmond, VA 23219

Re: Walter Scott Lamb v. Liberty University, Inc.

Dear Counsel,

I am writing on behalf of Apple Inc. ("Apple") with regard to the subpoena in the above-referenced matter. This subpoena was received at Apple on September 29, 2022. After completing a review, Apple objects on the following grounds:

**(1) The request is unduly burdensome to the extent that the records requested can be obtained directly from the account-holders**

Under federal law, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(d)(1). To the extent that the parties may be the account-holders, the data requested may be available to the account-holders.

Account holders can request a copy of the data that Apple stores which is associated with their Apple ID. This information includes, but is not limited to:

-Apple ID account details and sign-in records.

-Data that you store with iCloud such as contacts, calendars, notes, bookmarks, reminders, email, photos, videos, and document.

-App usage information, as it relates to use of iCloud, Apple Music, Game Center and other services.

-A record of the items you have purchased or downloaded from the App Store, iTunes Store, and Apple Books, as well as your browsing history in those stores.

-Records of your Apple retail store and support transactions.

-Records of marketing communications, preferences, and other activity.

Any data that isn't provided is either in a form that is not personally identifiable or linked to your Apple ID, is stored in an end-to-end encrypted format that Apple cannot decrypt, or is not stored by Apple at all. Additionally, some data may have been held only for a very short time and is no longer on our servers.

Apple strives to collect and store the minimum amount of data required to provide the services you use.

Account holders may sign in to the portal at https://privacy.apple.com and select "Get a copy of your data." If you don't see this option, it means that this feature is not available in your country or region.

When you request a copy of your data (or a specific subset of your data), we first verify that you are the account holder making the request. After verification, we organize the data associated with your Apple ID in file formats that are easy to understand. When the data is ready, we post it to your Apple ID account page and notify you that it's available. You have 14 days to download your data, after which it is removed from that location, and you will need to request it again.

Additional data may be available to an account holder on the account holder's respective devices or through device backup files, if existent.

**(2) Apple is barred by federal law from providing the contents of electronic communications in response to a subpoena or court order**

The subpoena requests text messages and other user content which may include contents of electronic communications. Title 18 U.S.C §§ 2701 et seq. of the Stored Communications Act ("SCA") strictly prohibits a provider, such as Apple, from disclosing the contents of communications to third parties without subscriber consent or a search warrant. A subpoena or court order is not sufficient under the SCA to compel production of content from a provider. Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965 (C.D. Cal. 2010); O'Grady v. Super. Ct., 139 Cal. App. 4th 1423 (2006).

**(3) Apple is not in possession of the requested records**

Apple does not store call logs or voicemail messages. This information may be available on the user's device or through the telecommunications carrier. Third party app data may be available on the user's device or from the app developer.

iCloud feature service logs, FaceTime call invitation logs and iMessage capability query logs are retained for up to 25 days.

Through correspondence by this letter, Apple does not intend to waive any other applicable objections, including personal jurisdiction.

Sincerely,

Sean Pinner

Corporate Counsel
Privacy & Law Enforcement Compliance
Apple Inc.
One Apple Park Way
105-2CLP
Cupertino, CA 95014
http://www.apple.com/privacy/
https://www.apple.com/privacy/docs/legal-process-guidelines-us.pdf

APPLE0000003

# EXHIBIT 2

## **CONSENT TO COMPLY WITH SUBPOENA**

I, Walter Scott Lamb, acknowledge that Heidi E. Siegmund with McGuireWoods LLP issued the attached Subpoena to Produce Documents to Apple, Inc. on September 26, 2022 and that this Subpoena to Produce Documents was served on September 27, 2022. I give my consent for Apple, Inc to comply fully with the Document Requests detailed in Attachment A of this subpoena.

_____                                    _____
Date                                                                             Walter Scott Lamb

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| WALTER SCOTT LAMB | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:21-cv-00055 |
| | ) |
| LIBERTY UNIVERSITY, INC. | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                            ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Apple Inc. c/o CT Corporation System, Registered Agent
     4701 Cox Rd Ste 285, Glen Allen, VA, 23060

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
     See Exhibit A.

| Place: Heidi E. Siegmund, McGuireWoods LLP<br>800 East Canal Street<br>Richmond, Virginia  23219 | Date and Time:<br>10/10/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/26/2022

                *CLERK OF COURT*
                                                                  OR
_____            /s/ Heidi E. Siegmund
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Defendant
Liberty University, Inc.                                         , who issues or requests this subpoena, are:
Heidi E. Siegmund , McGuireWoods LLP            Tel:  (804) 775-1000
800 East Canal Street
Richmond, Virginia  23219                                E-mail:  hsiegmund@mcguirewoods.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:21-cv-00055

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment A

1. All text messages sent or received by Walter Scott Lamb ("Lamb") on any and all iPhone(s) assigned the phone number 434-262-2771 (collectively, the "Subject Phones") between January 1, 2018 and December 17, 2021, including content and all metadata (e.g. sender, recipient(s), dates/times, cell tower, delivery status, etc.) associated with such text messages.

2. All stored voicemails received by Lamb on the Subject Phones between January 1, 2018 and December 17, 2021, and all metadata associated with such voicemails (including, without limitation, the date, time, and sender of each voicemail).

3. All logs of voicemails received by Lamb on the Subject Phones between January 1, 2018 and December 17, 2021, and all metadata associated with such voicemails (including, without limitation, the date, time, and sender of each voicemail), even if the voicemail is no longer available in Verizon's systems.

4. Documents reflecting user and activity logs for the Subject Phones between January 1, 2018 and December 17, 2021.

5. Call logs or documents reflecting the telephone numbers called and received calls (including the duration of calls) for the Subject Phones from January 1, 2018 through December 17, 2021.

6. All audio and video recordings that existed on the Subject Phone in use as of October 4, 2021.

7. All audio and video recordings that existed on the Subject Phone in use as of December 17, 2021.

8. Documents sufficient to identify all applications that existed on the Subject Phone in use as of October 4, 2021.

9. A complete copy of the Evernote application (including all associated files and metadata) as it existed on the Subject Phone in use as of October 4, 2021.

10. A complete copy of the Evernote application (including all associated files and metadata) as it existed on the Subject Phone in use as of December 17, 2021.

11. Documents sufficient to identify all applications that existed on the Subject Phone in use as of December 17, 2021.

12. Documents sufficient to identify all text messages, voicemails, or call records deleted from the Subject Phones between January 1, 2018 and the date of this subpoena.

13. Billing statements sent by you to Lamb any cloud storage services associated with the Subject Phones from January 1, 2018 through December 17, 2021.

14. Documents sufficient to identify the dates and amounts of all trade-ins or purchases of cell phones or other Apple devices by Lamb from January 1, 2022 to present, including, without limitation, all purchase receipts, contract renewals or acknowledged agreements by Lamb and Apple.

15. The contents of all iCloud accounts associated with any email address or phone number associated with Walter Scott Lamb (collectively, the "Lamb iCloud Accounts") as of October 4, 2021.

16. The contents of all Lamb iCloud Accounts as of December 17, 2021.

17. All backups that exist for any iOS device associated with any Lamb iCloud Account.

18. All logs showing what devices have been used to access any Lamb iCloud Account between October 4, 2021 and the present.

19. All activity logs associated with the Lamb iCloud Accounts reflecting activity between October 4, 2021 and the present.