# EXHIBIT D

# Thomas H. Roberts & Associates, P.C.

**LITIGATION**

VIRGINIA'S
PERSONAL INJURY
CIVIL RIGHTS
LAW FIRM

Thomas H. Roberts, Esq.
**Andrew T. Bodoh, Esq.**
Jonathan M. Arthur, Esq.

105 S 1st Street
Richmond, VA 23219
www.robertslaw.org

804-783-2000
804-991-4260 (Direct)
FAX 804-783-2105
andrew.bodoh@robertslaw.org

December 5, 2022

Heidi Sigmund
McGuire Woods
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
*Via email*

> Re:   Lamb v. Liberty, Case No. 6:21-cv-55
>         Meet and confer letter of November 29, 2022

Dear Ms. Sigmund:

We received your meet and confer letter. To address the issues to raised for conference, please consider the following:

1. You complain about our objections to your request for production number 20 from your second set of requests, served on us on September 27, 2022. Our responses of October 27, 2022 stated as follows.

> 20. Produce all your communications to and from all "media outlets" identified by you in paragraph 49 of your proposed Second Amended Complaint.
>
> **Objection:** The term "your" and "you" in this request, as defined in Paragraph 1 of the Definitions, is vague, overly broad, and unduly burdensome. Lamb will interpret these terms as referring to Lamb. Lamb objects to Instruction 6 to the extent that it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure. This request is not subject to reasonable time constraints or subject matter constraints. Contrary to the opening paragraph of the document, this request goes beyond the additional discovery authorized by the Court's Memorandum Opinion and Order (ECF Doc. 110). This request does not subject to reasonable time constraints, or subject matter constraints, and does not reasonably specify the records requested as Lamb does not in fact "identif[y]" any "media outlets" in Paragraph 49 of the amended complaint. Lamb objects to Instruction 7 to the extent that it requests information that

> is not appropriate for a request for production and imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.
>
> **Response (without waiving objections):** Lamb stands on his objections.

The request references paragraph 49 of the proposed second amended complaint (ECF Doc. 72-1), which states:

> 49. Beginning in June 2021, several media outlets began to release news articles and podcasts accusing Liberty University of past and current violations of Title IX. This led to numerous additional reports of past or current incidents of sexual harassment or sexual assault circulating, including by victims, on social media.

You assert,

> [T]his Request merely seeks documents directly relevant to an allegation your client has placed at issue in this litigation. Federal Rule of Civil Procedure 26(b) is clear that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" (emphasis added). By inserting this allegation into his proposed Second Amended Complaint, Lamb has made such communications directly relevant to his claim, and, therefore, discoverable. Nevertheless, in an attempt at good-faith cooperation, Liberty will amend RFP No. 20 as follows: 'Produce all your communications to and from all 'media outlets' identified by you in paragraph 49 of your proposed Second Amended Complaint from June 1, 2021 to the present.'

In response, please consider:

a. By indicating you are asking for documents alone, I gather that you withdrawing any demands for information under Instruction 7.

b. Paragraph 49 of the Second Amended Complaint did not put at issue *all* communications with *any* of the media that *happened* to have published news articles about Liberty's Title IX issues after June 1, 2020. In fact, it did not put at issue *Lamb's* communications with the media. As such, your arguments about relevancy do not establish that the requests as phrased is proportionate to the needs of this case.

c. Our objections were largely based on Rule 34(b)(1)(A), which provides that Liberty "must describe with reasonable particularity each item or category of items to be inspected." Your request tells Lamb to produce his communications with "all 'media outlets' *identified* by you in paragraph 49 of your proposed Second Amended Complaint," but Lamb did not "identify" any media outlets in that paragraph, merely stating that "[b]eginning in June 2021, *several media outlets began to release news articles and podcasts*…" Read strictly, there were no responsive records. And this is not merely pedantic. Consider an email to or from someone like Mark Ebner, author of *Off the Deep End: Jerry and Becki Falwell and the Collapse of an Evangelical*

2

*Dynasty*. Are emails that led to this book responsive, or not? Mr. Lamb reasonably stood on his objections because the request does not describe a category of items with reasonable particularity. We don't know who you think was "identified" in paragraph 49.

d. You still have not proposed appropriate subject matter constraints. For instance, the paragraph referenced in the second amended complaint only concerned accusations of "past or current violations of Title IX." Your request is not limited in this fashion, and we did not inject more than Title IX and termination issues through our proposed second amended complaint.

e. What are you really looking to accomplish? This request covers communications with undefined media outlets from June 1, 2021 to present, but request for production 5 in your first set of requests covered all communications with any media outlet concerning Liberty from September 30, 2021 to present. We produced the responsive records in Mr. Lamb's possession, either there or in response to the protocols:

> 5. All communications with any agent or employee of any newspaper, news station, podcast, radio program, blog, or other media outlet (including, without limitation, all media outlets listed in your e-mail dated November 1, 2021 to Tim Lee) concerning Liberty from September 30, 2021 to present.
>
> Objection: Mr. Lamb objects to Instruction # 7 as beyond the appropriate scope of Requests for Production under the Federal Rules of Civil Procedure. "Communication" as defined in Definition # 3 exceeds the scope of "documents or electronically stored information" or "tangible things," under Federal Rule of Civil Procedure 34(a). Only the responsive materials falling within the scope of Federal Rule of Civil Procedure 34(a) have been provided.
>
> Response (without waiving objections): Except with regard to any records that may be produced to Liberty University pursuant to the agreed protocols, or otherwise subject to Requests 9 or 10, see the materials provided, especially SL-001 to -0035.

As such, this request is largely duplicative of the previous request, to the extent that the records concern Liberty. The new request only adds four more months, and limits the request to undefined media outlets. Moreover, Liberty has demonstrated that it has access to all of Lamb's Liberty emails with media. For instance, records that may be responsive to this request include the following ones produced by Liberty, on the subject of Title IX issues: LU-3750 to -3755, 4311, -4341, -4344 to 4347, -4358, -4366 to -4368, -4370 to -4371, -4373, -4376 to -4379, -4405 to -4406, -4488, -4521, -4603 to -4905, -4778 to -4781, -4784 to -4785, -4792 to -4817, -4857 to -4862. As such, Liberty has no need of Lamb's emails from his Liberty account. Pursuant to the protocols, Lamb has dispossessed himself of all Liberty documents, whether in physical form or in his personal accounts, apart from those exchanged in discovery. He has explained this repeatedly, under oath. If you are after Liberty documents, he doesn't have them. And so again, what are you really looking to accomplish?

3

2. You assert, "[I]t is Liberty's conclusion based on your representation that, aside from the documents that Liberty has produced in this litigation, Lamb does not have any of the following in his possession, custody, or control," and then you quote Requests for Production 1 and 3-19, and then various items mentioned in Interrogatories 16, 17, and 19. Lamb has responded fully to these requests, consistent with the Federal Rules, and subject to the objections stated in each response. What is more, he has already disclosed under oath that he dispossessed himself of all Liberty documents. Further requests for information can be addressed in a deposition or in interrogatories, if you choose.

3. You state, "[W]e have reason to believe Lamb has communicated with counsel for Jerry Falwell Jr. in connection with a lawsuit currently pending in Lynchburg Circuit Court: *Liberty University, Inc. v. Jerry L. Falwell Jr.*, Case No. CL21000354-00. All such communications are responsive to Liberty's Request for Production No. 19, which states: 'Produce *all your communications with Jerry Falwell Jr. related to the topic of Liberty University*, sexual harassment, and Title IX.' (Emphasis added.)"
   We have no concern with disclosing that, after responding to the requests for production, Mr. Lamb received an unsolicited email from Mr. Falwell asking him to sign an affidavit, and Mr. Lamb referred it to his counsel to address. You, however, are misconstruing your request. Your requests were limited to "communications with Jerry Falwell Jr. related to *the topic* [note the singular] of Liberty University, sexual harassment, *and* [note the conjunctive 'and', and not the disjunctive 'or'] Title IX." The email did not concern sexual harassment or Title IX, and so was not responsive. However, as it may be responsive to some other discovery request, we have no objection in providing it. See attached.

4. You requested that Lamb sign an authorization addressed to Apple, Inc. See attached.

Respectfully,

*/s/ Andrew T. Bodoh*

Andrew T. Bodoh

4

## Fwd: Draft Affidavits

**Jerry Falwell** <jlfjr@earthlink.net>
Tue 2022-11-08 11:52 AM

To: Scott Lamb <scott@calliopemediagroup.com>;Robert Drewry <rdrewry@wtplaw.com>

📎 1 attachments (14 KB)
Lamb Falwell Affidavit.docx;

Hello Scott.  Hope you're doing well.  Would you consider signing the attached affidavit for our upcoming mediation with LU?  Make any changes you believe are necessary for accuracy.

Thank you.

Jerry

Sent from my iPhone

Begin forwarded message:

> **From:** "J. L. Falwell" <jlfjr@earthlink.net>
> **Date:** November 7, 2022 at 1:39:23 PM EST
> **To:** "Drewry, Robert N." <RDrewry@wtplaw.com>
> **Cc:** "Atkinson, Elizabeth J." <EAtkinson@wtplaw.com>, "Inge, Vernon E." <VInge@wtplaw.com>
> **Subject: RE: Draft Affidavits**
>
> I made some edits.  See attached.  Jerry
>
> **From:** Drewry, Robert N. <RDrewry@wtplaw.com>
> **Sent:** Monday, November 7, 2022 9:01 AM
> **To:** Jerry Falwell <jlfjr@earthlink.net>
> **Cc:** Atkinson, Elizabeth J. <EAtkinson@wtplaw.com>; Inge, Vernon E. <VInge@wtplaw.com>
> **Subject:** Draft Affidavits
>
> Jerry,
>
> The attached is a very rough draft relating to some of the EBTs that Liz is working on. Will you please review and add any details you think add to the events, or correct any misinterpretations.
>
> Thanks



**Robert N. Drewry**| *Associate*
Two James Center | 1021 E. Cary Street, Suite 1700 | Richmond, VA | 23219
**t:** 804.977.3304 | **f:** 804.762.6865 | **m:** 434.841.7992
rdrewry@wtplaw.com | www.wtplaw.com

 

Ma

This transmission contains information from the law firm of Whiteford, Taylor & Preston LLP which may be confidential and/or privileged. The information is intended to be for the exclusive use of the planned recipient. If you are not the intended recipient, be advised that any disclosure, copying, distribution or other use of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately.

AFFIDAVIT

I, Scott Lamb, under penalty of perjury, declare as follows:

1. I was employed by Liberty University ("LU") from (DATE) to (DATE) in the capacity of _____.
2. As part of my duties, I accompanied Jerry Falwell Jr, who was then LU's President on two trips to meet with book publishers.
3. The first trip was June 26, 2018 in New York City for a "round robin" with prospective publishers. At this meeting, Jerry and I discussed an autobiography that would include the history of Liberty University as well as a separate book that would celebrate the 50th Anniversary of LU and discuss the school's history, its place as a leading Christian university along with feature photos etc. This prospective book was to be sold in LU's bookstore, as well as online and through Christian bookstores.
4. Jerry and I then made a second trip on August 1, 2018 to meet with publishers about this same book project.
5. Ultimately, this became the book entitled "50 Years of Training Champions for Christ."
6. The book was self-published by LU in 2021 because we discovered through these meetings that the economics of using an outside publisher did not make sense.

## CONSENT TO COMPLY WITH SUBPOENA

I, Walter Scott Lamb, acknowledge that Heidi E. Siegmund with McGuireWoods LLP issued the attached Subpoena to Produce Documents to Apple, Inc. on September 26, 2022 and that this Subpoena to Produce Documents was served on September 27, 2022. I give my consent for Apple, Inc to comply fully with the Document Requests detailed in Attachment A of this subpoena.

12/01/2022
Date

*Walter Scott Lamb* (signature)
Walter Scott Lamb