CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/6/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **WALTER SCOTT LAMB,** )<br>)<br>**Counterclaim Defendant,** )<br>)<br>v. )<br>)<br>**LIBERTY UNIVERSITY, INC.,** )<br>)<br>**Counterclaim Plaintiff.** )<br>) | Civil Action No.: 6:21-cv-00055 |

ORDER

Before me is Lamb's motion for discovery sanctions. Dkt. 140. Lamb filed this action alleging a retaliation claim under Title IX, which the District Court dismissed. Dkt. 68. Lamb has sought leave to file a Second Amended Complaint, which Liberty opposes. Liberty has asserted several counterclaims, including a claim for defamation. I previously granted in part three of Lamb's motions to compel and ordered Liberty to respond and produce responsive records to several interrogatories and requests for production that related to Lamb's alleged defamatory remarks. Dkt. 133. Lamb now seeks sanctions against Liberty for not sufficiently complying with my order. Liberty responds that Lamb destroyed the documents[1] he now asks Liberty to produce. I **DENY** Lamb's motion.

Lamb seeks sanctions under Federal Rule of Civil Procedure 37(b)(2) and alleges that Liberty violated my November 3, 2022 order to produce convocation speech materials, certain text messages and recordings, and documents Lamb returned to Liberty as part of its forensic protocols. Dkt. 133. Rule 37(b)(2) grants the court discretion to impose sanctions whenever "a

---

[1] Whether Lamb improperly engaged in spoilation of evidence is the subject of separate motion by Liberty which is presently pending before the district court. Dkt. 84.

party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). "The rule's language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before sanctions can be imposed." Sines v. Kessler, No. 3:17-cv-00072, 2021 WL 1208924, at *3 (W.D. Va. Mar. 30, 2021) (Hoppe, J) (citing R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991)) (internal quotation marks omitted). The Fourth Circuit has instructed that a court should be guided by the following four factors in determining whether sanctions are justified: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Beach Mart, Inc. v. L&L Wings, Inc., 784 F. App'x 118, 124 (4th Cir. 2019) (internal quotation marks omitted).

## ANALYSIS

a. Convocation Speech Materials

I previously ordered Liberty to produce 17 documents related to the October 1, 2021, convocation speech given by Liberty's President Prevo. Dkt. 133. Lamb argues that Liberty has disregarded the Court's order and not produced the necessary records. Liberty admits to not producing the records on time due to an inadvertent error. Liberty produced the 17 documents within three hours of Lamb filing the instant motion. Because Liberty has produced the requested documents and Lamb has not articulated any prejudice or harm suffered because of the delay, Lamb's motion for sanctions is moot as it relates to the convocation speech materials.

b. Text Messages and Recordings

I previously ordered Liberty to produce Title IX-related text messages and audio recordings that were responsive to Requests for Production 6, 10, 11, and 19. Lamb argues that these text messages and audio recordings were never produced and that "[t]his information is pertinent to the defamation claim, and it is also relevant to Liberty's motion for sanctions against Lamb[.]" Dkt. 140 at 7. Liberty contends it has produced all responsive text messages and audio records and that Lamb has destroyed much of the evidence he now seeks to obtain through Liberty's production.

I also ordered Liberty to identify specific files that it asserts it owned and Lamb destroyed in response to Interrogatory 25. Lamb asserts that Liberty has committed perjury in its response because Liberty stated it could not discern the extent to which it had access to any of the information on Lamb's cell phone or other electronics. Liberty further argues that it never had access to Lamb's text messages and cannot recover them by other means. Lamb argues that Liberty deliberately misconstrues the facts and has already produced "150 text strings from Lamb over the course of two years[.]" Dkt. 140 at 12. Additionally, Lamb argues that Liberty would have access to the counterparts of text message exchanges that he had with Liberty's employees. Liberty contends that its response is fully consistent with its position that Lamb destroyed his text messages and that Liberty no longer has access to them. [2]

With no evidence to the contrary that Liberty has produced all responsive text messages and audio recordings, I find that Lamb has not met his burden for sanctions. While the Fourth Circuit "has not clearly defined the movant's burden of proof on a motion for sanctions under Rule 37(b), . . . proving misconduct by clear and convincing evidence, as opposed to by a mere

---

[2] I do not comment on whether Lamb destroyed any documents. That issue is reserved for the district court on Liberty's Motion for Sanctions (Dkt. 84).

preponderance, certainly suffices[.]" Sines, 2021 WL 1208924, n. 5. Lamb has not established non-compliance and can provide no evidence to suggest that Liberty has responsive records that it has deliberately not produced. Lamb instead tries to place the burden on Liberty to prove that text messages and audio recordings do not exist. Accordingly, I deny Lamb's motion as it relates to Title-IX related text messages and audio recordings.

    c. Catalog of Documents Produced under the Protocols

I ordered Liberty to produce information about each document Lamb delivered to Liberty under its forensic protocol in response to Interrogatory 24. Lamb argues that Liberty has not complied with this order and has instead failed to answer the interrogatory fully by not specifying which documents Liberty claims to be privileged or confidential and not producing paper files that Lamb delivered under Liberty's forensic protocol. Liberty counters that it has fully complied with the Court's order and that its review and production of documents is ongoing. Lamb has again not met his burden. Lamb has failed to show how Liberty acted in bad faith or to articulate that what Liberty has not produced has been prejudicial. Accordingly, I deny Lamb's motion as it relates to the catalog of documents produced under Liberty's forensic protocol.

CONCLUSION

Based on the foregoing reasons, I find that Lamb has not met his burden to show that Liberty failed to comply with my discovery order and that sanctions are justified. Accordingly, Lamb's Motion for Sanctions, Dkt. 138, is **DENIED**.

    It is so **ORDERED**.

Entered:  February 6, 2023

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

5