IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **WALTER SCOTT LAMB,** | ) |
| | ) |
| **Counterclaim Defendant,** | ) |
| | ) |
| v. | ) Civil Action No. 6:21-cv-55 |
| | ) |
| **LIBERTY UNIVERSITY, INC.,** | ) |
| | ) |
| **Counterclaim Plaintiff.** | ) |
| | ) |

**LIBERTY UNIVERSITY, INC.'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(2) AND INCORPORATED MEMORANDUM IN SUPPORT**

Counterclaim Plaintiff Liberty University, Inc. ("Liberty"), by counsel and pursuant to Federal Rule of Civil Procedure 41(a)(2), and with respectful consideration of this Court's Oral Order of April 25, 2023, attached hereto as Exhibit A, hereby moves to voluntarily dismiss in its entirety its Counterclaim against Walter Scott Lamb ("Lamb"). In support of its motion, Liberty states as follows:

1. Lamb originated this action in 2022 by filing a suit against Liberty that asserted serious whistleblower allegations and requested significant damages. (ECF No. 1.)

2. In response, and because of Lamb's litigiousness, Liberty filed a reactive seven-count Counterclaim, with Liberty's claims against Lamb all arising out of the same factual nexus as Lamb's Complaint. (ECF No. 10.)

3. Liberty proceeded with discovery to defend against Lamb's claim and to prosecute its counterclaims. Liberty ran into great difficulty, however, when it discovered Lamb had committed

wholesale spoliation of evidence that marred Liberty's progress in both defending the Lamb claim and in proving the Liberty counterclaims.

4. On February 22, 2023, this Court dismissed Lamb's Complaint with prejudice as a sanction for Lamb's deliberate and widespread spoliation of evidence, proven by then by Liberty. (ECF No. 147.)

5. At the invitation of this Court, and because of the rights conferred to Liberty by precedent and the Federal Rules of Civil Procedure, Liberty then filed a petition with this Court (ECF No. 150) seeking to recover its fees and expenses in connection with prosecuting its successful dismissal motion against Lamb for spoliation of evidence, as a sanction this Court had the power to issue (hereinafter, the "Fee Petition").

6. The Fee Petition has been fully briefed by the parties (ECF Nos. 151 – 154) and is currently pending before the Magistrate for resolution.

7. Because of the impact of Lamb's spoliation of evidence on the progress of this case, and because of Liberty's desire to heed this Court's Oral Order to mediate, issued as it was in furtherance of judicial economy and conservation of scarce Court resources, Liberty has now elected to narrow its action against Lamb by voluntarily dismissing its Counterclaim in its entirety, leaving solely the pending Fee Petition to be resolved among the parties to this case.

8. It is well-established that a plaintiff's motion for voluntary dismissal under F.R.C.P. 41(a)(2) should be granted absent evidence of substantial prejudice to the defendant. *See, e.g., Kenrose Mfg. Co., Inc. v. Fred Whitaker Co., Inc.*, 512 F.2d 890, 895 (4th Cir. 1972); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 ("The purpose of Rule 41(a)(2) is freely to allow voluntary dismissal unless the parties will be unfairly prejudiced."); *Dean v. WLR Foods, Inc.*, 204 F.R.D. 75, 77 (W.D. Va. 2001) (emphasis added); *see also RMD Concessions, L.L.C. v.*

*Westfield Corp., Inc.*, 194 F.R.D. 241, 243 (E.D. Va. 2000) ("It is established that defendants are entitled to protection from legal prejudice, and not from mere inconvenience or tactical disadvantage.").

9. In this case, Lamb will suffer no substantial prejudice from dismissal of Liberty's Counterclaim. As explained above, Liberty is moving for voluntary dismissal roughly two months after the Court's dismissal of Lamb's Complaint, which has consequently narrowed the scope of the case. Additionally, there are no pending motions for summary judgment, and the trial date is nearly four months away. This Court should accordingly follow the general rule that "[v]oluntary dismissal under [Rule 41(a)(2)] is favored" and issue an Order dismissing Liberty's complete Counterclaim. *RMD Concessions, L.L.C.*, 194 F.R.D. at 242.

10. For the foregoing reasons, Liberty respectfully requests that the Court issue an order dismissing Liberty's Counterclaim. In keeping with this Court's Oral Order, and that discovery of Liberty's Counterclaim will have been ended by Liberty's motion for voluntary dismissal, Liberty also moves for the remnant issue of Liberty's pending Fee Petition to be ordered to mediation with the Magistrate, for potential resolution pre-determination of that Fee Petition based on the potential ability of the parties to reach settlement of all remaining issues in this case.

Dated: April 26, 2023

Respectfully submitted,

LIBERTY UNIVERSITY, INC.
BY COUNSEL:

   /s/ Scott C. Oostdyk
Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219

3

(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send a true and correct copy to all counsel of record.

/s/
Scott C. Oostdyk (VSB No. 28512)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
hsiegmund@mcguirewoods.com