# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

**WALTER SCOTT LAMB,**
    **Plaintiff/Counterclaim Defendant,**

**v.**                                                        **Case No. 6:21-cv-00055**
**LIBERTY UNIVERSITY, INC.,**
    **Defendant/Counterclaim Plaintiff.**

## LIBERTY UNIVERSITY, INC.'S OBJECTIONS AND RESPONSES TO MR. LAMB'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Counterclaim Plaintiff LIBERTY UNIVERSITY, INC. ("Liberty"), by counsel and pursuant to Federal Rule of Civil Procedure 34, submits the following Objections and Responses to Counterclaim Defendant Walter Scott Lamb's ("Lamb") Third Set of Requests for Production of Documents.

## PRELIMINARY STATEMENT

Liberty has not fully completed its investigation, discovery, analysis, legal research and preparation for trial.  The responses and objections contained herein are based only upon the information and documentation presently available and known to Liberty.  Liberty has provided information that is true and correct to the best of its knowledge as of the date of service of these Responses, but it is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses and objections.  Accordingly, Liberty reserves the right to modify these responses and objections based on subsequently ascertained or developed information, documentation, facts and/or contentions.  Subject to the objections asserted below, Liberty's responses are made in a good faith effort to reasonably respond to these Requests based on presently available information and documentation.  These responses and/or objections should

Lamb Rule 41
Exhibit 2(A)

not be construed to prejudice Liberty's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Liberty's right to use any additional evidence that may be developed.

Liberty submits these objections and responses to the Requests without conceding the relevance or materiality of the subject matter of any Request, or any document produced pursuant thereto, and without prejudice to its rights to object to the admissibility at trial or in any other proceeding in this action of any particular document or category of documents. The production of any document in response to a Request to which objection is made shall not constitute a waiver of such objection as to other documents or categories of documents. Each of these responses or objections is based on Liberty's understanding of each individual request. To the extent Lamb asserts an interpretation of any request that is inconsistent with Liberty's understanding, Liberty reserves the right to supplement or amend these responses and/or objections as appropriate. Liberty is not knowingly withholding responsive non-privileged documents in its possession, custody, or control except to the extent indicated below.

These responses and objections are made without waiving: (1) the right to raise in any subsequent proceeding or in the trial of this or any other action all questions of relevance, materiality, privilege, and evidentiary admissibility of any response herein or document produced pursuant hereto; (2) the right to object on any grounds to the use or introduction into evidence of such responses or documents in any subsequent proceeding or in the trial of this or any other action; (3) the right to object on any grounds at any time to these requests; or (4) the right to seek entry of an additional appropriate protective order.

## Responses to Requests for Production

37. On or about October 5, 2021, between or about 2 p.m. to 5 p.m., David Corry sent an email to President Jerry Prevo, with Ryan Helfenbein bcc'd, in which Mr. Corry describes to

President Prevo a conversation Mr. Corry had on October 5, 2021, with Mr. Lamb concerning the potential termination of Mr. Lamb's employment Liberty University, Inc. by a mutual agreement, and Mr. Lamb's refusal to accept this offer of a mutual agreement. This email made specific reference to Mr. Lamb discussing Title IX concerns with Mr. Corry in that conversation. Produce a true and authentic copy of that email, including all associated email strings, from Mr. Corry to President Prevo and Mr. Helfenbein. Ryan Helfenbein voluntarily disclosed the contents of this email to Walter Scott Lamb on or about October 5, 2021.

**RESPONSE:** Liberty objects to this Request on the ground that "mutual agreement" is vague and ambiguous. Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine. Liberty is not producing documents based on its objections to this Request.

38. At the hearing on September 29, 2022, counsel for Liberty University, Inc. stated:

> [T]he frequently asked questions related to that online portal and related to the hotline . . . specified that complaints relating to Title IX should not be submitted through the portal. If someone -- whether it's a Jane Doe or someone else, if someone ignored that warning and proceeded to submit a Title IX-related complaint through the portal, that person would have received a communication from Gentry Locke saying: This is not what this investigation is about. Your complaint will not be communicated to Liberty. You need to reach out and contact Liberty separately if you want to pursue this complaint. And then those complaints, to this day, Liberty has not received those, because the procedure was for those kinds of complaints, to the extent they exist, those complainants would be told the process is not for this purpose. We are not investigating this. And if you want it investigated, you need to reach out to Liberty separately.

Trans. 37-38. Produce a copy of all correspondences described in this paragraph—i.e., those "Title IX-related complaint[s] [submitted] through the portal," and the "communication from Gentry Locke saying: This is not what this investigation is about. Your complaint will not be

3

communicated to Liberty. You need to reach out and contact Liberty separately if you want to pursue this complaint."

**RESPONSE:** Liberty objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case. Liberty further objects to this Request on the ground that it seeks information about the Gentry Locke investigation that is not relevant to any party's claim or defense, as already determined by this Court. *See* ECF No. 133 at 8 ("Because the investigation does not relate to Title IX, any materials related to the investigation are not relevant to the instant case.") Liberty further objects to this Request on the ground that is seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Liberty will produce a copy of the standard response that was sent to any person who submitted a report through the investigation portal related to a matter that was not within the scope of the investigation.

39. Produce all emails, including associated email strings, to or from the Liberty email account of Walter Scott Lamb that contain the terms "Evernote," "cloud," "recording," "recorded," or "recorder," or "Cloze" from between January 1, 2018, and November 2, 2018.

**RESPONSE:** Liberty objects to this Request as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportionate to the needs of the case. Liberty further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine. Liberty is not producing documents based on its objections to this Request.

40.     Produce all text messages, including associated text strings, to or from Walter Scott Lamb that contain the terms "Evernote," "cloud," "recording," "recorded," or "recorder," or "Cloze" from between January 1, 2018, and November 2, 2018.

**RESPONSE:**   Liberty objects to this Request as overbroad, not relevant to any claim or defense, and not proportionate to the needs of the case.  Liberty further objects to this Request on the grounds that Lamb's spoliation of evidence, including text messages, has made compliance with this Request unduly burdensome.  Liberty further objects to this Request because it seeks information that is exclusively within Lamb's possession, custody, or control (or would have been had Lamb not spoliated evidence).  Liberty further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Liberty is not producing documents based on its objections to this Request.

41.     Produce all emails and text messages, including associated email strings or text strings, to or from the Liberty email account of Walter Scott Lamb between August 1, 2020 and October 31, 2020 that contain the term "determination" (such as "no determination has been made"). *See* "How Jerry Falwell Jr. mixed his personal finances with his university's," by Aram Roston et al. (Sept. 4, 2020), at https://www.reuters.com/article/us-usa-falwell-legacy-insight/how-jerry-falwell-jr-mixed-his-personal-finances-with-his-universitys-idUSKBN25V27L (stating "A Liberty spokesman said 'no determination has been made' about whether the investigation will examine the personal conduct of either Jerry or Becki Falwell. But the spokesman said the school 'will investigate any allegations that fall within its Title IX policies prohibiting sexual discrimination and sexual harassment and its Human Resource policies addressing sexual misconduct, as well.'").

5

**RESPONSE:**  Liberty objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the case.  Liberty further objects to this Request to the extent that it seeks information that falls within the scope of the Gentry Locke investigation that is not relevant to any party's claim or defense, as already determined by this Court.  *See* ECF No. 133 at 8.  Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine.  Liberty is not producing documents based on its objections to this Request.

42.     Produce all emails or text messages, including associated email or text strings, to or from John Gauger and any other Liberty University Inc. agents, officers, or employees that reference a conversation between John Gauger and Walter Scott Lamb that occurring on October 10, 2020, at about 4:33 p.m. *See* Counterclaim ¶ 53(a) (ECF Doc. 10 at 21); VERIZON-376.

**RESPONSE:**  Liberty objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense.  Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waving the foregoing objections, Liberty submits that it is not aware of any such conversation between John Gauger and Lamb from October 10, 2020.  To the extent this Request was intended to refer to a conversation on October 10, 2021, Liberty submits that no responsive documents have been located through a reasonable search.

43.     Produce all emails or text messages, including associated email or text strings, to or from Jonathan Falwell, or his assistant, or Johnnie Moore, from October 24 to 30, 2021, that includes the following text in the email or text or any attachment thereto: "tell her story" or "she says she reported." *See* "Former Liberty University VP: Investigative firm did not interview

6

sexual assault accusers", by Cynthia Beasly (October 27, 2021, updated October 28, 2021), at https://wset.com/news/abc13-investigates/former-liberty-university-vp-investigative-firm-did-not-interview-sexual-assault-accusers-jane-doe-scott-lamb-title-ix-lawsuit.

**RESPONSE:** Liberty objects to this Request because it is overbroad and seeks information that is not relevant to any claim or defense.  Liberty further objects to this Request to the extent it seeks information protected by attorney-client privilege and/or work-product doctrine.  Subject to and without waiving the foregoing, Liberty will produce any responsive, non-privileged documents within its possession, custody or control that are located through a reasonable search.

44. In the Counterclaim ¶ 87(a), Liberty University, Inc. states "At some point during his employment, Lamb began surreptitiously recording confidential conversations with current and former Liberty executives for his own personal benefit." Provide copies of all recorded "conversations with current and former Liberty executives" Lamb produced to Liberty pursuant to the protocols in this case.

**RESPONSE:** Liberty objects to this Request because it seeks information that is within Lamb's possession, custody, or control.  Liberty further objects to this Request because Lamb's recordings are unlabeled and do not specify the names of participants.  Liberty further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing, Liberty will produce any responsive, non-privileged documents that it can identify within its possession, custody or control that are located through a reasonable search.

45. Provide a copy of the agenda for the September 29, 2021 meeting of the Board of Trustees for Liberty University, Inc.

**RESPONSE:** Liberty objects to this Request on the ground that it seeks information that is not relevant to any party's claim or defense. Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine. Liberty is not producing documents based on its objections to this Request.

46. Provide a copy of all materials provided to the Liberty University, Inc. Board of Trustees for their September 29, 2021 meeting, that relate to Title IX, or Walter Scott Lamb, or the Standing for Freedom Center (a.k.a. the Falkirk Center).

**RESPONSE:** Liberty objects to this Request on the ground that it seeks information that is not relevant to any party's claim or defense. Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine. Liberty is not producing documents based on its objections to this Request.

47. Provide a copy of all materials provided to the Liberty University, Inc. Board of Trustees for their September 29, 2021 meeting, that relate to Title IX, or Walter Scott Lamb, or the Standing for Freedom Center (a.k.a. the Falkirk Center).

**RESPONSE:** Liberty objects to this Request on the ground that it seeks information that is not relevant to any party's claim or defense. Liberty further objects to this Request on the ground that it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing, Liberty will produce any responsive, non-privileged documents in its possession, custody, or control located through a reasonable search.

48. Provide a copy of the following documents (with their file names intact) identified in the "Lamb02_Filelisting (11.17.2022) (167302580.1)" and/or "Lamb03_Filelisting (11.17.2022) (167302556.1)," all of which have a "Last Written" date in 2018:

    20180313_3583JR.jpg
    20180313_3588JR.jpg
    20180313_3594JR.jpg
    20180313_3600JR.jpg
    20180313_3605JR.jpg
    20180502_6211JR.jpg
    20180502_6216JR.jpg
    Gray Lease Agreement.xlsx
    Gray Letter Agreement Summary.xlsx
    Gray Local Market Agreement.xlsx

**RESPONSE:** Liberty objects to this Request on the ground that it seeks information that is not relevant to any party's claim or defense. Liberty further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing, Liberty will produce the requested documents.

Dated: December 28, 2022                          Respectfully submitted,

                                                      LIBERTY UNIVERSITY, INC.

                                                      /s/ Scott Oostdyk
                                                      Scott C. Oostdyk (VSB #28512)
                                                      Heidi Siegmund (VSB #89569)
                                                      McGUIREWOODS LLP
                                                      800 East Canal Street
                                                      Richmond, VA 23219
                                                      (804) 775-1000
                                                      (804) 775-1061(facsimile)
                                                      soostdyk@mcguirewoods.com
                                                      hsiegmund@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2022, I served the foregoing on all counsel of record via electronic mail.

/s/ Scott Oostdyk
Scott C. Oostdyk (VSB #28512)
Heidi Siegmund (VSB #89569)
McGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061(facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

**WALTER SCOTT LAMB,**
    **Plaintiff/Counterclaim Defendant,**

v.                                                                                          Case No. 6:21-cv-00055

**LIBERTY UNIVERSITY, INC.,**
    **Defendant/Counterclaim Plaintiff.**

## MR. LAMB'S FOURTH DISCOVERY REQUESTS TO LIBERTY UNIVERSITY, INC.

### I.  Requests for Production

Comes now counsel for Walter Scott Lamb, by counsel, and serves the following requests for production, requiring production of copies of these documents at the office of Thomas H. Roberts & Associates, at the address specified in the signature line, no more than 30 days after service of process, under the Federal Rules of Civil Procedure and the Local Rules for the Western District of Virginia:

49.     Produce all emails, including associated email strings, to or from the Liberty email account of Walter Scott Lamb that contain the terms "administrative rights" or "admin rights" or "administrator rights" or "local admin" or "local administrator" or "local administrative" created or sent between January 1, 2018, and November 2, 2018.

**Response:**


50.     Provide a copy of the following documents (with their file names intact) identified in the "Lamb02_Filelisting (11.17.2022) (167302580.1)":

a.  10_12_18_JLF JR PROPOSAL.pdf

Lamb Rule 41
Exhibit 2(B)

b. 2 Final Itinerary for NYC trip to editors June 2018.pdf

c. 2018.04.20 Liberty Board of Trustees Meeting Agenda.docx

d. 2018.05.02   LU2021.   Scott Lamb interview with Jack Dinsbeer.docx

e. 2018.08.09   LU2021.   Scott Lamb interview with William Healy.docx

f. 2018.Fall   Text from Greg Dowell regarding a potential OpEd from JF that we wound up not using..pdf

g. Barclay, Tim     correspondedence (added 040518).pdf

h. CPAC @LU (March 1, 2019) Working draft of plans.  (rev. 2018.01.08).docx

i. Department Social Media Audit 2018.xlsx

j. EFFECTIVE LEADERSHIP (Notes from VP meeting on August 7 2018).pdf

k. Executive Compensation and Perks and Liberty University (2018)  Paddock Post.pdf

l. Final Itinerary for NYC trip to editors June 2018.docx

m. handout for CAS meeting on february 2 2018.pdf

n. Here's the humdinger quote about Hiltzik this spring 20118 (I TOOK TO JERRY JUNIOR WITH DIRE WARNING -- HE BLEW IT OFF).pdf

o. Interview with William Healy, by Scott Lamb. On August 9 2018.docx

p. Jerry_Falwell_and_Bethany_Kocik_20181012_153655.docx..pdf

q. LU2021. Transcript of 2018.01.16 interview with Harold Wilmington by Scott Lamb.docx

r. Memo Carter gave Lamb on July 25 2018_0001.pdf

s. Memo for Jimmy Carter and Jerry Falwell Jr. Book Collaboration May 25 2018.docx

t. Memo Lamb gave to Carter on July 25 2018.pdf

    u. Memo to Jerry Falwell that created the Office of Communications & Public Engagement.pdf

    v. Memo to Jimmy Carter July 25, 2018 for meeting at Carter Center.docx

    w. National Faith Leaders Call for October 2018.docx

    x. Note to Hicks after his new position. 2018..pdf

    y. ProPublica Fact Check 4.12.18.docx

    z. ProPublica_Interview_20180314_172017 LU Executives and Falwell.docx

    aa. REBOOT.  Budget.  CISION.  Current billing (began September 2018).pdf

    bb. String of emails for Jimmy Jerry book project August 8 2018.docx

    **Response:**

51. Provide a copy of the recording that President Prevo created during the October 4, 2021 meeting with Walter Scott Lamb.

    **Response:**

52. Provide a copy of the July 2021 recording referenced in Paragraph 43 of the Counterclaim (ECF Doc. 10).

    **Response:**

3

53.     Provide a copy of all physical documents Lamb returned to Liberty pursuant to the Agreed Protocol.

**Response:**

54.     Produce the "list of trips taken by Freedom Center staff that were not approved by either Dr. Prevo or Dr. Ritz" referenced in Liberty University's response to Interrogatory 5

**Response:**

55.     Produce the "various documents and [] recording [Lamb] claimed proved the points he was making" referenced in Liberty University's response to Interrogatory 5.

**Response:**

56.     Produce all documents, materials, and things, including electronically stored information, from October 1, 2021 to present, showing the alleged "internet exposure and dissemination of protected Liberty documents and information" as a result of Lamb's conduct, as referenced in Liberty University's response to Interrogatory 8.

**Response:**

57. Produce all data, from January 1, 2019 to present, showing "decrease in organic search leads for Liberty that is significant and unprecedented" as a result of Lamb's conduct, as referenced in Liberty University's response to Interrogatory 8.

**Response:**

58. Produce all data, from "the use of Cision . . . to assess the impact and advertising value of press stories generated as a result of Lamb's actions" as referenced in Liberty University's response to Interrogatory 8.

**Response:**

59. Produce all data, from the "research based assessment of the quantifiable damage to Liberty based on other objective, subjective, and Liberty-based tools." as referenced in Liberty University's response to Interrogatory 8.

**Response:**

60. Produce all documents, materials, and things, including electronically stored information, evidencing any use by Jack Larkin or his firm of the data that Lamb allegedly improperly provided to Jack Larkin or his firm.

**Response:**

61. Produce all documents, materials, and things, including electronically stored information, evidencing damages arising specifically and solely from Lamb's alleged improper delivery of Liberty data to Jack Larkin or his firm.

**Response:**

62. Produce all documents and records, from October 1, 2021 to present, showing the alleged "internet exposure and dissemination of protected Liberty documents and information" as a result of Lamb's conduct, as referenced in Liberty University's response to Interrogatory 15.

**Response:**

63. Produce all data, from January 1, 2019 to present, showing "decrease in organic search leads for Liberty that is significant and unprecedented" as a result of Lamb's conduct, as referenced in Liberty University's response to Interrogatory 15.

**Response:**

64. Produce all data, from "the use of Cision . . . to assess the impact and advertising value of press stories generated as a result of Lamb's actions" as referenced in Liberty University's response to Interrogatory 15.

**Response:**

65.     Produce all data, from the "research based assessment of the quantifiable damage to Liberty based on other objective, subjective, and Liberty-based tools." as referenced in Liberty University's response to Interrogatory 15.

**Response:**

66.     Produce all documents and records, from October 1, 2021 to present, showing the alleged "internet exposure and dissemination of protected Liberty documents and information" as a result of Lamb's conduct, as referenced in Liberty University's response to Interrogatory 16.

**Response:**

67.     Produce all data, from January 1, 2019 to present, showing "decrease in organic search leads for Liberty that is significant and unprecedented" as a result of Lamb's conduct, as referenced in Liberty University's response to Interrogatory 16.

**Response:**

68.     Produce all data, from "the use of Cision . . . to assess the impact and advertising value of press stories generated as a result of Lamb's actions" as referenced in Liberty University's response to Interrogatory 16.

**Response:**

69.     Produce all data, from the "research based assessment of the quantifiable damage to Liberty based on other objective, subjective, and Liberty-based tools." as referenced in Liberty University's response to Interrogatory 16.

**Response:**

## II.     Requests for Admission

Comes now counsel for Walter Scott Lamb, by counsel, and serves the following request to admit, for purposes of the pending action only, the truth of any matters:

7.      Admit that on October 10, 2021, at 4:33 p.m., John Gauger, the Chief Information Officer and Executive VP of Analytics for Liberty University, called Walter Scott Lamb from Gauger's telephone number of (540)-520-0240 and had a 39-minute conversation.

**Response:**

.

8.      Admit that Gentry Locke and Baker Tilly did not transmit to Liberty University any information they may have received about complaints concerning incidents of sexual harassment submitted to them through the investigative portal established after Jerry Falwell, Jr.'s resignation.

**Response:**

9. Admit that Gentry Locke and Baker Tilly did not transmit to Liberty University any information they may have received about complaints concerning incidents of sexual assault submitted to them through the investigative portal established after Jerry Falwell, Jr.'s resignation.

**Response:**

10. Admit that Lamb was not informed, prior to November 1, 2021, of the standard response that was sent to any person who submitted a report through the investigation portal related to a Title IX matter.

**Response:**

Respectfully Submitted,
By: /s/ Andrew T. Bodoh
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C. 105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB

Ian A. Northon, Esq.
*Admitted Only Pro Hac Vice*
Michigan—P65082
Pennsylvania—207733
Florida—101544
Northon Law, PLLC
4850 Tamiami Trail N, Ste 301
Naples, FL 34103
ian@northonlaw.com
service@northonlaw.com
(239) 784-7940
ATTORNEYS FOR WALTER SCOTT LAMB

9

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, I serve the foregoing by email to the following:

Scott C. Oostdyk (VSB No. 28512)
Heidi E. Siegmund (VSB No. 89569)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000
(804) 775-1061 (facsimile)
soostdyk@mcguirewoods.com
hsiegmund@mcguirewoods.com
ATTORNEYS FOR LIBERTY UNIVERSITY, INC.

Respectfully Submitted,
By: /s/ Andrew T. Bodoh
Thomas H. Roberts, Esq. (VSB 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB 80143)
andrew.bodoh@robertslaw.org
THOMAS H. ROBERTS & ASSOCIATES, P.C. 105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-2105
ATTORNEYS FOR WALTER SCOTT LAMB