| | |
|---|---|
| **From:** | Tim Harfmann <tharfmann@wsls.com> |
| **Sent:** | Wednesday, March 31, 2021 12:04 PM |
| **To:** | Lamb, Scott <scottlamb@liberty.edu> |
| **Subject:** | [External] WSLS Request 3/31 |

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

Hi Scott,

Does the university have any comment on the class action lawsuit filed against the Department of Education, claiming Title IX's religious exemption allows religious schools to discriminate against LGBTQ students?

One of the students being represented is a LU grad.

https://www.nbcnews.com/feature/nbc-out/lgbtq-students-file-class-action-lawsuit-against-department-education-n1262526?cid=sm_npd_nn_fb_ot&fbclid=IwAR0j8NbhBi34BEf4trSNNOBArGHx7Fd01-K51Lw26lS9rKRqJJLrsXTfUQU

My deadline is 4pm today.

Thanks,
Tim

Lamb Rule 41
Exhibit 18(a)

LU004033

| | |
|---|---|
| **From:** | Maggie Baska <maggie@corporate.pinknews.co.uk> |
| **Sent:** | Wednesday, March 31, 2021 12:45 PM |
| **To:** | Lamb, Scott <scottlamb@liberty.edu> |
| **Subject:** | [External] Comment for PinkNews: LGBT students are suing US Department of Education over religious colleges |

---

**[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]**

---

Hello Mr Lamb,

I hope you are well. My name is Maggie Baska, and I am a reporter for PinkNews. I have been assigned to write about the REAP filing a lawsuit against the US Department of Defence over allegations that the Title IX exemption for religious institutions has allowed widespread discrimination to happen. I have put a link to their press release below and an article about it for your reference.

One of the plaintiffs has made allegations about his treatment while he attended Liberty University, and I wanted to give the university the ability to put forward a statement if they wished.

My article will go to publish soon, but I can add in comment afterwards should you wish to provide anything.

Many thanks,

Maggie Baska

https://www.thereap.org/press-release

https://www.nbcnews.com/feature/nbc-out/lgbtq-students-file-class-action-lawsuit-against-department-education-n1262526
--



  

Maggie Baska
**News Reporter**
She/Her

Landline: (+44) 02039505775

**The Drum**
**Online Media Awards**
Winner 2020
DIGIDAY VIDEO AWARDS 2020 WINNER

**Registered Office:**
PinkNews Media Group, The Grange Barn,
Pikes End, Pinner, HA5 2EX

This email and any attachment are confidential. If you have received it in error, please delete it from your system, do not use or disclose the information in any way, and notify me immediately. The contents of this message may contain personal views which are not the views of PinkNews Media Ltd or its subsidiaries, shareholders or directors.

| | |
|---|---|
| **From:** | Jeremy Beaman <jbeaman@washingtonexaminer.com> |
| **Sent:** | Wednesday, March 31, 2021 1:22 PM |
| **To:** | Lamb, Scott <scottlamb@liberty.edu> |
| **Subject:** | [External] Re: the REAP suit filed Monday |

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

Hi Scott,

Does the university have a response to the lawsuit filed on Monday pressing for an end to the Title IX religious exemptions? Also, could you provide a response to this tweet by Paul Southwick, the attorney leading the initiative?

https://twitter.com/PaulSouthwick/status/1377271191036026881

Many thanks,
Jeremy Beaman
Washington Examiner

Lamb Rule 41
Exhibit 18(c)

LU004035

| From: | Ken C <ktc21968@gmail.com> |
|---|---|
| Sent: | Thursday, May 13, 2021 10:35 AM |
| To: | Lamb, Scott <scottlamb@liberty.edu> |
| Subject: | [External] Re: (REAP lawsuit) Anti-LGBTQ discrimination at religious colleges |

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

Scott,
Thx for sending this.
Ken

On Thu, May 13, 2021 at 10:17 AM Lamb, Scott <scottlamb@liberty.edu> wrote:

> FYI: REAP is holding "Zoom trainings" to get people prepared for telling their stories/complains to the DOE.
>
> **Scott Lamb**
> *Senior Vice President of Communications and Public Engagement*
> Cell (434) 262-2771
> Office (434) 592-6836



*Liberty University | Training Champions for Christ since 1971*

> On May 13, 2021, at 9:55 AM, Religious Exemption Accountability Project Paul Southwick <info@thereap.org> wrote:



Friend –

If you've faced anti-LGBTQ discrimination at a religious college, we want you to know that you are not alone – and that there is something you can do about it.

Right now, the Department of Education is deciding whether or not to continue the harmful practice of granting religious exemptions to colleges and universities that discriminate against and abuse their LGBTQ students.

Students and alumni who have stories of mistreatment at religious colleges can file a Title IX complaint with the Department of Education – a crucial opportunity to show the DOE that the discriminatory practices of many religious colleges are dangerous and should no longer be supported with taxpayer funds.

**If you're interested in sharing your story with the Department of Education, we're holding Zoom trainings next Wednesday May 19th from 5:30-630 p.m. PT and Thursday May 20th from 3:00-4:00 p.m. PT.** The training will walk you through the process filing a complaint and give you the tools you need to make your voice heard.

**Please RSVP for one of the trainings by responding to this email directly, and we'll send you the information for the call.**

Lamb Rule 41
Exhibit 18(d)

LU004156

Can't make the training but still interested in sharing your story of discrimination and/or filing a complaint with the Department of Education? **Then click here to confidentially share more about your experience with us and someone from our team will follow up.**

So many of us carry pain and trauma because of the anti-LGBTQ discrimination and abuse we've faced at the hand of religious colleges. When the Department of Education hears our stories, I'm confident we can – and we will – make a difference.

Thank you,
Paul Southwick
Director, Religious Exemption Accountability Project

**P.S. You don't have to be a student or alumni of a religious college to help support this movement. Click here to pitch in $ or more – and every dollar will fuel our work to empower and support LGBTQ students at religious colleges nationwide.**

**Donate to REAP**

*Copyright © 2021 Religious Exemption Accountability Project, All rights reserved.*

Religious Exemption Accountability Project
8532 N Ivanhoe St # 208
Portland, OR 97203-4827

Add us to your address book

You can update your preferences or unsubscribe from this list.

View this email in your browser

| From: | Gregory S. Baylor <gbaylor@adflegal.org> |
|---|---|
| Sent: | Thursday, May 20, 2021 12:22 PM |
| To: | Ken C <ktc21968@gmail.com>; Lamb, Scott <scottlamb@liberty.edu> |
| Cc: | Corry, David M (Legal Affairs) <dcorry@liberty.edu>; Hicks, Scott <smhicks@liberty.edu> |
| Subject: | [External] RE: REAP: We are not the threat |

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

The plaintiffs and existing defendants must respond to ADF's motion to intervene by June 8. So we should learn more about the Biden administration's stance on the constitutionality of Title IX's religious exemption the next few weeks.

The Biden administration has pledged to revisit all Trump administration modifications to Title IX regs and subregulatory guidance. For religious schools, the most important thing is whether the Biden administration does anything dramatic regarding the religious exemption. In the worst case scenario, they declare (1) that independent schools are not eligible for the exemption; and (2) that schools cannot invoke the exemption for the first time in response to a charge—they must go through the administrative process under which a school seeks confirmation of its possession of the exemption from the Department. Both would be reversals of Trump admin regs.



Gregory S. Baylor
Director-Center Religious Schools, Sr. Counsel, Cntr Leg Advoc
+1 202 393 8690 (Office)
+1 202 888 7628 (Direct Dial)
202-347-3622 (Fax)
gbaylor@adflegal.org
ADFlegal.org
Not Licensed in DC
Practice Limited to Federal Court

This e-mail message from Alliance Defending Freedom and any accompanying documents or embedded messages is intended for the named recipients only. Because Alliance Defending Freedom is a legal entity engaged in the practice of law, this communication contains information, which may include metadata, that is confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. If you have received this message in error, please immediately notify the sender and permanently delete the message. PRIVILEGED AND CONFIDENTIAL - ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT.

**From:** Ken C <ktc21968@gmail.com>
**Sent:** Thursday, May 20, 2021 11:53 AM
**To:** Lamb, Scott <scottlamb@liberty.edu>
**Cc:** Gregory S. Baylor <gbaylor@adflegal.org>; Corry, David M (Legal Affairs) <dcorry@liberty.edu>; Hicks, Scott <smhicks@liberty.edu>
**Subject:** Re: REAP: We are not the threat

**\*EXTERNAL\***

"Religious abuse" is a very interesting phrase... and a confusing one in the context in which they use it.

It won't cause confusion to their audience, as their audience is already firmly on board with REAP's goal of undermining Christian institutions, but it would not work well with a general audience.

I draw attention to this phrase b/c they (or more likely, their allies in the Biden administration) will almost certainly be expanding their attacks via regulatory efforts that could be out as early as later this year.  So worth taking note of how they cast their position now.

Ken Cuccinelli

On Thu, May 20, 2021 at 11:04 AM Lamb, Scott <scottlamb@liberty.edu> wrote:

> FYI: REAP just email blasted out a response to CCCU's response.
>
> And, of course, an appeal for $.  :)
>
> **Scott Lamb**
> *Senior Vice President of Communications and Public Engagement*
>
> Cell (434) 262-2771
> Office (434) 592-6836
>
> 
>
> *Liberty University | Training Champions for Christ since 1971*

On May 20, 2021, at 9:44 AM, Paul Southwick <info@thereap.org> wrote:



*Existential threat.*

That's what the Council for Christian Colleges & Universities just called our lawsuit challenging the abuse and discrimination LGBTQ students face at the institutions they represent. The CCCU is now motioning to intervene in our case, hoping to slow our momentum.

Friend: We are not the threat. Religious abuse disguised as religious liberty is the threat. Our plaintiffs have endured trauma and har at the hands of their colleges in the name of religious exemptions. **And we won't let CCCU and discriminatory religious colleges nationwide look away when we make clear the immense pain their anti-LGBTQ practices have caused.**

**We're fighting for dignity and safety for LGBTQ students at religious colleges – and we need your support. <u>Your donation of $15 or more right now will help to fuel our lawsuit and hold religious colleges accountable for anti-LGBTQ discriminati</u>**

The CCCU can say whatever they'd like – but the discriminatory actions from the CCCU-member schools named in our lawsuit speak louder than words:

- Fuller Theological Seminary *expelled our plaintiff Joanna* after finding out she is married to a woman.
- Colorado Christian University *forced our plaintiff Journey into conversion therapy,* removing her from her campus housing and placing her on academic probation because she is a lesbian.
- Nyack College encouraged our plaintiff Zayn to apply for seminary – only to *reject him because he is a transgender man.*

Their stories of trauma and abuse are just a few among thousands suffered by LGBTQ students at religious colleges.

The CCCU and other anti-LGBTQ groups are determined to stop our lawsuit to ensure these horrific, discriminatory acts remain legal We won't let them win. <u>Pitch in $15 or more today to help fight back.</u>

For too long, many religious colleges have knowingly harmed their LGBTQ students – with no accountability.

Not anymore.

Paul Southwick
Director, Religious Exemption Accountability Project

**Donate to REAP**

LU004183

*Copyright © 2021 Religious Exemption Accountability Project, All rights reserved.*

Religious Exemption Accountability Project
8532 N Ivanhoe St # 208
Portland, OR 97203-4827

**Add us to your address book**

You can update your preferences or unsubscribe from this list.

View this email in your browser

This email was sent to lambfam7@gmail.com
*why did I get this?*    unsubscribe from this list    update subscription preferences
Religious Exemption Accountability Project · 8532 N Ivanhoe St # 208 · Portland, OR 97203-4827 · USA



| **From:** | Craig, Kenny <kbcraig@liberty.edu> |
|---|---|
| **Sent:** | Wednesday, June 9, 2021 1:36 PM |
| **To:** | Lamb, Scott <scottlamb@liberty.edu>; Greg Baylor <gbaylor@adflegal.org>; Corry, David M (Legal Affairs) <dcorry@liberty.edu> |
| **Cc:** | Hicks, Scott <smhicks@liberty.edu>; Clary, Glenn <gclary@liberty.edu>; Prevo, Jerry <jprevo2@liberty.edu>; Helfenbein, Ryan Lee (Freedom Center) <rlhelfenbein@liberty.edu>; Ritz, Rob (Finance Admin) <rlritz@liberty.edu>; Ken Cuccinelli <ktc21968@gmail.com> |
| **Subject:** | Re: REAP: "The Department of Justice just sided with anti-LGBTQ extremists" |

Thanks Scott!

Get Outlook for iOS

**From:** Lamb, Scott <scottlamb@liberty.edu>
**Sent:** Wednesday, June 9, 2021 1:30:07 PM
**To:** Greg Baylor <gbaylor@adflegal.org>; Corry, David M (Legal Affairs) <dcorry@liberty.edu>
**Cc:** Hicks, Scott <smhicks@liberty.edu>; Clary, Glenn <gclary@liberty.edu>; Prevo, Jerry <jprevo2@liberty.edu>; Helfenbein, Ryan Lee (Freedom Center) <rlhelfenbein@liberty.edu>; Ritz, Rob (Finance Admin) <rlritz@liberty.edu>; Craig, Kenny <kbcraig@liberty.edu>; Ken Cuccinelli <ktc21968@gmail.com>
**Subject:** Fwd: REAP: "The Department of Justice just sided with anti-LGBTQ extremists"

FYI:

This email blast was just sent out by the REAP lawsuit organization.

And here are two links to the news out today, regarding DOJ decision:

**The Hill:**
https://thehill.com/regulation/court-battles/557522-doj-says-it-can-vigorously-defend-exemption-to-anti-descrimination-laws

**ABA:**
https://www.abajournal.com/news/article/justice-department-says-it-can-defend-religious-exemption-that-allows-lgbtq-discrimination-in-education

-Scott

**Scott Lamb**
*Senior Vice President of Communications and Public Engagement*

Cell (434) 262-2771
Office (434) 592-6836



*Liberty University | Training Champions for Christ since 1971*

On Jun 9, 2021, at 12:02 PM, Paul Southwick <info@thereap.org> wrote:



This is shocking, Friend:

**The Department of Justice just announced – in response to our lawsuit – that they will "vigorously defend" taxpayer-funded religious colleges that discriminate against LGBTQ students.**

That means the federal government just aligned itself with anti-LGBTQ extremist organizations – committing to defend the very exemptions that allow 200+ religious colleges to abuse and discriminate against their queer and transgender students.

Please, rush a donation to our legal defense fund now. **Every dollar helps to make sure we can advocate for LGBTQ students and push our case harder than ever – especially as the government is now siding with our opposition.**

There's a reason these religious colleges are fighting our lawsuit: Because they want to continue forcing LGBTQ students into conversion therapy. They want to be able to expel and fine students for being queer. They want to continue denying admission to potential students because they are LGBTQ.

**It's unconscionable that a government that professes to support its LGBTQ citizens would side with the forces of discrimination that are responsible for so much trauma, torment and abuse.**

I won't lie to you: The DOJ's out-of-touch position will make our job harder. But it must also make our commitment to supporting and empowering LGBTQ students at religious colleges all the more unwavering.

**If the government won't step in to protect vulnerable LGBTQ students, then we will. Rush a donation of $10 or whatever you can to fuel our legal defense strategy now so we have the resources to fight back.**

Our legal team is strategizing now on our next steps – and we're so glad to know that you are with us and that you have our plaintiffs' backs.

Paul Southwick
Director, Religious Exemption Accountability Project

P.S. This week, eight of our plaintiffs are sharing their stories of discrimination as part of the Department of Education's public hearing on Title IX protections. Until Friday night, you can submit a written public comment, letting the DOE know that you expect them to do the right thing and stand with LGBTQ students against discriminatory religious colleges. **Click here to send your message now.**



**Donate to REAP**

*Copyright © 2021 Religious Exemption Accountability Project, All rights reserved.*

Religious Exemption Accountability Project
8532 N Ivanhoe St # 208
Portland, OR 97203-4827

Add us to your address book

You can update your preferences or unsubscribe from this list.

View this email in your browser

CAROL FEDERIGHI
TX Bar No. 06872950
*Lead Counsel*

BRIAN B. BOYNTON
Acting Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
carol.federighi@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| ELIZABETH HUNTER, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION; and SUZANNE GOLDBERG, in her official capacity as Acting Assistant Secretary for the Office for Civil Rights, U.S. Department of Education, *et al.*,<br><br>    Defendants. | Civil Action No. 6:21-cv-00474-AA<br><br>**DEFENDANTS' OPPOSITION TO MOTIONS TO INTERVENE ECF NOS. 8 AND 26** |

### INTRODUCTION

Plaintiffs bring suit against the U.S. Department of Education (the "Department" or

"ED") and Suzanne Goldberg, Acting Assistant Secretary for Civil Rights, ED (collectively,

Lamb Rule 41
Exhibit 18(g)

LU004197

"Federal Defendants"), to challenge the Federal Defendants' implementation of the religious exemption included in Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a)(3), as applied to "sexual and gender minority students" attending private religious colleges and universities that receive federal funding. Compl. ¶ 3 (ECF No. 1). Three Christian universities, Western Baptist University d/b/a Corban University, William Jessup University, and Phoenix Seminary (the "Religious Schools"), and the Council for Christian Colleges & Universities ("CCCU") (collectively, "Proposed Intervenors") seek to intervene to defend the validity of Title IX's religious exemption. However, they have not established their entitlement to either mandatory or permissive intervention. The Proposed Intervenors have failed to show how their interests diverge from the Federal Defendants' interests or how the Federal Defendants and their counsel, the United States Department of Justice, which is responsible for defending federal statutes in court, would inadequately defend the religious exemption. For these reasons, the Proposed Intervenors have failed to show why they should be permitted to intervene and their Motions to Intervene should be denied.

## BACKGROUND

## I. STATUTORY AND REGULATORY BACKGROUND

Title IX was enacted as part of the Education Amendments of 1972, Pub. L. No. 92-318, §§ 901-905, 86 Stat. 373-375 (June 23, 1972). Section 901, which is patterned after Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, broadly proscribes discrimination based on sex in federally assisted education programs and activities. Section 901(a) provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving

LU004198

Federal financial assistance … ." 20 U.S.C. § 1681(a). That section further provides that it "shall not apply to an educational institution which is controlled by a religious organization if the application of this subsection would not be consistent with the religious tenets of such organization." *Id.* § 1681(a)(3). This provision is generally referred to as the "Religious Exemption."

The Department of Education is the federal agency primarily responsible for providing Federal financial assistance to States, local educational agencies, and other entities for education programs and activities, and, as such, has primary responsibility for administering and enforcing Title IX. ED's Office for Civil Rights ("OCR") enforces Title IX on behalf of ED. ED's regulations implementing Title IX are set forth at 34 C.F.R. Part 106. Those regulations contain a provision implementing the religious exemption included in Title IX. *See* 34 C.F.R. § 106.12. That provision sets forth the procedures for an institution wishing to assert such an exemption and the criteria institutions must meet to be considered "controlled by a religious organization." *Id.*

## II.    THE PRESENT SUIT AND INTERVENORS' MOTIONS

Plaintiffs are a number of past and present students who are attending or have attended a variety of religiously controlled colleges and universities. Compl. ¶¶ 11-43. They bring this suit under 42 U.S.C. § 1983 as a putative class action to challenge the Federal Defendants' application of the Religious Exemption as applied to sexual and gender minority ("LGBTQ+") students, including themselves, at such schools. *Id.* ¶¶ 1, 6. They assert that ED has a "policy and practice" of denying claims of discrimination under Title IX brought by LGBTQ+ students based on the Religious Exemption, in violation of their substantive due process and equal

LU004199

protection rights (*id*. ¶¶ 492-512), and that the Religious Exemption and the Department's application of it violate the Establishment Clause (*id*. ¶¶ 513-524).

Before the Federal Defendants have responded to the Complaint, both the Religious Schools and CCCU filed motions seeking to intervene as defendants. *See* ECF Nos. 8, 26. The plaintiffs have now filed an Amended Complaint (ECF No. 35), and the Federal Defendants' response to the latter is due June 21, 2021.

## LEGAL STANDARDS

Rule 24 of the Federal Rules of Civil Procedure governs the terms under which a non-party may intervene. The first part of the rule sets forth certain circumstances under which a court *must* permit intervention as of right: when the movant "is given an unconditional right to intervene by a federal statute; or … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The second part of the rule sets forth other circumstances under which a court *may* permit intervention: when the movant "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

## ARGUMENT

The Proposed Intervenors have failed to show that either mandatory or permissive intervention is warranted here.

LU004200

## I.    MANDATORY INTERVENTION SHOULD BE DENIED BECAUSE THE PROPOSED INTERVENORS HAVE NOT MADE A "COMPELLING SHOWING" THAT THE FEDERAL DEFENDANTS WILL NOT ADEQUATELY REPRESENT THEIR INTERESTS.

A party seeking to intervene as of right under Rule 24(a)(2) must meet four requirements: (1) the application must be timely; (2) the applicant must have a significant protectable interest in the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *see also Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). For the purposes of the present motion only, the Federal Defendants do not dispute that the Proposed Intervenors satisfy the first three requirements.[1] However, the Proposed Intervenors have not established the fourth requirement, that the existing parties, specifically, the Federal Defendants, will not adequately represent their interests. "Each of these four requirements must be satisfied to support a right to intervene," *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), and "[f]ailure to satisfy any one of the

---

[1]    The Federal Defendants note that the Religious Schools lack Article III standing since none of the plaintiffs have attended or currently attend those schools. Compl. ¶¶ 11-43. This lack of standing may be relevant to whether they have a "significant protectable interest." *See SurvJustice Inc. v. DeVos*, No. 18-cv-00535-JSC, 2019 WL 1427447, at *1 (N.D. Cal. Mar. 29, 2019). However, "[w]hether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal citations and quotation marks omitted); *see also Prete*, 438 F.3d at 955 n.8 ("This court also has not definitively ruled on the issue" of "whether an intervenor-applicant must independently establish Article III standing to intervene as of right."). *But see In re Endangered Species Act Section 4 Deadline Litig.-MDL No. 2165*, 704 F.3d 972, 976 (D.C, Cir. 2013) ("This court has held that a movant seeking to intervene as of right must additionally demonstrate Article III standing."). In view of the practical nature of the "significant protectable interest" inquiry, the Federal Defendants do not at present rest on the Religious Schools' lack of standing to support denial of their motion to intervene as of right.

LU004201

requirements is fatal to the application." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Accordingly, the Proposed Intervenors' motions for intervention as of right must be denied.

The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086. In practice, however, "[t]he 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry*, 587 F.3d at 950-51 (quoting *Arakaki*, 324 F.3d at 1086). So "[w]here the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Id.* (quoting *Arakaki*, 324 F.3d at 1086) (citing *League of United Latin Am. Citizens v. Wilson ("LULAC")*, 131 F.3d 1297, 1305 (9th Cir. 1997)). In addition, "[t]here is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents, which must be rebutted with a compelling showing." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal quotation marks omitted). And "[t]his presumption of adequacy is 'nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.'" *Freedom from Religion Found.*,

LU004202

*Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006)).

Here, the Proposed Intervenors must make a "compelling showing" of inadequacy because the Federal Defendants' representation of the interests advanced by the Proposed Intervenors is presumed to be adequate, as a matter of law, for two reasons: (1) because the Federal Defendants and the Proposed Intervenors "share the same 'ultimate objective,'" *Perry*, 587 F.3d at 951 (quoting *Arakaki*, 324 F.3d at 1086)—namely, to uphold the Religious Exemption as it is currently applied—and (2) because the Federal Defendants are a federal agency and federal official represented by the Department of Justice, and the Complaint challenges the Federal Defendants' application of a federal statute, *Citizens for Balanced Use*, 647 F.3d at 898; *Freedom from Religion Found.*, 644 F.3d at 841. Specifically, the Federal Defendants' ultimate objective is to defend the statutory exemption and its current application by ED, which is the objective sought by the Proposed Intervenors here. *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 275 (D. Ariz. 2020) (holding that "'it is apparent that the ultimate objective' of the Proposed Intervenors and the State is identical—'defending the constitutionality' of state laws"); *see also Prete*, 438 F.3d at 957-59 (holding that a public interest organization seeking intervention to defend a state constitutional ballot initiative failed to defeat the presumption of adequate representation when the ultimate objective of both the organization and the defendant party was to uphold the measure's validity).

The Proposed Intervenors have not made the necessary "compelling showing" that the Federal Defendants will fail to adequately represent their interests in pursuing the shared

LU004203

objective of upholding the Religious Exemption as applied.[2]  In an attempt to establish that their

interests will not be adequately protected, the Proposed Intervenors cite a variety of statements

and actions taken by the current Administration regarding protecting LGBTQ+ individuals from

discrimination in a variety of contexts and then leap to concluding that "the current defendants

will not defend the Religious Exemption as vigorously as Religious Schools," Religious Schools'

Mot. to Intervene & Mem. in Support 24, ECF No. 8, or may even be "openly hostile" to

defending the Religious Exemption as applied to LGBTQ+ students, Proposed Def.-Intervenor

CCCU's Mot. to Intervene & Mem. in Support 23, ECF No. 26.  *See also id.* at 8, 23-24; ECF

No. 9, at 20-24.  But none of the statements cited by the Proposed Intervenors expressly

discusses the Religious Exemption in Title IX or suggests that the Federal Defendants will not

defend the constitutionality of that statutory exemption.  To be sure, the Department of

Education is conducting a comprehensive review of its regulations implementing Title IX

pursuant to Executive Order 14,021, which sets forth the current administration's policy on

guaranteeing an educational environment free from discrimination on the basis of sex.  *See*

Guaranteeing an Educational Environment Free from Discrimination on the Basis of Sex,

Including Sexual Orientation or Gender Identity, 86 Fed. Reg. 13,803 (Mar. 8, 2021).  But

neither the Administration's stated policy positions nor the Department's review of existing

regulations abrogate the government's duty to defend federal statutes and regulations in court as

a legal matter.  At present, the Proposed Intervenors can only speculate that the Federal

---

[2]  To be sure, the Federal Defendants have not yet filed any pleading or motion setting forth their legal position in this case. This fact alone does not justify intervention at this stage, however; rather, at most it argues for denial of the Proposed Intervenors' motions without prejudice to renewal at a later date if it transpires that the Federal Defendants are not fully defending the application of the Religious Exemption as challenged here.

LU004204

Defendants will back away from a full defense of the Religious Exemption and its challenged application and such speculation is too attenuated to constitute a "compelling showing" overcoming the presumption that the Department of Justice, which is responsible for defending federal statutes in court, will adequately defend against the legal challenges the Religious Exemption and its application.

The Proposed Intervenors also argue that they are asserting a "personal interest in the religious exemption that is not shared with the public," ECF No. 26, at 22; *see also* ECF No. 8, at 24 (referencing the "individual parochial interest" of the Religious Schools), and that the Federal Defendants "are unlikely to fully understand the importance of the religious exemption to religious colleges" because they are "ill-equipped to understand the religious implications of narrowing Title IX's religious exemption." ECF No. 26, at 23. But, at this stage of the litigation, it is premature to conclude that the Federal Defendants would neglect to raise, or be "ill-equipped" to develop, effective arguments in support of the Religious Exemption, including those regarding the legislative intent behind the exemption and the intersection between the Religious Exemption and the Free Exercise and Establishment Clauses of the First Amendment. In any event, the Proposed Intervenors must do more than show that the Federal Defendants would choose to emphasize different legal arguments as a matter of legal strategy to justify intervention. *See LULAC*, 131 F.3d at 1306 ("When a proposed intervenor has not alleged any substantive disagreement between it and the existing parties to the suit, and instead has vested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics, courts have been hesitant to accord the applicant full-party status."). And, to the extent that the Proposed Intervenors wish to explain "the practical ways in which the loss of Title IX's religious

LU004205

exemption would harm its members' education operations and impact their students," they can do that through participation as amici.

In short, the Proposed Intervenors have not made a "compelling showing" as to why the Department of Justice, acting on behalf of the Department of Education defendants, cannot adequately represent their interests in this case in defending the Religious Exemption and its challenged application. Consequently, the Proposed Intervenors have failed to demonstrate that they are entitled to intervention as a matter of right.

## II. PERMISSIVE INTERVENTION SHOULD BE DENIED AS A MATTER OF DISCRETION FOR THE SAME REASONS MANDATORY INTERVENTION SHOULD BE DENIED.

Pursuant to Federal Rule of Civil Procedure 24(b), "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *LULAC*, 131 F.3d at 1308). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d at 412. In exercising its discretion, the court may also consider other factors, including the proposed intervenors' "standing to raise relevant legal issues" and the intervention-of-right factors of "the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). Rule 24(b)(3) also requires that the court "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

LU004206

For the purposes of this motion only, the Federal Defendants do not contest that requirements for permissive intervention are met. However, the Court should deny permissive intervention as a matter of discretion. As discussed in the preceding section, the Proposed Intervenors' interests and the Federal Defendants' interests coincide and the Federal Defendants will represent those interests adequately. Moreover, the Religious Schools lack standing. Accordingly, there is no evidence that "parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler*, 552 F.2d at 1329. Thus, participation of additional parties in the case will produce few benefits. On the other hand, it could well have adverse effects. The presence of additional parties will complicate resolution, for example, by multiplying the number of motions that need to be resolved, increasing the amount of discovery requests, if the case proceeds to discovery, and/or making settlement more complicated. For these reasons, permissive intervention should be denied. *See Perry*, 587 F.3d at 955 ("The district court's denial of intervention based on the identity of interests of the Campaign and the Proponents and the Proponents' ability to represent those interests adequately is supported by our case law on intervention in other contexts."); *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir.1993) (denying permissive intervention where the government party to the case made the same arguments as the intervenors, and the government party would adequately represent the intervenors' privacy interests).

LU004207

## CONCLUSION

For the foregoing reasons, the Court should deny the Motions to Intervene.

Dated: June 8, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

/s/ *Carol Federighi*
CAROL FEDERIGHI, TX Bar No. 06872950
*Lead Counsel*
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
carol.federighi@usdoj.gov

*Attorneys for Defendants*

LU004208

| | |
|---|---|
| **From:** | Lamb, Scott </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=9486496F07C9437183FC56652C82AB09-WSLAMB1> |
| **Sent:** | Friday, March 26, 2021 8:16 PM |
| **To:** | Julie Roys <julie@julieroys.com> |
| **Subject:** | Re: [External] Questions concerning 2005 gang rape |

We are working on this. -Scott

Get Outlook for iOS

**From:** Julie Roys <julie@julieroys.com>
**Sent:** Tuesday, March 23, 2021 5:13:39 PM
**To:** Lamb, Scott <scottlamb@liberty.edu>
**Subject:** [External] Questions concerning 2005 gang rape

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

Hi Scott,

Thanks for taking my call the other day. Attached are detailed questions for LU, several employees, and Jonathan Falwell concerning the 2005 alleged gang rape of ███████████████

████████ case resulted in the 2013 settlement between Liberty and the U.S. Dept of Education for Liberty's failure to comply with federal campus crime and security reporting requirements.However, it appears that because of a technicality, Liberty was able to avoid reporting that ████████ was gang raped in 2005. Instead, the school was fined for not classifying the incident as an "Aggravated Assault, at a minimum."

████████ story raises many issues about Liberty's reporting of crimes and care for victims. The victim also is upset that Jonathan Falwell allegedly promised that her case would be part of the third-party investigation Liberty is conducting, but it's not.

I would prefer to have actual conversations with sources concerning these issues. If that is possible, please let me know.

Thank you,
Julie Roys

--
THE

ROYS
REPORT
Website/Facebook/Twitter

| From: | Lamb, Scott </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=9486496F07C9437183FC56652C82AB09-WSLAMB1> |
|---|---|
| Sent: | Wednesday, March 31, 2021 12:13 PM |
| To: | Tim Harfmann <tharfmann@wsls.com> |
| Subject: | Re: [External] WSLS Request 3/31 |

No, but thanks for asking.

**Scott Lamb**
*Senior Vice President of Communications and Public Engagement*

Cell (434) 262-2771
Office (434) 592-6836

# LIBERTY
## U N I V E R S I T Y

*Liberty University | Training Champions for Christ since 1971*

On Mar 31, 2021, at 12:04 PM, Tim Harfmann <tharfmann@wsls.com> wrote:

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

Hi Scott,

Does the university have any comment on the class action lawsuit filed against the Department of Education, claiming Title IX's religious exemption allows religious schools to discriminate against LGBTQ students?

One of the students being represented is a LU grad.

https://www.nbcnews.com/feature/nbc-out/lgbtq-students-file-class-action-lawsuit-against-department-education-n1262526?cid=sm_npd_nn_fb_ot&fbclid=IwAR0j8NbhBi34BEf4trSNNOBArGHx7Fd01-K51Lw26lS9rKRqJJLrsXTfUQU

My deadline is 4pm today.

Thanks,

Tim

Lamb Rule 41
Exhibit 18(i)

LU004680

| | |
|---|---|
| **From:** | Lamb, Scott </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=9486496F07C9437183FC56652C82AB09-WSLAMB1> |
| **Sent:** | Wednesday, March 31, 2021 1:48 PM |
| **To:** | Jeremy Beaman <jbeaman@washingtonexaminer.com> |
| **Subject:** | Re: [External] Re: the REAP suit filed Monday |

(1) No

(2) Not true

**Scott Lamb**
*Senior Vice President of Communications and Public Engagement*

Cell (434) 262-2771
Office (434) 592-6836



*Liberty University | Training Champions for Christ since 1971*

On Mar 31, 2021, at 1:22 PM, Jeremy Beaman <jbeaman@washingtonexaminer.com> wrote:

---

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

---

Hi Scott,

Does the university have a response to the lawsuit filed on Monday pressing for an end to the Title IX religious exemptions? Also, could you provide a response to this tweet by Paul Southwick, the attorney leading the initiative?

https://twitter.com/PaulSouthwick/status/1377271191036026881

Many thanks,
Jeremy Beaman
Washington Examiner

Lamb Rule 41
Exhibit 18(j)

LU004681

| From: | Lamb, Scott </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=9486496F07C9437183FC56652C82AB09-WSLAMB1> |
|---|---|
| Sent: | Friday, April 2, 2021 12:36 PM |
| To: | Taylor Coleman <tccoleman@sbgtv.com> |
| Subject: | Re: [External] ABC13 News |
| Attach: | Outlook-uchbkfbe.jpg |

No

**Scott Lamb**
*Senior Vice President of Communications and Public Engagement*

Cell (434) 262-2771
Office (434) 592-6836



*Liberty University  |  Training Champions for Christ since 1971*

On Apr 2, 2021, at 12:33 PM, Taylor Coleman <tccoleman@sbgtv.com> wrote:

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

Hi, Scott --

Does Liberty University have any statement or comment in regard to the class action lawsuit filed against religious colleges/universities, including LU?

https://593f573b-1436-46c6-85bf-bd1475656bfe.filesusr.com/ugd/0ae2d2_5609ca44db164a36aa04b0d706c2a106.pdf

https://www.thereap.org/lawsuit



**Taylor Coleman**
**MMJ/Reporter - ABC13 News (WSET)**
**434-420-1707**

Lamb Rule 41
Exhibit 18(k)
LU004682



LU004683

| **From:** | Lamb, Scott </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=9486496F07C9437183FC56652C82AB09-WSLAMB1> |
|---|---|
| **Sent:** | Thursday, May 13, 2021 10:18 AM |
| **To:** | Corry, David M (Legal Affairs) <dcorry@liberty.edu> |
| **Cc:** | Greg Baylor <gbaylor@adflegal.org>; Hicks, Scott <smhicks@liberty.edu>; Kerri Kupec <kkupecesq@gmail.com>; Ken Cuccinelli <ktc21968@gmail.com> |
| **Subject:** | Fwd: (REAP lawsuit) Anti-LGBTQ discrimination at religious colleges |

FYI: REAP is holding "Zoom trainings" to get people prepared for telling their stories/complains to the DOE.

**Scott Lamb**
*Senior Vice President of Communications and Public Engagement*

Cell (434) 262-2771
Office (434) 592-6836



*Liberty University | Training Champions for Christ since 1971*

On May 13, 2021, at 9:55 AM, Religious Exemption Accountability Project Paul Southwick <info@thereap.org> wrote:



Friend –

If you've faced anti-LGBTQ discrimination at a religious college, we want you to know that you are not alone – and that there is something you can do about it.

Right now, the Department of Education is deciding whether or not to continue the harmful practice of granting religious exemptions to colleges and universities that discriminate against and abuse their LGBTQ students.

Students and alumni who have stories of mistreatment at religious colleges can file a Title IX complaint with the Department of Education – a crucial opportunity to show the DOE that the discriminatory practices of many religious colleges are dangerous and should no longer be supported with taxpayer funds.

**If you're interested in sharing your story with the Department of Education, we're holding Zoom trainings next Wednesday, May 19th from 5:30-630 p.m. PT and Thursday May 20th from 3:00-4:00 p.m. PT.** The training will walk you through the process of filing a complaint and give you the tools you need to make your voice heard.

<u>**Please RSVP for one of the trainings by responding to this email directly, and we'll send you the information for the call.**</u>

Can't make the training but still interested in sharing your story of discrimination and/or filing a complaint with the Department of Education? <u>**Then click here to confidentially share more about your experience with us and someone from our team will follow up.**</u>

So many of us carry pain and trauma because of the anti-LGBTQ discrimination and abuse we've faced at the hand of religious

Lamb Rule 41
Exhibit 18(l)

LU004755

colleges. When the Department of Education hears our stories, I'm confident we can – and we will – make a difference.

Thank you,
Paul Southwick
Director, Religious Exemption Accountability Project

**P.S. You don't have to be a student or alumni of a religious college to help support this movement. Click here to pitch in $1 or more – and every dollar will fuel our work to empower and support LGBTQ students at religious colleges nationwide.**



Copyright © 2021 Religious Exemption Accountability Project, All rights reserved.

Religious Exemption Accountability Project
8532 N Ivanhoe St # 208
Portland, OR 97203-4827

Add us to your address book

You can update your preferences or unsubscribe from this list.

View this email in your browser

LU004756

| From: | Lamb, Scott </O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=9486496F07C9437183FC56652C82AB09-WSLAMB1> |
|---|---|
| Sent: | Wednesday, June 9, 2021 1:30 PM |
| To: | Greg Baylor <gbaylor@adflegal.org>; Corry, David M (Legal Affairs) <dcorry@liberty.edu> |
| Cc: | Hicks, Scott <smhicks@liberty.edu>; Clary, Glenn <gclary@liberty.edu>; Prevo, Jerry <jprevo2@liberty.edu>; Helfenbein, Ryan Lee (Freedom Center) <rlhelfenbein@liberty.edu>; Ritz, Rob (Finance Admin) <rlritz@liberty.edu>; Craig, Kenny <kbcraig@liberty.edu>; Ken Cuccinelli <ktc21968@gmail.com> |
| Subject: | Fwd: REAP: "The Department of Justice just sided with anti-LGBTQ extremists" |

FYI:

This email blast was just sent out by the REAP lawsuit organization.

And here are two links to the news out today, regarding DOJ decision:

**The Hill:**
https://thehill.com/regulation/court-battles/557522-doj-says-it-can-vigorously-defend-exemption-to-anti-discrimination-laws

**ABA:**
https://www.abajournal.com/news/article/justice-department-says-it-can-defend-religious-exemption-that-allows-lgbtq-discrimination-in-education

-Scott

**Scott Lamb**
*Senior Vice President of Communications and Public Engagement*

Cell (434) 262-2771
Office (434) 592-6836

# LIBERTY
U N I V E R S I T Y

*Liberty University | Training Champions for Christ since 1971*

On Jun 9, 2021, at 12:02 PM, Paul Southwick <info@thereap.org> wrote:



---

This is shocking, Friend:

**The Department of Justice just announced – in response to our lawsuit – that they will "vigorously defend" taxpayer-funded religious colleges that discriminate against LGBTQ students.**

That means the federal government just aligned itself with anti-LGBTQ extremist organizations — committing to defend the very exemptions that allow 200+ religious colleges to abuse and discriminate against their queer and transgender students.

**Please, rush a donation to our legal defense fund now. <span style="color:red">Every dollar helps to make sure we can advocate for LGBTQ students and push our case harder than ever – especially as the government is now siding with our opposition.</span>**

There's a reason these religious colleges are fighting our lawsuit: Because they want to continue forcing LGBTQ students into conversion therapy. They want to be able to expel and fine students for being queer. They want to continue denying admission to potential students because they are LGBTQ.

Lamb Rule 41
Exhibit 18(m)

| | |
|---|---|
| **Subject:** | FW: [External] Discussion re Title IX Religious Exemption Lawsuit |
| **Location:** | https://adflegal.zoom.us/j/93882359640?pwd=cStPVGZwUDRLS2NTc2daaTZ1YjBDdz09 |
| **Start:** | 3/30/2021 3:00 PM |
| **End:** | 3/30/2021 3:30 PM |
| **Show Time As:** | Tentative |
| **Recurrence:** | (none) |
| **Meeting Status:** | Not yet responded |
| **Organizer:** | Gregory S. Baylor |
| **Required Attendees:** | Clary, Glenn;Corry, David M (Legal Affairs);Lamb, Scott |
| **Resources:** | https://adflegal.zoom.us/j/93882359640?pwd=cStPVGZwUDRLS2NTc2daaTZ1YjBDdz09 |

-----Original Appointment-----
**From:** Gregory S. Baylor <gbaylor@adflegal.org>
**Sent:** Tuesday, March 30, 2021 2:50 PM
**To:** Gregory S. Baylor; Hicks, Scott; David Cortman; Liberty University Office of the Provost; Kerri Kupec
**Subject:** [External] Discussion re Title IX Religious Exemption Lawsuit
**When:** Tuesday, March 30, 2021 3:00 PM-3:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://adflegal.zoom.us/j/93882359640?pwd=cStPVGZwUDRLS2NTc2daaTZ1YjBDdz09

-----Original Appointment-----
**From:** Gregory S. Baylor <gbaylor@adflegal.org>
**Sent:** Tuesday, March 30, 2021 2:32 PM
**To:** Gregory S. Baylor; David Cortman; Liberty University Office of the Provost; Kerri Kupec
**Subject:** [External] Discussion re Title IX Religious Exemption Lawsuit
**When:** Tuesday, March 30, 2021 3:00 PM-3:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://adflegal.zoom.us/j/93882359640?pwd=cStPVGZwUDRLS2NTc2daaTZ1YjBDdz09

[ EXTERNAL EMAIL: Do not click any links or open attachments unless you know the sender and trust the content. ]

https://zoom.us/

Join Zoom Meeting

One tap mobile:

US: +13017158592,,93882359640#,,,,*118996# or +13126266799,,93882359640#,,,,*118996#

Meeting URL:

https://adflegal.zoom.us/j/93882359640?pwd=cStPVGZwUDRLS2NTc2daaTZ1YjBDdz09

Lamb Rule 41
Exhibit 18(n)
LU004954

Meeting ID:

938 8235 9640

Passcode:

118996

**Join by Telephone**

For higher quality, dial a number based on your current location.

Dial:

US: +1 301 715 8592 or +1 312 626 6799 or +1 646 876 9923 or +1 253 215 8782 or +1 346 248 7799 or +1 669 900 6833

Meeting ID:

938 8235 9640

Passcode:

118996

International numbers

LU004955