CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/7/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WALTER SCOTT LAMB,  *Plaintiff,* | CASE NO. 6:21-cv-00055 |
| v. | MEMORANDUM OPINION AND ORDER |
| LIBERTY UNIVERSITY,  *Defendant.* | JUDGE NORMAN K. MOON |

This case is before the Court on Counterclaim Plaintiff Liberty University, Inc.'s Motion for Voluntary Dismissal, Dkt. 156, and Counterclaim Defendant Walter Scott Lamb's request that the dismissal be conditioned on (1) an award of Lamb's attorney fees and costs expended in connection with the defamation claim and (2) Liberty's agreement that Lamb can use discoverable materials in any subsequent proceeding on the topic, Dkt. 161.

### I.  Background

Lamb filed suit against Liberty in October 2021, arguing that Liberty fired him for acting as a whistleblower. Dkt. 1. Liberty filed a seven-count counterclaim in response. Dkt. 10. The Court dismissed Lamb's original Complaint for failure to state a claim. Dkt. 68. It dismissed his amended Complaint with prejudice as a sanction for his spoliation of evidence. Dkt. 147. Liberty then filed a motion seeking to recover its fees and expenses in connection with prosecuting its successful dismissal motion against Lamb for spoliation of evidence, Dkt. 150, which has been fully briefed and is currently pending before Magistrate Judge Hoppe.

On April 26, 2023, Liberty moved to voluntarily dismiss its counterclaim in its entirety, leaving only the pending Fee Petition, Dkt. 150, to be resolved. Lamb argues that the dismissal

should be conditioned because Liberty acted in bad faith when bringing defamation claims against Lamb and continued to act in bad faith by evading discovery. Dkt. 161.

## II. Legal Standard

Granting a Fed. R. Civ. Pro. 41(a)(2) motion for voluntary dismissal "is a matter of discretion of the district court," and "[t]he purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (internal citations omitted). In determining prejudice, "the district court must focus primarily on protecting the interests of the defendant," and may, but is not required to, "impose conditions on voluntary dismissal to obviate any prejudice to the defendants." *Id.* (internal citations omitted); *see also Fidelity Bank PLC v. N. Fox Shipping N.V.*, 242 Fed. App'x 84, 89–90 (4th Cir. 2007). Further, the Fourth Circuit has recognized that, to award attorneys' fees as a condition of voluntary dismissal, the court must make "a specific finding that the plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," where vexatious means "without reasonable or probable cause or excuse." *Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 311–12 (4th Cir. 2016) (internal quotations and citations omitted). Courts within the Fourth Circuit have rejected requests for dismissal conditioned upon payment of fees when the movant's grounds are that the defendant was simply pursuing a meritless claim, *see Rubicon Rsch. Private Ltd. v. Kartha Pharm. Inc.*, 2022 WL 275748, at *3 (W.D.N.C. Jan 28, 2022), and where a defendant "never moved to dismiss or for summary judgment, or to stay discovery, or for Rule 11 sanctions or a Rule 26(c) protective order." *See Visual Mining, Inc. v. Ziegler*, No. PWG-12-3227, 2014 WL 690906, at *4–5 (D. Md. Feb. 21, 2014).

### III. Analysis

Counterclaim Defendant Lamb requests that the dismissal be conditioned on (1) an award of Lamb's attorney fees and costs expended in connection with the defamation claim and (2) Liberty's agreement that Lamb can use discoverable materials in any subsequent proceeding on the topic.[1] The Court previously dismissed Lamb's motion for leave to file an amended complaint because of his extensive spoliation of evidence. Dkt. 146. Lamb now argues that the conditions he seeks are appropriate because "Liberty knew that its defamation claims were baseless from the beginning and filed them in bad faith." Dkt. 161 at 5 (emphasis removed).

However, Liberty filed its Counterclaim on November 5, 2021, Dkt. 10, and Lamb, in filing an Answer and his affirmative defenses on November 24, 2021, never asserted bad faith in relation to any of Liberty's claims. Dkt. 22. Nor did Lamb challenge Liberty's defamation claim with a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss, a motion for summary judgment, or a Fed. R. Civ. Pro. 11 motion seeking sanctions for what he refers to as a "meritless" defamation claim. Dkt. 161 at 20. When a party has never "moved to dismiss or for summary judgment, to stay discovery, or for Rule 11 sanctions or a Rule 26(c) protective order," nor shown exceptional circumstances or statutory authority to support an attorney's fees award, courts have found that "the dismissal will not be conditioned on [the defendant's] payment of attorney's fees and costs." *See Visual Mining, Inc.*, 2014 WL 690906 at *5.

Further, Lamb now argues that the statements Liberty pled in its defamation counterclaim were objectively false. Dkt. 161 at 17–18. For example, Lamb argues that "Liberty also alleged Lamb made an 'objectively false' statement that the Title IX issues were not being looked into,"

---

[1] The determination of what discoverable materials can be used in any subsequent proceeding is best left to the court in which the proceeding takes place.

and "alleged Lamb made an 'objectively false' statement that Lamb was discussing Title IX mishandling 'all spring.'" *Id.* But Lamb provides exhibits supporting the veracity of Liberty's statements. For example, exhibits show that Lamb, as Liberty's Senior Vice President of Communications, engaged in a "prolonged exchange of emails, calls, and in-person meetings that continued with [podcaster Julie] Roys until early March 2021, as Roys . . . worked with Lamb to collect information about [a Title IX] incident." *Id.* at 8; *id.* (Exs. 10, 11). Thus, these exhibits support that Liberty was looking into Title IX-related issues from a decade-old incident, which supports that Liberty pled true statements in its defamation counterclaim. *See also id.* (Exs. 12, 31).[2]

Lamb also argues that Liberty acted in bad faith during the discovery process. *Id.* at 2. Supporting this, Lamb cites Liberty's cancellation of depositions initially scheduled for April 4, 2023, as well as Liberty filing its Motion for Voluntary Dismissal twenty hours before the new deposition date of April 27, 2023. *Id.* at 5 (citing *id.* (Ex. 48)). Lamb notes that he began seeking dates for a corporate deposition of Liberty in December 2022, and Liberty did not provide dates until March 2023. *Id.* (citing *id.* (Ex. 48) at 26–30, 41, 44, 46). Next, Liberty "unilaterally attempted to cancel the scheduled deposition, without providing new dates," agreed it would resume the deposition on April 27, then filed this Rule 41 motion twenty hours before the deposition, declaring an end to discovery and refusing to appear for the scheduled deposition. *Id.* (citing *id.* (Ex. 48) at 22–23, 1–6, 11, 25, 27); *see also* Dkt. 159 (Liberty filing for a protective order to block depositions from occurring during the pendency of this motion).

---

[2] Lamb argues that Virginia Code § 8.01-223.2 "justifies an award of attorney fees . . . even in the absence of prejudice to Lamb." *Id.* at 22. But immunity under Va. Code § 8.01-223.2 does "not apply to any statements made with actual or constructive knowledge that they are false or with reckless disregard for whether they are false." And these exhibits support that, at the very least, Lamb should have known his claim that Liberty was not looking into Title IX-related issues was false.

However, during the time Lamb characterizes as Liberty delaying discovery, Liberty's counsel engaged in meet-and-confer efforts with Lamb's counsel to resolve the case and narrow claims. *See* Dkt. 165 at 13–15; *id.* (Exs. A, B, C, D, E, F) (showing Liberty sought potential settlement of its Counterclaim). Courts within the Fourth Circuit have previously granted a voluntary dismissal without conditions when there was "no indication that Plaintiff acted improperly or in bad faith by initiating and pursuing this suit." *Metro Media Entm't, LLC v. Steinruck*, DKC 12-0347, 2014 WL 4268838, at 3–5 (D. Md. Aug. 27, 2014). And they have, in doing so, treated the adverse litigant's "offer[] to settle the matter with a complete dismissal" prior to moving for voluntary dismissal as a mitigating factor. *Id.* Liberty filed its motion for voluntary dismissal before the close of discovery, after repeatedly attempting to engage in settlement discussions. The Court finds no support for Lamb's assertion that Liberty acted in bad faith when filing its defamation claim or postponing depositions while trying to resolve the case through settlement. The Court will thus grant Liberty's motion for voluntary dismissal without conditions.[3]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Liberty's Motion for Voluntary Dismissal, Dkt. 156, and **DENIES** Lamb's request that for conditions, Dkt. 161.

The Clerk of the Court is hereby directed to send this Memorandum Opinion and Order to all counsel of record.

Entered this 7th day of July, 2023.

---

[3] Lamb also argues that his "engage[ment] in substantial investigative and discovery efforts to defend himself," supports the need for the conditions on Liberty's motion that he seeks, Dkt. 161 at 3. But this is unpersuasive. Courts within the Fourth Circuit have held that the "choice to pursue a particularly aggressive defense strategy does not constitute exceptional circumstances sufficient to warrant an attorney's fees award." *Patrick Collins, Inc. v. Osburn*, No. PWG-12-1294, 2014 WL 1682010, at *5 (D. Md. Apr. 28, 2014).

– 6 –

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE