CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/27/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WALTER SCOTT LAMB, <br><br> *Plaintiff,* <br><br> v. <br><br> LIBERTY UNIVERSITY, INC., <br><br> *Defendant.* | CASE NO. 6:21-cv-00055 <br><br> MEMORANDUM OPINION <br> AND ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Liberty University, Inc.'s (hereinafter "Liberty" or "Defendant") Motion for Attorney Fees. Dkt. 150. Specifically, Liberty "moves to recover the attorneys' fees it was forced to incur as [a] direct result of Lamb's spoliation of evidence." Dkt. 151 at 4. Previously, this Court indicated that "[b]ecause it was Lamb's wrongdoing that resulted in the [spoliation of evidence], the Court will … entertain any motion that Lamb should bear the expense involved in recovering it."[1] Dkt. 110 at 15. The Court will now take up Liberty's motion, Dkt. 150, and for the foregoing reason, it will grant the motion, in part, and award Liberty $166,068.80 in attorney's fees and costs.

## LEGAL STANDARD

"Federal courts possess certain 'inherent powers'… 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31

---

[1] Relying on this language, Plaintiff argues that Defendant cannot recover fees associated with the pending motion. Dkt. 153 at 8. But that is an overly narrow reading of the Court's order. The Court fully expected that Defendant's attorneys would be required to spend additional time and expense to prepare a fee request, and it is customary to compensate this time so long as it is reasonable. *See Trimper v. City of Norfolk, Va.*, 58 F.3d 68, 77 (4th Cir. 1995).

(1962)). One such inherent power is the ability to award "an 'assessment of attorney's fees'—an order … instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Haeger*, 581 U.S. at 107 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). "[S]uch an order is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id.* at 103–04.

The amount of appropriate attorney's fees must be determined by the facts of each case, and "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (4th Cir. 1983). Fee awards should be "adequate to attract competent counsel, but ... not produce windfalls to attorneys." *City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986). "[T]he proper calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First and most relevant here, the court must calculate the lodestar figure by multiplying the number of reasonable hours expended by a reasonable rate. *Id.* The Court's decision about "what constitutes a 'reasonable' number of hours and rate," *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009), is guided by the twelve *Johnson* factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (citing *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)).

Second, the Court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88 (internal quotations omitted). Finally, the Court should award a percentage of the remaining amount "depending on the degree of success enjoyed by" Defendant. *Id.* (internal quotations omitted).[2]

## DISCUSSION

The Court will ultimately award Defendant $166,068.80 in attorney's fees and costs. In making its fee calculation, the Court will first reduce Defendant's requested billing rates to a reasonable level—i.e., an hourly rate of $400 for partners, $250 for associates, and $150 for paralegals and support staff—and then find that Defendant completed 477 hours of work—an amount reasonable for Defendant to address Plaintiff's spoliation of evidence.

**I.   Defendant's requested billing rates are excessive; accordingly, the Court will reduce them to a more reasonable level.**

Defendant requests billing rates ranging from $160 (for support staff) to $988 (for the most senior attorney). Specifically, they request the following:

| Name | Position | 2022 Rate | 2023 Rate |
|---|---|---|---|
| **Oostdyk** | Partner | $ 860.00 | $ 988.00 |
| **McCray** | Partner | $ 836.00 | |
| **Thompson** | Partner | $ 732.00 | |
| **Siegmund** | Associate | $ 552.00 | $ 664.00 |
| **Church** | Associate | $ 424.00 | $ 508.00 |
| **Shahadat** | Associate | $ 420.00 | |

---

[2] In the present matter, the last two steps are not particularly relevant as the Court is solely calculating the fees Liberty incurred as a result of Lamb's spoliation of evidence. Dkt. 110 at 15. The Court notes that Liberty was successful in proving Lamb's misconduct.

| Betts | Paralegal | $ 276.00 |
| --- | --- | --- |
| Cyr | Paralegal | $ 300.00 |
| Stevens | Support Staff | $ 160.00 |
| Field | Support Staff | $ 160.00 |

*See* Dkt. 151-1. In support of these rates, Defendant has provided a declaration from Charles Oostdyk—the senior partner handling this matter—and a declaration from Jennifer West—an expert witness. Both opine that Defendant's proposed rates are reasonable, particularly given the complexity of the spoliation issue in this case. *See* Dkt. 151-1; Dkt. 151-2.

Considering Defendant's burden "to show that the requested hourly rates are consistent with the prevailing market rates in the relevant community," *McAfee*, 738 F.3d at 91 (quotation marks omitted), Defendant's evidence suffers from a fatal deficiency: it is unsubstantiated. Defendant relies solely on conclusory allegations that "its billings were consistent with the hourly rates charged by attorneys, paralegals, law firms, vendors and experts in Central Virginia." Dkt. 151 (Ex. 2) at 3. Notably, Defendant has pointed to no examples of law firms in the Western District of Virginia that charge similar rates. Nor has it identified any Virginia cases finding similar rates to be reasonable.[3] This will not do; Defendant has not demonstrated that its requested rates are justifiable.

---

[3] Defendant points to *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169 (4th Cir. 1994) as justifying its high rates. But that case does not identify typical rates for spoliation matters in the Western District of Virginia. Rather, it explained when "[r]ates charged by attorneys in other cities … may be considered." *Id.* at 179. Specifically, it notes that out of market rates may be taken into account when "'the complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally,' and the party choosing the attorney from elsewhere acted reasonably in making the choice." *Id.* (quoting *National Wildlife Federation v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988)). As discussed *ante*, the first

Indeed, other cases in the Western District of Virginia demonstrate that lower rates are appropriate.[4] For example, in *For Life Prod., LLC v. Virox Techs. Inc.*, No. 1:20-cv-00016, 2022 WL 3010480 (W.D. Va. July 29, 2022), the court faced a similar situation to the one here. Like the present case, the court in *For Life* had "previously granted the defendants' Motion for Sanctions[,] dismissed the plaintiff's Amended Complaint with prejudice," and found that "the defendants were entitled to attorneys' fees and costs spent investigating and litigating the plaintiff's misconduct." *Id.* at *1. Moreover, the defendants had proposed high hourly rates, ranging from $385 to $915. *Id.* at *2. In scrutinizing the defendants' request, the court reduced their proposed rates, finding that they were unreasonable. *Id.* at *3 (citing *Sines*, 2023 WL 2388050, at *4 (W.D. Va. Mar. 7, 2023)). In doing so, the court noted that "[w]hile the defendants suggest that they needed to retain counsel outside of the district due to the complex and specialized nature of the case, there are attorneys in this district with similar skills and experience that are fully capable of litigating what is essentially a [thorny] discovery dispute." *Id.* The same is true here.

Moreover, the *Johnson* factors likewise indicate that lower rates are reasonable. To be sure, this matter was more involved than "a typical discovery dispute." Dkt. 110 at 11. But at the same time, this matter was not overly complex: it did not, for instance, raise novel or difficult legal questions, requiring uniquely skilled attorneys and copious amounts of time and labor to resolve. *Barber*, 577 F.2d at 226 n. 28. At bottom, Defendant's attorneys completed tasks

---

prong of this test is not met in the present matter. *Caperton*'s explanation of the relevant legal standard does not serve as a stand-in for evidence of reasonable rates in any given case.

[4] *See, e.g.*, *For Life Prod., LLC v. Virox Techs. Inc.*, No. 1:20-cv-00016, 2022 WL 3010480 (W.D. Va. July 29, 2022); *Sines v. Kessler*, No. 3:17-cv-00072, 2023 WL 2388050 (W.D. Va. Mar. 7, 2023); *Supinger v. Virginia*, No. 6:15-cv-17, 2019 WL 1450530 (W.D. Va. Mar. 4, 2019), *report and recommendation adopted as modified*, No. 6:15-cv-00017, 2019 WL 1446988 (W.D. Va. Mar. 31, 2019).

required of many lawyers throughout the Commonwealth: they talked with experts, issued third-party subpoenas, served additional written discovery on Plaintiff, and discussed the case with Plaintiff's attorneys. Dkt. 141 at 9. In short, this is not the kind of complex case which necessitates exceedingly high billing rates.

Since Defendant's requested rates are unjustified, the Court will determine a reasonable rate for this case. Reviewing analogous cases in the Western District of Virginia and the tasks completed by Defendant's attorneys, the Court finds that an hourly rate of $400 for partners, $250 for associates, and $150 for paralegals and support staff is reasonable.

## II. The Court will allow Defendant to recover for 477 hours of work, rather than 481.4 hours.

Defendant next contends that it "was required to spend 481.4 hours as part of Liberty's Spoliation Recovery Efforts." Dkt. 151 at 7 (citation omitted). After reviewing Defendant's time entries, the Court concludes that the number of hours requested by Defendant is largely reasonable. Dkt. 151-1. So, after applying a modest reduction to the hours requested by one attorney, the Court will permit Defendant to recover for 477 hours of work.

In requesting attorney's fees, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434. Courts have found that block billing, "[l]umping[,] and other types of inadequate documentation are a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006). "The court's role is not to labor to dissect every individual entry to hypothesize if the different tasks in the same entry could reasonably result in the requested time." *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012). Courts reduce the fee award in such circumstances by either identifying specific

hours that are not sufficiently documented or by reducing the overall fee award by a fixed percentage based on the trial court's familiarity with the case, its complexity, and the counsel involved. *Id.* at 716.

Here, Plaintiff primarily complains that Defendant (1) engaged in block billing and (2) submitted billing entries that were impermissibly vague.[5] On the one hand, Plaintiff is correct that one of Defendant's attorneys did impermissibly block bill for certain tasks, but on the other hand, Defendant's billing entries are not impermissibly vague. The Court will, therefore, only slightly reduce the hours requested by Defendant.

Turning first to Plaintiff's allegations of block billing, the Court finds that Plaintiff has a point: defense counsel engaged in occasional block billing. As evidence of his allegation, Plaintiff points to three billing entries by Cory M. Church—one of Defendant's lawyers. *See* Dkt. 153 at 10–11.

- On May 2, 2022, Mr. Church billed 1.7 hours to "[c]onfer with H. Siegmund regarding spoliation motion; perform final proof of discovery responses and draft client verification for interrogatories," Dkt. 151-1 (Ex. A);

- On May 4, 2022, Mr. Church billed 7.6 hours to "[d]raft and revise motion for expedited discovery and spoliation sanctions, motion for expedited briefing, and proposed orders," *Id.*; and

- On May 5, 2022, Mr. Church billed 1.8 hours to "[d]raft motion for expedited discovery and spoliation sanctions; review and analyze discovery deficiency letter," *Id.*

---

[5] Plaintiff also quibbles with the number of hours worked by partners in this matter. Dkt. 153 at 12. But reviewing the record, the Court finds that the number of hours worked by partners is reasonable, particularly given the amount of time required to update the Court on the spoliation issue and to prepare for and participate in the two-day evidentiary hearing on July 27th and 28th of 2022. Dkts. 104, 105, 129, 137, 145.

Reviewing these entries and other, the Court concludes that Cory M. Church engaged in sporadic block billing—i.e., he billed for multiple tasks in the same billing entry. As a result, because block billing "prevent[s] an accurate determination of the reasonableness of the time expended in a case," *Guidry*, 442 F. Supp. 2d at 294, the Court finds that a 5% reduction in the hours sought by Mr. Church is appropriate in view of the detailed time entries he provided.

In contrast, Defendant's billing entries are not impermissibly vague. Defendant has not merely billed for generalized tasks. *See, e.g.*, *Supinger*, 2019 WL 1450530, at *5 (cleaned up) (criticizing attorneys for "vague time entries," such as: "prepare for deposition, work on transcripts, work on appeal, prepare for trial, legal research, work on discovery [or] work on appellate brief"). Rather, it has provided enough information for the Court to review its time entries for reasonableness. *See, e.g.*, Dkt. 153 at 10. The Court will, therefore, not reduce the number of hours requested by Defendant on the account of vague billing entries.

In sum, considering the work Defendant was forced to complete to "uncover[] the truth" of Lamb's spoliation of evidence, *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 779 (E.D. Va. 2013), the Court finds that 477 hours is a reasonable calculation of the time and labor expended by Defendant. The Court notes that this sum is in line with other spoliation cases in the Western District of Virginia, *see, e.g.*, *For Life Prod., LLC*, 2022 WL 3010480, and that the *Johnson* factors indicate that this quantum of hours is reasonable, given the extensive amount of work Defendant was required to do to address Plaintiff's wrongdoing.

### III. A lodestar figure of $156,505.00 is appropriate.

Multiplying the number of reasonable hours expended by the reasonable billing rate, the Court determines the lodestar figure to be $156,505.00:

| Name | Position | 2022 Rate | 2023 Rate | Revised Rate | Requested Hours | Revised Hours | Lodestar |
|---|---|---|---|---|---|---|---|
| **Oostdyk** | Partner | $ 860 | $ 988 | $400 | 263.7 | 263.7 | $105,480 |
| **McCray** | Partner | $ 836 | | $400 | 5.9 | 5.9 | $2,360 |
| **Thompson** | Partner | $ 732 | | $400 | 6.3 | 6.3 | $2,520 |
| **Siegmund** | Associate | $ 552 | $ 664 | $250 | 57.4 | 57.4 | $14,350 |
| **Church** | Associate | $ 424 | $ 508 | $250 | 79.8 | 75.8 | $18,950 |
| **Shahadat** | Associate | $ 420 | | $250 | 26 | 26 | $6,500 |
| **Betts** | Paralegal | $ 276 | | $150 | 35.4 | 35.4 | $5,310 |
| **Cyr** | Paralegal | $ 300 | | $150 | 1 | 1 | $150 |
| **Stevens** | Support Staff | $ 160 | | $150 | 3.8 | 3.8 | $570 |
| **Field** | Support Staff | $ 160 | | $150 | 2.1 | 2.1 | $315 |
| **TOTALS** | | | | | | 477 | **$156,505.00** |

The Court now finds $156,505.00 to be the appropriate amount of attorney's fees in this case.[6]

The Court will also award Defendant costs of $9,563.80.[7] Thus, Defendant may recover $166,068.80 in attorney's fees and costs.

---

[6] The Court previously applied the *Johnson* factors in determining the number of reasonable hours expended by defense counsel and the reasonable billing rate. *See supra*. Accordingly, the Court does not need to adjust the lodestar amount at this stage of the analysis.

[7] Defendant initially requested $17,544.06 in costs, but after Plaintiff "correctly identif[ied] several mistakes in invoice submissions," Dkt. 154 at 12 (citing Dkt. 153 at 15), Defendant withdrew the problematic "invoices totaling $7,980.26." Dkt. 154 at 12. Nonetheless, Plaintiff protests that Defendant has committed perjury and should, thus, be precluded from recovering costs. *See* Dkt. 153 at 14–15. The Court, however, finds that Defendant merely made an inadvertent mistake, as evidenced by them promptly withdrawing the problematic invoices. Therefore, the Court finds that Defendant is entitled to costs of $9,563.80—i.e., $17,544.06 less $7,980.26—for re-engaging an expert to determine the extent of Plaintiff's spoliation. Dkt. 151 at 3.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorney Fees is **GRANTED** in the amount of $166,068.80. Dkt. 150.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

Entered this **27th** day of March, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE